# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

|  |  |  |
|---|---|---|
| **WESLEY IRA PURKEY**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No.: 2:19-cv-414-JPH-DL |
| **WARDEN OF USP TERRE HAUTE**, | **)** | |
| **UNITED STATES OF AMERICA** | ) | DEATH PENALTY CASE |
| | ) | EXECUTION SCHEDULED |
| | ) | FOR DECEMBER 13, 2019 |
| Respondents. | ) | |

---

## MOTION FOR STAY OF EXECUTION

---

Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone:  (785) 979-3672
Email: rewlaw@outlook.com

Michelle M. Law, MO bar no. 45487*
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile:  (417) 873-9038
Email: michelle_law@fd.org
*to be admitted pro hac vice

Dated: August 26, 2019

*Counsel for Petitioner*

## I. PRELIMINARY STATEMENT

Pursuant to Local Criminal Rule 6-1(h), the following documents are included in the Appendix filed with this Motion: (i) a listing of prior petitions, with docket numbers, filed in any state or federal court challenging the conviction and sentence challenged in the current petition; and (ii) a copy of, or a citation to, each state or federal court opinion, memorandum, decision, order, transcript of oral statement of reasons, or judgment involving an issue presented in the petition.

## II. INTRODUCTION

Petitioner Wesley Ira Purkey respectfully requests a stay of execution pending the Court's consideration of his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition").

In his Petition, Mr. Purkey establishes that his court-appointed trial counsel - - a lawyer who is responsible for more individuals on federal death row than any other lawyer in America -- was constitutionally ineffective, and rendered Mr. Purkey's trial fundamentally and structurally unfair in ways never scrutinized by any court. Mr. Purkey also demonstrates that the reason the claims presented in Mr. Purkey's Petition have never been scrutinized by any other court is because Mr. Purkey's § 2255 counsel failed to investigate the case, and thus did not raise the substantial claims of ineffective assistance of counsel included in his Petition. Because a motion under § 2255 is a petitioner's first opportunity to present such a

claim, § 2255 counsel's failure to present a claim (due to § 2255 counsel's ineffective assistance) does not prevent federal review of such a claim and provides cause for federal courts to do so. *Ramirez v. United States*, 799 F.3d 845, 853-854 (7th Cir. 2015). However, Mr. Purkey cannot meet the requirements for filing a successive petition under § 2255 review, and habeas relief is thus unavailable to him under § 2255. *See* 28 U.S.C. § 2255(h). Under these circumstances, the "saving clause" in § 2255(e) provides an available remedy for a judicial determination of Mr. Purkey's claims, and he now seeks review of his meritorious claims before this Court under § 2241. *See* 28 U.S.C. § 2255(e) (federal habeas petitioner entitled to review under § 2241 when § 2255 is "inadequate or ineffective" to test the legality of his detention). *See also Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015).

On July 25, 2019, the Government notified Mr. Purkey that his execution has been scheduled for December 13, 2019. Mr. Purkey had no reason to anticipate the setting of his execution date, as the federal government has not carried out an execution since 2003 and has had no execution protocol in place since 2011.[1] Yet

---

[1] See Roane, et al. v. Barr, et al., Case 1:05–cv–02337–TSC–DAR (D.D.C.), Parties' Joint Motion to Continue the August 2, 2011 Status Conference and Briefing Schedule Governing the Above-Captioned Case (July 28, 2011) (ECF No. 288) (Government informing the court presiding over litigation challenging the previously-existing lethal injection protocol "that the Federal Bureau of Prisons has decided to modify its lethal injection protocol"). Subsequent status reports filed by the Government with the court indicated that it was continuing to develop a new protocol, but it was not until July 25, 2019 -- the day Mr. Purkey received his warrant -- that any new protocol was announced.

Mr. Purkey now stands to be among the first individuals federally executed in over fifteen years, even though his scheduled execution is unconstitutional, and even though no court has ever reviewed his substantial claims of ineffective assistance of counsel and other constitutional claims, and thus has not had a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence. Given the fact–intensive nature of his claims, Mr. Purkey's Petition includes requests for further pleadings by the parties and an evidentiary hearing before this Court. He also seeks a stay of execution so that the Court can fully and fairly review his compelling claims for relief.

## III. PROCEDURAL HISTORY

In January of 2004, Mr. Purkey was sentenced to death in the United States District Court for the Western District of Missouri (Kansas City) for the federal offense of interstate kidnapping resulting in death. The Eighth Circuit Court of Appeals affirmed Mr. Purkey's conviction and death sentence on direct appeal, and the Supreme Court denied Mr. Purkey's petition for writ of certiorari. *United States v. Purkey*, 482 F.3d 738 (8th Cir.), *cert. denied*, 549 U.S. 975 (2006).

On October 16, 2007, Mr. Purkey filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C § 2255, a motion the district court denied without evidentiary hearing. *Purkey v. United States*, 2009 WL 3160774 (W.D.

Mo. Sept. 29, 2009). The Eighth Circuit Court of Appeals affirmed the district court's denial of Mr. Purkey's § 2255 motion, and the Supreme Court denied the petition for writ of certiorari. *Purkey v. United States*, 729 F.3d 860 (8th Cir.), *cert. denied*, 135 S.Ct. 355 (2014).

## IV. MR. PURKEY IS ENTITLED TO A STAY OF EXECUTION

The standard for issuance of a stay of execution is like that for issuance of a preliminary injunction. The moving party must show: (1) a significant possibility of success on the merits; (2) irreparable harm will result in the absence of a stay; (3) the balance of harm is in favor of the moving party; and (4) the public interest supports a stay. *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Mr. Purkey meets these requirements.

### A. Mr. Purkey Can Demonstrate a Significant Possibility of Success on the Merits of His Claim.

Mr. Purkey is able to demonstrate a "significant possibility of success on the merits" of his claims. *Hill*, 547 U.S. at 584. As discussed in detail in his Petition, current counsel's investigation has uncovered voluminous evidence establishing egregiously ineffective assistance of both his trial and post-conviction counsel:

> • Instead of hiring a qualified mitigation specialist, Mr. Purkey's lead trial lawyer hired a friend who had been terminated from his previous employment in the public defender office for serious misconduct and incompetency as a *fact* investigator, and against whom his prior bosses at the public defender office had to obtain protective orders after he stalked, assaulted, and threatened them following his termination. The lawyer then lied to the trial court judge about his friend's qualifications in order to obtain

funding for mitigation services in Mr. Purkey's case, and later repeated the lie to the same judge in Mr. Purkey's § 2255 proceedings.

• The trial lawyer presided over a dysfunctional trial team that failed to conduct an investigation of Mr. Purkey's background and life history consistent with their professional and constitutional obligations in a capital case. Had they conducted an appropriate investigation, they would have uncovered the vast and readily available information of Mr. Purkey's lifelong, extraordinary trauma history and mental impairments that would have given the jury a meaningful understanding of the constellation of symptoms suffered by Mr. Purkey throughout his life and the connection of those symptoms to his behavior that would have helped explain to the jury why he committed the crime that led to his federal conviction. Had Mr. Purkey's jury heard this information, at least one juror might have voted for a life sentence.

• Trial counsel allowed a presumptively biased juror to sit on Mr. Purkey's jury, ignorant of the fact the juror had disclosed on her questionnaire that she had been the victim of an attempted rape when she was 16 years old, substantially similar to the underlying facts of the charge against Mr. Purkey. The juror even bore the same first name as the alleged victim in the case.

• At the penalty phase, the jury returned a special verdict form for death that left blank the section on mitigating factors that would allow courts to understand the reasons for sentencing Mr. Purkey to death. Yet when the trial judge offered to send the jury back for further deliberations, Mr. Purkey's trial lawyer acquiesced to the Government's opposition. While the issue of the blank verdict form was presented in Mr. Purkey's § 2255 petition, post-conviction counsel never interviewed the jurors who deliberated on Mr. Purkey's case, and thus never presented to the court necessary information to establish the significance of the blank verdict form and its prejudice to Mr. Purkey. This failure to investigate permitted the courts reviewing the § 2255 petition to misinterpret the blank verdict form as a finding of no mitigating factors and to deny an evidentiary hearing.

• In denying an evidentiary hearing, the § 2255 trial judge relied on a 117-page affidavit submitted to the court by Mr. Purkey's trial counsel. The sworn statement of trial counsel not only amounted to

an unethical brief against his former client, but investigation by current counsel shows that the affidavit contained material falsehoods constituting a fraud on the court, submitted for no other purpose than to interfere with the administration of justice and the § 2255 court's impartial adjudication of those claims of ineffective assistance of trial counsel that *were* raised in Mr. Purkey's § 2255 petition.

Mr. Purkey's Petition also demonstrates that his claim is cognizable under § 2241. A federal habeas petitioner is entitled to review under § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention" or sentence. 28 U.S.C. § 2255(e); see also *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) (§ 2241 applies to challenges to a habeas petitioner's sentence, in addition to his conviction). Cognizable claims include those that rely on a new legal or factual basis not available at the time of the petitioner's trial proceedings or his § 2255 proceedings. See, e.g., *Webster*, 784 F.3d at 1136 (7th Cir. 2015) (petitioner's Atkins claim cognizable under § 2241 based on newly–discovered evidence establishing innocence of death penalty); *In re Davenport*, 147 F.3d 605, 607-11 (7th Cir. 1998) (legal claim was unavailable to petitioner at time of initial habeas proceedings because circuit precedent would have required the district court and appellate panel to erroneously reject petitioner's claim at the time of his § 2255 motion). Section 2241 is also the appropriate vehicle where a petitioner challenges the execution of the sentence. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Due to the structure of § 2255 relief itself as well as § 2255's successive

petition rules, Mr. Purkey has not had a meaningful opportunity to present the ineffective assistance of trial counsel claims included in this petition. Because the federal courts have no established procedure for developing ineffective assistance claims in direct appeal proceedings, Mr. Purkey did not have a reasonable opportunity to present his claims at that time. Similarly, because § 2255 counsel failed to investigate the case adequately, § 2255 counsel were not aware of these claims, and Mr. Purkey accordingly was unable to obtain judicial review of them during his initial-review § 2255 proceeding. He is now procedurally barred from raising these substantial claims in a successive § 2255 petition. *See* 28 U.S.C. § 2255(h). *Webster v. Daniels*, 784 F.3d at 1136-37; *In re Davenport*, 147 F.3d at 609.

Mr. Purkey establishes "something more" than a lack of success with a § 2255 motion that permits him to pursue his claims under § 2241. *See Webster*, 784 F.3d 1123, 1136 (7th Cir. 2015). The "something more" in Mr. Purkey's case is the development of the *Martinez-Trevino* doctrine and the Seventh Circuit's application of it to federal prisoners who bring motions for post-conviction relief under § 2255. *See, e.g., Brown v. Brown*, 847 F.3d 502, 509-10 (7th Cir. 2017); *Ramirez*, 799 F.3d at 854; *Choice Hotels Intern., Inc. v. Grover*, 792 F.3d 753, 755 (7th Cir. 2015). *See also Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013). Given that (1) the Seventh Circuit applies the *Martinez-*

*Trevino* doctrine to federal prisoners who bring motions for post-conviction relief under § 2255; (2) initial-review collateral counsel's failure to investigate and present substantial claims of ineffective assistance of trial counsel prevented Mr. Purkey from meaningful judicial review of these claims; and (3) the operation of the successive petition rules absolutely prevents Mr. Purkey from ever having an opportunity to raise these challenges to the legality of his conviction or sentence; the saving clause of § 2255(e) is available to Mr. Purkey. *See Adams*, 911 F.3d 397, 411; *Brown*, 847 F.3d 502, 509-10; *Ramirez*, 799 F.3d at 854; *Webster*, 784 F.3d 1123, 1136-37; *Garza*, 253 F.3d at 922. Otherwise, initial-review collateral counsel's failure to raise the claims would "deprive [Mr. Purkey] of any review of [those claims] at all." *Trevino*, 569 U.S. at 423.

**B. Mr. Purkey Will Suffer Irreparable Injury Without a Stay**.

The harm to Mr. Purkey of being put to death without ever receiving full and fair review of the constitutionality of his conviction and sentence, and his execution, cannot be overstated. Mr. Purkey raises claims involving egregiously incompetent and prejudicial performance of his trial counsel arising from trial counsel's failure to investigate his case that have never been heard by any court because of § 2255 counsel also failed to investigate. Mr. Purkey deserves the opportunity to make this showing. Yet is no stay of execution is granted, Mr. Purkey will be killed on December 13, 2019, before any court has the opportunity

to review his substantial claims. This would clearly constitute irreparable harm. See, e.g., *Wainwright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J., concurring in decision to vacate stay of execution) ("The third requirement—that irreparable harm will result if a stay is not granted—is necessarily present in capital cases."); *Evans v. Bennett*, 440 U.S. 1301, 1306 (1979) (granting stay of execution in light of the "obviously irreversible nature of the death penalty"); *Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) ("There can be no doubt that a defendant facing the death penalty at the hands of the state faces irreparable injury").

**C. The Balance of Harm is in Mr. Purkey's Favor**.

The government's interest in securing Mr. Purkey's execution before full and fair judicial review of his Atkins claim is adherence to an arbitrary schedule announced just weeks ago. Mr. Purkey's request for a stay is not based on any delay on his part. He moved diligently and was in the process of preparing his claims well before the execution notice was issued. As noted above, Mr. Purkey had no reason to anticipate the setting of his execution date, as the federal government has not carried out an execution since 2003 and has had no execution protocol in place since 2011.

Given the circumstances, Mr. Purkey was undeniably diligent in bringing his § 2241 petition, and the posture of his litigation therefore stands in contrast to

those cases where last–minute stay requests have been denied due to a prisoner's delay. See, *e.g.*, *Nelson v. Campbell*, 541 U.S. 637, 649 (2004); *Hill*, 547 U.S. at 584. In any event, under no scenario can the Government's interest in adhering to an execution schedule set more than fifteen years after the last federal execution outweigh the interest of Mr. Purkey and the public in ensuring that a person not be put to death without full, fair, and reliable review of the important and fundamental challenges to the legality of his conviction and death sentence presented in this petition.

### D. The Public Interest Weighs Heavily in Favor of a Stay

There can be no public interest in an unconstitutional execution. "The public interest clearly favors the protection of constitutional rights." *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 178 (3d Cir. 1992) (affirming preliminary injunction to protect plaintiffs' free exercise rights where the harm to the borough of posting items on utility poles is outweighed by the harm to plaintiffs of being unable to practice their religion). Injunctive relief, in fact, will serve the Government's and the public's interest in executing the death sentence in a manner consistent with the Constitution. See *Trop v. Dulles*, 356 U.S. 86, 100 (1958) ("The basic concept underlying the Eighth Amendment is nothing less than the dignity of man. While the State has the power to punish, the Amendment stands to assure that this power be exercised within the limits of civilized

standards."). To the extent there is a public interest in timely enforcement of a death sentence, that interest does not outweigh the public interest in knowing that the federal government will carry out an execution in conformity with the Constitution and the will of Congress. See 28 U.S.C. § 3596(c).

## REQUEST FOR RELIEF

WHEREFORE, for the foregoing reasons and those explained in his § 2241 Petition, Mr. Purkey respectfully requests that the Court stay his execution pending its consideration of his claims.

Respectfully submitted,

/s/Rebecca E. Woodman
Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone:  (785) 979-3672
Email: rewlaw@outlook.com

/s/Michelle M. Law
Michelle M. Law, MO Bar: 45487*
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile:  (417) 873-9038
Email:  michelle_law@fd.org
*to be admitted pro hac vice

*Attorneys for Petitioner Wesley Ira Purkey*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2019, a copy of this Motion for Stay of Execution has been served upon the following party via first class U.S. mail at the addresses listed below:

Warden, USP Terre Haute
4700 Bureau Road South
Terre Haute, Indiana 47802

Timothy A. Garrison
United States Attorney
Charles Evans Whittaker Courthouse
Room 5510
400 E. 9th Street
Kansas City, MO 64106

/s/ Rebecca E. Woodman
REBECCA E. WOODMAN