## DECLARATION OF LAURA O'SULLIVAN

I, Laura O'Sullivan, declare and state the following:

1. I am an attorney licensed to practice law in the State of Missouri. After graduating from law school in 1991, I was in private practice in St. Louis from 1991 to ~~1994~~ 1993 with the firm where I had clerked during law school. I moved to Kansas City and began work at the appellate division of the Missouri State Public Defender (MSPD) in 1994, then moved to the trial office of the MSPD about nine months later. I went back to private practice from November of 2001 through 2005. After that, I returned to the MSPD trial office in St. Louis where I became District Defender, and then Training Director for the system until 2011. From 2011 to 2016 I was a clinical professor at the UMKC Law School, in association with the Midwest Innocence Project. I returned to the MSPD in 2016, and I am currently with the Kansas City, Missouri MSPD trial office.

2. Shortly after I left the MSPD for private practice, on November 19, 2001, I was appointed by Judge Fernando Gaitan of the United States District Court for the Western District of Missouri to represent Wesley Ira Purkey in his trial court proceedings on a federal murder charge in which Mr. Purkey was facing the death penalty.

3. Fred Duchardt, Jr. was Mr. Purkey's lead counsel on the case. An attorney at the Federal Public Defender Office recommended me to Fred. I believe I was recommended because I had significant trial experience in the state courts, and my reputation for handling difficult cases was good. At the time, I was aware that other attorneys with more federal capital trial experience had been considered, but none of them wanted to work with Fred given his reputation. This gave me some pause, but

1

001166

ultimately I decided that this was a good opportunity to gain federal capital trial experience.

4. My role in the case was task-oriented, without any real structure. Fred would tell me to do certain tasks, like collecting background records, and I would never know how the task fit into the overall plan for the case. Michael ("Mic") Armstrong, the investigator Fred hired for the case, and I went to Oregon to conduct investigation concerning the prior alleged sexual assault. Beyond that, we had no particular investigation plan. I collected Mr. Purkey's Oregon DOC records as part of this investigation, and I provided a copy of the records to Fred, but I do not recall coming across the name of Dr. Rex Newton, or that Mr. Purkey had disclosed his childhood sexual abuse to Dr. Newton. I am aware that Fred Duchardt submitted a statement in the course of Mr. Purkey's proceedings under 28 U.S.C. § 2255, in which he claimed to have contacted Dr. Newton. This claim cannot be true, because the Oregon investigation was my domain and Fred had nothing to do with it.

5. A lot of information in Mr. Duchardt's statement, which I have reviewed, is wrong. Even information about my background is wrong. For example, Fred's statement that I had never done any cases involving mental health issues was just flat not true, and Fred never even asked me about it. In fact, by the time I came on board Mr. Purkey's case I had represented many clients with mental health issues. I recall one case in particular that I had done involving my client Terrence Wainright, whose frontal lobe damage was a key aspect of the case. I had negotiated an NGRI plea for another client, Lorenzo White, whom I continued to represent in private practice in an effort to secure his unconditional release. I had represented Linda Brown, whose case involved Battered Women's

2

001167

Syndrome. I had handled many other cases involving issues such as incompetency, where clients had to undergo mental health examinations. I had also worked previously with Dr. Peterson.

6. Fred's statement that I never offered any ideas is untrue. My suggestion that we needed to hire a mitigation specialist was ignored. Nor was I giving "short shrift" to Mr. Purkey's ideas, as Fred alleged in his statement. I was the one who took Mr. Purkey's idea for an allocution in front of the jury to Fred, and we decided to file a motion based on that idea. I never treated Mr. Purkey disrespectfully, as Fred's statement suggests. Fred was giving Wes the idea that I was not a contributing member of the team. Yet Fred did not regularly include me in the work that was being done, and I had to continually ask Fred about what he wanted me to do, to try to get a division of tasks and an idea of the overall picture of where we were going in the case. I would find out that records had come in and I would have to ask Fred for them. There were some that Fred never gave to me. Fred was the problem, and he interfered with my ability to establish a trusting relationship with my client. I was very upset when I learned about Fred's statement submitted in the 2255 proceedings. I even consulted with an ethics expert to see if there was anything that could be done.

7. I had no knowledge of the relationship between Fred Duchardt and Mic Armstrong, although I had the impression that they had known each other a long time, and they had worked together at the state public defender office. It was obvious to me that their relationship was more than professional because they operated more like close friends than strictly business associates. I think Mic was willing to do anything for Fred, and he was going to have Fred's back no matter what. Although I liked Mic, I got the

3

impression that Fred brought him on the case more because he wanted to do a favor for a friend, and Fred knew Mic would do what he asked of him, no more or no less. Fred told me that Mic was a mitigation specialist. I actually felt that Mic was not a qualified mitigation investigator because he had an interview style that was off-putting and he did not know how to interview people with mental health issues.

8. I know from my experience that witnesses with histories of physical and sexual trauma are reluctant to discuss their trauma experiences with people they do not trust. I also know that a qualified mitigation specialist is trained to build a trusting relationship with such witnesses, and to interview such witnesses with sensitivity. Because no member of the team - Fred, Mic or I -- had adequate training in interviewing witnesses with a history of trauma, I told Fred more than once that we should hire a mitigation specialist with training and experience in this area, and that we could not adequately do work on the case without the assistance of such a professional. I thought it was really important to hire a qualified mitigation specialist because I was concerned that witnesses would not open up to us, and as a consequence, we would miss out on presenting powerful mitigation evidence. Also, when you don't hire a mitigation specialist, you don't have a full team, so the mitigation tasks are being distributed among the attorneys and tasks such as collecting records, digesting records, and integrating all of the information are not being done. Yet it was clear from the beginning that Fred did not intend to hire a mitigation specialist, and he never did. I believe that Fred did not hire a mitigation specialist in part because that way he could get more money for himself and Mic. It was clear to me from this experience that my ideas for working on the case were not taken seriously.

4

9. I recall having a conversation with Fred at some point pretrial about me withdrawing from the case, after Mr. Purkey had asked me to get off the case. During my conversation with Fred, I expressed concern for his lack of communication and coordination with me about the case. One thing Fred said to me during this conversation was that if I were to withdraw from this case I might never get another opportunity to do this, which I took as a threat to blacklist me from working on capital cases. I also learned that Fred had talked with Mr. Purkey, and had told Mr. Purkey that they had to keep me because they needed a woman on the defense team due to the facts of the case.

10. At some point prior to trial, I met Fred at a house in Kearney, Missouri, that he owned and used for his office, to look over the juror questionnaires. I had no knowledge until I was shown the questionnaire by Mr. Purkey's current counsel that Juror #13, who served on the petit jury at Mr. Purkey's trial, had disclosed on her questionnaire that she was the victim of an attempted rape when she was fifteen years old. In light of the very similar facts of Mr. Purkey's case, this information is highly significant, and this juror should never have been on Mr. Purkey's jury. I would have remembered this information about Juror #13 if I had seen it. I do not believe Fred noticed the disclosure either, because he never mentioned it, nor did he raise it during voir dire. Had I known this information about Juror #13, I would have wanted to make sure that this juror did not sit on the jury. I feel that the judge may have even agreed that Juror #13 should not sit as a juror and would have sustained a challenge for cause given the facts of this case, even if the juror had insisted she could be fair and impartial. Although there is much inaccurate information in Fred's 2255 statement, it is true, as it says on page three of the statement, that Fred did the vast majority of the motion practice, and took charge of the development

5

001170

and conduct of voir dire, the expert testimony, and the opening statements and closing arguments for both phases of trial. Fred and I had no discussions about voir dire, and it was very clear that my participation in the voir dire process was not open to question; it just was not going to happen.

11. The main case investigators for the Government were Detective William Howard and F.B.I. Special Agent Dirk Tarpley. Both of them sat at the Government's counsel table throughout Mr. Purkey's trial.

12. I had virtually no involvement with the mental health witnesses at Mr. Purkey's trial, and Fred cross-examined all of the Government's expert mental health witnesses. I am an experienced trial attorney, and it became apparent to me while observing Fred's cross-examination of Government expert witness Helen Mayberg in particular that Fred was not adequately prepared to conduct the cross-examination. Fred was flailing in the courtroom, and his cross-examination of Dr. Mayberg was dismissive, aggressive, and not substantive at all. The U.S. Marshal who was in the courtroom even commented to me afterwards about how bad it was.

13. Working with Fred was very difficult. Mr. Purkey was a challenging client, and without giving me access to all the information in the case, Fred created a dynamic in which he decided how the case was done without input. I fully understood why other, more experienced capital trial attorneys were unwilling to work with him on a case. Fred stated in his 2255 statement that his decision to manage the case that way had to do with my inability to rise to the occasion, but that simply is not true. Given my felony trial experience, I was grossly under-utilized by Fred. What is true is that Fred believed he alone had all the answers. He determined at an early stage, prior to conducting the

6

001171

investigation, that he would work this case the same as his others, despite the fact that they did not turn out well for those clients. Being an effective attorney for a capital client requires the ability to know one's own limitations and to find the most qualified professionals to fill those roles. Mr. Duchardt can state a rationale for each decision he claims to have made, but in reality and without his notes to show otherwise, many of his statements are simply not true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed on this 3rd day of May, 2017.

_____
Laura O'Sullivan

7

001172

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES of AMERICA,

      Plaintiff,

      v.                          Case No. 01-00308-01-CR-W-2

WESLEY PURKEY

      Defendant.

### DEFENDANT WESLEY PURKEY'S REQUEST FOR FUNDS TO HIRE INVESTIGATOR, AND FOR APPROVAL TO EXCEED 21 U.S.C. 848(q)(10)(B) FUNDING LIMITS

Comes now Defendant Wesley Purkey, by attorney, Frederick A. Duchardt, Jr., and pursuant to 21 U.S.C. 848(q)(9) and (10)(B), hereby requests that this Court approve funding for an investigator for purposes of acting on behalf of Defendant Purkey to develop evidence regarding the first phase of trial and also evidence pertaining to mitigating circumstances which might be germaine to any penalty phase of trial. Defendant Purkey further requests that this Court approve the making of interim payments to the investigator. Defendant Purkey also requests that authorization of funding in excess of $7,500.00 be made pursuant to the dictates of 21 U.S.C. 848(q)(10)(B). The grounds for this Motion will be set forth in the subsequent numbered subparagraphs.

1. In the above captioned cause, Defendant Purkey is charged by indictment with the offense of causing the death of another after transporting that person in interstate commerce. The government reports that it intends to seek the death penalty against Mr. Purkey.

ORIGINAL

WP00933

001173

2. Defendant Wesley Purkey is indigent, without the means and funds to bear the cost of an effective defense for himself. Defendant Purkey has already satisfied this Court of that fact, as this Court has appointed undersigned Counsel to represent him.

3. The United States Supreme Court has clearly indicated that, since the services of investigators and other experts may well be critical to effective presentation of a capital litigant's defense, such expenses may properly be paid by the Federal Courts per the dictates of 21 U.S.C. 848(q)(9). *McFarland v. Scott*, 114 S.Ct. 2568, 2572 (1994).

4. In order to properly prepare this matter for both phases of trial, undersigned Counsel requires the services of an investigator to assist him to ferret out facts pertaining to this case. Payment for services of an investigator are generally recognized as proper per the dictates of 21 U.S.C. 848(q)(9). *McFarland v. Scott*, supra; *In re Pruett*, 133 F.3d 275, 279 (4th Cir. 1997). Particularly, in this District, in the cases of In the cases of *United States v. Moore, et al*, case number 94-00194-1/12-CR-W-9, and *United States v. Sinisterra, et al*, case number 98-00311-02-CR-W-2/4, payment for such services has been approved, pursuant to 21 U.S.C. 848(q)(9), for indigent defendants who were facing the death penalty.

5. Counsel for Defendant Purkey has contacted Michael Armstrong, and has requested that he serve in the capacity as investigator in the above captioned cause for Purkey. Mr. Armstrong would be willing to serve as investigator on behalf of Defendant Purkey. Mr. Armstrong and is uniquely qualified, by experience, background and expertise, to

001174

serve in this capacity.   Mr. Armstrong has twenty-five years of experience as a private investigator.   Mr. Armstrong has also had substantial experience working in the area of development of evidence for those facing capital sentences in state and Federal Courts.   Mr. Armstrong is willing to accept compensation at the rate of $45.00 an hour for his services.   This is below Mr. Armstrong' normal rate of pay, and is at or below the prevailing hourly rate approved in this and other districts for such services.

6. Counsel for Defendant Purkey anticipates that expenses for the investigator/mitigation specialist will far exceed the $7,500 limit upon expert services costs set forth under 21 U.S.C. 848(q)(10)(B). Per the dictates of the same section, such limit may be exceeded so long as ". . . payment in excess of that limit is certified by the court. . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit."

7. Also, since this matter is likely to go on for some time, and because this work is likely to take up a substantial portion of Mr. Armstrong's time and earning capacity, it is necessary that this Court permit interim payments to be made to Mr. Armstrong upon a monthly submission of vouchers by Mr. Armstrong.

8. In the cases of **United States v. Moore, et al**, case number 94-00194-1/12-CR-W-9, and **United States v. Sinisterra, et al**, case number 98-00311-02-CR-W-2/4, already referenced above, the District Judges, and in addition the Chief Judge of the Eighth Circuit, approved full requested funding for investigation services far in excess of the

WP920987
001175

$7,500 limit.  The District Courts also approved the making of interim payments to the investigators.

9. Counsel for Defendant Purkey requires immediately the services of the investigator for two reasons:

   a. to ferret out information regarding mitigating circumstances which first can be presented to the Department of Justice, in an effort to try to persuade the government to not seek the death penalty, and second, if seeking the death penalty is authorized, can be presented to a jury to persuade it against imposition of the death penalty, and

   b. to begin proper preparation of this case for trial.

10. Counsel for Purkey initially requests that this Court approve funding for Mr. Armstrong in the amount of $2,500.00, and further requests that the making of interim payments to, Mr. Armstrong be approved.  Counsel additionally requests that approval for payments in excess of this initial amount be sought from the Chief Judge of the Eighth Circuit.  The initial approval amount will permit Counsel to begin expending of funds while the Court and Counsel await necessary approval for any expenditure of funds in excess of $7,500.

WHEREFORE, pursuant to 21 U.S.C. Section 848(q)(9) and (10), the Defendant Purkey prays that Honorable Court authorize the employment of Michael Armstrong as investigator for Defendant Purkey.  Defendant Purkey further prays that this Court approve payment of Mr. Armstrong at a rate of pay of $45.00 per hour.  Defendant Purkey further prays that this Court immediately approve payments to Mr. Armstrong up to a limit of $2,500.00.  Defendant Purkey further prays that this Court

WP920936
001176

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES of AMERICA,

        Plaintiff,

    v.                        Case No. 01-00308-01-CR-W-FJG

WESLEY PURKEY

        Defendant.

## DEFENDANT WESLEY PURKEY'S MOTION, EX PARTE AND UNDER SEAL, TO SUPPLEMENT REQUEST FOR FUNDS TO HIRE INVESTIGATOR

Comes now Defendant Wesley Purkey, by attorney, Frederick A. Duchardt, Jr., and pursuant to 21 U.S.C. 848(q)(4)(B), 21 U.S.C. 848(q)(9) and 21 U.S.C. 848(q)(10)(B), hereby requests, *ex parte* and under seal, that this Court approve supplemental funding for his investigator, Michael Armstrong, for purposes of further development of evidence for both phases of trial. The grounds for this supplementary request will be set forth in the subsequent numbered subparagraphs.

1. On January 25, 2002, Mr. Purkey filed his request for appointment of Michael Armstrong to act as investigator for Mr. Purkey in preparing the above captioned cause for trial (Doc. 35).

2. On April 4, 2002, this Court granted Mr. Purkey's request for funding for Mr. Armstrong up to the sum of $35,000.00 (Doc. 63).

1

**001177**

3. At the time that this request was made, the estimate for funding for the work by Mr. Armstrong was based upon information then available about the case, during the seminal stages of the case. The estimate was also based upon the assumption that a mitigation specialist would be hired, and would take on some of the duties associated with investigation for a possible penalty phase of trial.

4. Since that time, substantial investigation and discovery has been accomplished, with the help of the investigator. Thanks to that investigation, many new aspects of the case have been developed. This has developed new leads, which were not previously anticipated, but must now be pursued by the investigator.

5. Counsel had originally budgeted some $45,000.00 for the hiring of a mitigation specialist, the amount based upon prior experience in dealing with the payment of costs for such a mitigation specialist. Actually, Counsel later learned that, since the last time he had utilized a mitigation specialist, the costs for such a mitigation specialist had so substantially increased that the price tag for such a specialist would likely have been upwards of $80,000.00. Mitigation Specialists have classically been utilized to assist Counsel with preparing a penalty phase presentation, and undersigned Counsel has had experience using mitigation specialists in some cases. Counsel determined that the services of a mitigation specialist could be

2

001178

dispensed with, and budgetary savings realized, by reassigning to the investigator and to counsel the investigative work traditionally done by a mitigation specialist. This approach has allowed the same quality of work to be done more efficiently, without needless duplication of efforts, and therefore without the $80,000.00 cost for a mitigation specialist. However, this has significantly increased the workload of the investigator, and therefore the costs for the investigator, over that budgeted for initially.

6. Counsel requests that this Court approve additional funding in the amount of $10,000.00, thereby budgeting a total of $45,000.00 for the services of Mr. Armstrong. This estimate is based upon Mr. Armstrong's rate of pay, at $45.00 per hour, plus travel expenses.

7. The United States Supreme Court has clearly indicated that, since the services of experts may well be critical to effective presentation of a capital litigant's defense, such expenses may properly be paid by the Federal Courts per the dictates of 21 U.S.C. 848(q)(9). **McFarland v. Scott**, 114 S.Ct. 2568, 2572 (1994).

8. Should this Court not grant the relief sought in this Motion, such would violate Defendant's rights, to enjoy due process of law and equal protection of the law, to present evidence, and to be free from cruel and unusual punishment,

3

001179

protected by the 5th, 6th and 8th Amendments to the Constitution of the United States.

9. Pursuant to 21 U.S.C. 848(q)(9), a defendant like Purkey may make his request for such funds *ex parte* and under seal to the extent that he can show need for such confidentiality. **In re Pruett**, 133 F.3d 275, 279 (4th Cir. 1997). A defendant demonstrates a need for such confidentiality when he shows that, by merely making his request for assistance, he necessarily reveals strategy, work-product, and confidential attorney/client communications. **In re Pruett**, 279. Permitting the defendant to have such requests considered by the Court *ex parte* merely does the proper thing of placing the indigent litigant upon the same footing as the one able to afford payment of his/her own expenses. **In re Pruett**, 279; **United States v. Hang**, 75 F.3d 1275, 1281 (8th Cir. 1996).

10. The foregoing explanation plainly reveals substantially Counsel's work product, attorney-client communications and trial strategy. Having to reveal all of this to the prosecution at this time would work a substantial unfairness to the defense.

WHEREFORE, Wesley Purkey prays this Honorable Court to make and enter its Order, under seal, authorizing an increase of $10,000.00 in the budget for investigator Michael Armstrong, for a total of $45,000.00, for purposes of providing Defendant Purkey first and second phase investigative assistance in the above captioned cause, and as detailed above.

001180

Respectfully submitted

FREDERICK A. DUCHARDT, JR.
Mo. Bar Enrollment Number 28868
P.O. Box 349, 110 E. 6th St.
Kearney Mo. 64060
Phone:   816-628-9095
Fax:     816-628-9046
ATTORNEY FOR WESLEY PURKEY

5

**001181**



# MISSOURI STATE PUBLIC DEFENDER
# OFFICE OF THE DIRECTOR

December 29, 2017

Ms. Michelle M. Law
Assistant Federal Public Defender
Western District of Missouri
901 St. Louis Street, Suite 801
Springfield, MO 65806

RE:  Sunshine Law Request Response

Dear Ms. Law:

Please consider this our response to your records request concerning former MSPD employee Michael Armstrong pursuant to the Missouri Sunshine Law.  At the outset, I do not agree with your position regarding interpretation of RSMo §610.011.1; however, please see responses to your specific requests below.

1.  Mr. Armstrong was employed as an Investigator in the Liberty Public Defender Trial Office from May 1, 1985 through September 5, 1995.

2.  Attached is a copy of MSPD's criminal investigator job description at the time of Mick Armstrong's separation from employment.

3.  See response to #1.

4.  Below are Mr. Armstrong's monthly salary amounts, with the effective date.

    5/1/85: $596
    7/1/85: $667
    1/1/86: $700
    7/1/86: $1,467
    7/1/87: $1,511
    3/31/89: $1,541
    7/1/89: $1,606
    8/1/89: $1,750
    7/1/90: $1,785
    7/1/93: $1,836
    7/1/94: $1,908
    7/1/95:  $2,046

5.  There are no records of any post-employment payments made to Mr. Armstrong. The pension plan for state employees is administered by the Missouri State Employees Retirement System (MOSERS); MSPD does not have records of those payments.

001182

Letter to Ms. Law
December 29, 2017
Page 2

6. See attached police narrative of alleged incident on 12/14/96.

7. Any such investigative report would be a closed record under §610.011.1; however, no such records exist.

8. Any such documentation would be a closed record under §610.011.1; however, no such records exist.

9. Any such documentation would be a closed record under §610.011.1; however, no such records exist.

10. Mr. Armstrong's application for employment with MSPD would be a closed record under §610.011.1; however, no such record exists.

11. Any such reports would be a closed record under §610.011.1; however, no such records exist.

Sincerely,

Jacqueline Shipma
General Counsel and Records Custodian

Attachments

| 1000 West Nifong<br>Building 7, Suite 100<br>Columbia, MO 65203 | PHONE<br>FAX<br>E-MAIL<br>WEB SITE | (573) 526-5212<br>(573) 777-9975<br>jacqueline.shipma@mspd.mo.gov<br>http://www.publicdefender.mo.gov |
| --- | --- | --- |

WP036578

**001183**

CRIMINAL INVESTIGATOR

DEFINITION

This is entry-level field investigative work for the purpose of
obtaining information necessary for the defense of a client.  May
require working in high-risk and/or unpleasant neighborhoods and
situations.  Travel is both expected and required.  Occasional
jail visits will be necessary.  May require odd and unpredictable
working hours because not all witnesses and clients can be
reached for interviews during the normal working day.

The Criminal Investigator acts as an integral part of the defense
team and must have good written and oral communication skills.
Employee is expected to function under significant supervision.
Hierarchy of supervision may vary with particular office.

EXAMPLES OF WORK PERFORMED  (Any one position may not include all
of the duties listed, nor do the examples cover all the duties
which may be performed.)

*   Locates and interviews witnesses either in the field, by phone
or in correctional facilities.

*   Takes photographs, prepares diagrams and investigates crime
scenes.

*   Provides documentation and reports regarding case
investigation as requested by attorneys.

*   Obtains records and reports, such as medical records, police
reports, school records or dispatch tapes.

*   Coordinates witness court appearances and arranges for their
transportation.

*   Gathers, assembles, preserves and reports facts, statements or
other evidence for use in legal proceedings.

*   Serves subpoenas.

*   Testifies in court regarding investigative findings as needed.

*   Performs other defense-related work as needed.

KNOWLEDGE, SKILLS, AND ABILITIES  (This job description does not
include specific physical requirements necessary to perform the
job, such as, carrying, standing, lifting.  Such requirements

WP036579
001184

vary from position to position and may be determined by the hiring authority.)

* Basic knowledge of proper investigation and documentation procedures including preservation of evidence and ethical guidelines. Knowledge of, and ability to use, various sources of information.

* Working knowledge of criminal law, court and police procedures.

* Ability to communicate effectively and tactfully when speaking and writing in situations regarding and/or directly involving indigent clients accused of crimes, their families, friends and witnesses. Familiarity with local street lingo and cultures.

* Ability to form and maintain effective working relationships with various public officials and agencies such as judges and courtroom personnel, the police system, businesses and public assistance services and with clients, attorneys and support staff.

* Ability to handle potentially dangerous or volatile situations in the field.

* Ability to adapt to various situations, atmospheres and personalities.

* Ability to prioritize and organize assignments while remaining flexible enough to accommodate a hectic schedule.

* Ability to analyze and condense evidence in clear, concise reports. Ability to remain objective.

* Basic knowledge of photography, diagramming, and audio and video recording.

* Some knowledge of office systems usage: copier, multi-line telephone, fax machine, word processor, typewriter.


REQUIRED MINIMUM QUALIFICATIONS  (The following statement represents the minimum education and experience which will be used to determine qualifications of applicants.)

* High school graduation or equivalent.

* Demonstrated commitment ot the services of the underpriviledged is required together with:

    A. Associate's Degree in Criminal Justice or related area; or
    B. Background in investigatory processes in the criminal

WP036580

**001185**

justice system, in private practice, journalism, or
social services.

WP036581
**001186**

THERE ARE NO VEHICLES FOR THIS REPORT

_____ARREST SECTION_____

**************THERE ARE NO ARRESTS FOR THIS REPORT***************

_____NARRATIVE SECTION_____

ON 12-14-96 AT APPROXIMATELY 1730 HOURS I, OFFICER STEPHENS, WAS DISPATCHED
TO THE STATION IN REFERENCE TO AN ASSAULT.

UPON ARRIVAL I CONTACTED THE VICTIM, (BURNS, ANITA ███████████████HO STATED
SHE HAD BEEN ASSAULTED ON TODAYS DATE WHILE SHE WAS SHOPPING AT HYVEE.  MRS.
BURNS STATED ON 12-14-96 AT APPROXIMATELY 1620 HOURS SHE WAS SHOPPING INSIDE
HYVEE WHEN SHE WAS APPROACHED BY THE SUSPECT, (ARMSTRONG, MICHAEL L.   W/M
██████).  MRS.   BURNS STATED THE SUSPECT APPROACHED HER IN THE BREAD ISLE AND
TOLD HER "YOU'RE NEXT, YOU'RE DEAD".   THE SUSPECT ALSO STATED "TELL YOUR
HUSBAND YOU ARE A CUNT AND YOU WILL FIND OUT WHAT KIND OF A PUSSY HE IS".
MRS.   BURNS STATED SHE DID NOT SAY ANYTHING TO THE SUSPECT BUT FLED THE AREA
THE SUSPECT WAS IN.   MRS.   BURNS CONTINUED HER SHOPPING AND THEN RESPONDED TO
THE STATION WHERE SHE FILED THIS REPORT.

MY INVESTIGATION REVEALED NOTHING MORE THAN THE VICTIMS STATEMENT.   DURING MY
INTERVIEW WITH THE VICTIM I DISCOVERED THAT THE VICTIM WORKED WITH THE SUSPECT
IN 1995 BEFORE HE WAS FIRED FROM HIS JOB.   MRS.   BURNS STATED TO ME THAT THE
SUSPECT HAS ALSO THREATENED OTHER EMPLOYEES AT THE PUBLIC DEFENDERS OFFICE.
MRS.  BURNS STATED SHE WANTED TO PROSECUTE THE SUSPECT FOR ASSAULT AND DID SIGN
GOS #G12210.   I DID COMPLETE THE GOS SUMMONS AND FORWARDED IT TO THE PROSECUTOR
FOR THE POSSIBLE FILING OF CHARGES.

Date Printed: 01/27/97    Time Printed: 12:47:   By: WISELY, LANA J

**001187**

DECLARATION

of

Mona Spencer

I, Mona Spencer, declare and state the following:

1. I am an attorney licensed to practice law in the State of Missouri. I worked as an Assistant Public Defender with the Missouri State Public Defender (MSPD) system from August 21, 1989, to January 1, 2018. I recently retired from the MSPD with 29 years of service.

2. I started my career in the MSPD office located in Liberty, Missouri, a suburb of Kansas City, Missouri. At that time, Katherine Ladesh was the District Defender of the Liberty MSPD office, and as such she was my supervisor. Fred Duchardt was a Regional Director with the MSPD, and in that capacity, he supervised Katherine Ladesh, along with other MSPD District Defenders.

3. During my time in the Liberty MSPD office, I worked with Michael Armstrong, a criminal case investigator. Early in my career, just after I started working in 1989, I had an experience with Michael Armstrong that led me to distrust him. The experience concerned Michael Armstrong telling me that he had completed work on one of my cases when in fact, he had not. Michael Armstrong told me that he had served defense witness subpoenas in a case set for jury trial when in fact, he had not served the subpoenas leaving me and my client in lurch on the day of trial. Prior to the day of jury trial, during a scheduled docket call, I told the judge that my case was ready for trial because Michael Armstrong told me before the docket call that he had served the defense witness subpoenas and that the witnesses would appear for trial. When I announced ready for trial, the judge set my case for jury trial the following Monday, and he continued the

1

001188

remaining cases to the next jury trial docket. On the morning of trial, Michael Armstrong told me that the defense witnesses would not be present for trial because he had not served the subpoenas. When I went to the courthouse, I thought I would be in major trouble with the judge because I thought he would think that I had misrepresented that my case was ready for trial. In the end, because the prosecutors witnesses also failed to appear, I lucked out and the case was continued without much drama.

4. After this incident where Michael Armstrong misrepresented his work to me, I complained to my supervisor, Katherine Ladesh. I remember Katherine saying, "let this me a lesson to you Mona." This response led me to believe that Michael Armstrong was known to be unreliable. From that point forward, I never trusted Michael Armstrong to work on my cases. I relied on MSPD investigators in neighboring offices to serve subpoenas, and I had such a good working relationship with the DeKalb County, Missouri sheriff that he would serve my subpoenas without charge.

5. I have a general recollection of the incident that led Katherine Ladesh to fire Michael Armstrong from his job as a MSPD investigator. Another MSPD attorney, Allan Reynolds, experienced an episode identical to my experience where Michael Armstrong failed to subpoena defense witnesses in a case set for jury trial. On the morning of jury trial, Michael Armstrong told Allan Reynolds that the defense witnesses were not served and would not be there for trial. This conversation took place on the second floor of the Clay County courthouse, right outside of the courtroom where the case was scheduled for trial and near the area where the jury assembled for jury selection. Allan Reynolds was so outraged that Michael Armstrong failed to serve the subpoenas, and that he waited until the morning of trial to let him know that he failed to serve the subpoenas, that he

2

001189

began yelling at Michael Armstrong just outside the courtroom. He and Michael Armstrong got into a huge shouting match outside of the courtroom. I believe that the case could not be tried because potential jurors sitting nearby in the jury assembly area witnessed what transpired. Katherine Ladesh was called to the courthouse to deal with the situation between Alan Reynolds and Michael Armstrong, and before she arrived, she phoned the head of the MSPD trial offices in Columbia, Missouri, and got permission to fire Michael Armstrong. When Katherine Ladesh arrived, she fired Michael Armstrong on the courthouse parking lot. I am basing my recollection of these events based on my own knowledge and on what Katherine Ladesh told me about the incident.

6.  At the time Katherine Ladesh fired Michael Armstrong, I know that Fred Duchardt was no longer working in the MSPD system, because I do not think Katherine Ladesh would have received permission to fire Michael Armstrong if Fred Duchardt had been her supervisor.

7.  I do not know what transpired between Michael Armstrong, Katherine Ladesh and Anita Burns after he was fired. I believe that Michael Armstrong held Katherine Ladesh and Anita Burns responsible for his termination. I know that Katherine Ladesh and Anita Burns sought and obtained full orders of protection against Michael Armstrong, but I was not a witness to what transpired between them.

8.  During the time that Michael Armstrong worked as a MSPD criminal case investigator, he was not considered to be a mitigation investigator. His primary responsibility was to serve subpoenas, a task he did not manage well. Mitigation investigation on MSPD cases was at the time done by social workers known in the MSPD system as Alternative Sentencing Specialist. If I had a case requiring mitigation work, I would refer the case to

3

**001190**

an Alternative Sentencing Specialist working in the Jackson County (Kansas City) MSPD office. The Alternative Sentencing Specialist would interview the client and mitigation witnesses, collect relevant records and propose a sentencing plan that offered an alternative to incarceration. If the Alternative Sentencing Specialist in Jackson County was not available, I would hire an outside mitigation specialist to work on the case. Some of the MSPD criminal case investigators knew more than others when it came to mitigation work, but Michael Armstrong was not one of those investigators. He was not qualified to be a mitigation specialist either through training or experience.

9. It was well known in the Liberty MSPD office that Michael Armstrong would not go "south of the river" to locate witnesses. This meant that Michael Armstrong was unwilling to serve subpoenas in certain areas of Kansas City, even if the case required it.

10. I know that during the time I worked with Michael Armstrong, he had a reputation for getting drunk and getting into bar fights. I believe that Michael Armstrong was convicted of assault after a bar fight, but I am not certain of this.

11. It was clear to me that if your name was not Fred Duchardt, Michael Armstrong did not care about completing work on your case. I do not know why Michael Armstrong was so loyal to Fred Duchardt at the expense of his other responsibilities, but there was a strong connection between Fred Duchardt and Michael Armstrong.

12. During my tenure with the MSPD, our staffing increased to the point where we outgrew our existing office space. When we moved to new office space, Michael Armstrong was upset that one wall of his office contained a mirrored glass window through which the person in the neighboring office could see into his office. Shortly after moving into the

4

001191

office, the glass window was painted over thus resolving Michael Armstrong's complaint.

13. Over the years, I lost touch with my coworker, Allan Reynolds. Recently, my office tried to locate him so that he could be invited to my retirement party.  My secretary tried to locate him by checking his address on file with the Missouri Bar Association, but since he is no longer licensed to practice law in Missouri, the Missouri Bar Association did not have a current address.  My secretary reached out to his daughter by sending her a letter along with an invitation for her to forward to her father, but my secretary received no response from the daughter and Allan Reynolds did not attend my retirement party.

I declare under penalty of perjury that the foregoing declaration and statement is true and correct to the best of my knowledge.

Signed on this 17th of August, 2018.

Mona Spencer
Attorney at Law

5

001192

# DECLARATION
of
Anita Burns

I, Anita Burns, declare and state the following:

1. I am an attorney licensed to practice law in the State of Missouri. I currently work as an Assistant Federal Public Defender in the Western District of Missouri (FPD), in the Kansas City, Missouri office, a position I've held since 1998. Prior to my employment with the FPD, I was an Assistant Public Defender in the Missouri State Public Defender (MSPD) system, in the Liberty, Missouri office, a position I held from 1988 until I was hired to work at the FPD.

2. Fred Duchardt hired me to work in the MSPD Liberty, Missouri office. At that time, Fred Duchardt held the title of District Defender in the Liberty office and as such, he was my supervisor. When Fred Duchardt left the Liberty office, Katherine Ladesh became the District Defender of the MSPD Liberty office, and she became my supervisor.

3. During the time that Fred Duchardt was my supervisor, I had a good working relationship with him.

4. During part of my time with the MSPD, Michael Armstrong worked in the Liberty MSPD office as a criminal case investigator. I do not know when he was first hired, but I believe that Fred Duchardt hired Michael Armstrong to work as a criminal case investigator in the MSPD Liberty office before I was hired. I do not know whether Michael Armstrong was fired from the MSPD, or was allowed to resign, but he left under acrimonious circumstances a few years before I left the MSPD to go to work for the FPD. Katherine Ladesh was the District Defender of the MSPD Liberty office when Michael Armstrong separated from the MSPD.

1

001193

5.  I did not have a good working relationship with Michael Armstrong because he would not complete the routine investigative tasks assigned to him in a timely manner. In fact, he would often wait until the very last minute to complete my investigative tasks, like interviewing witness or serving subpoenas. In my practice, I like to have investigation task completed in a timely manner so that evidence is not lost or destroyed. I emphasized to Michael Armstrong the importance of completing investigative tasks in a timely fashion, but over time, he resented me for insisting on timely work.

6.  Additionally, I did not think Michael Armstrong was good case investigator because he had an angry and aggressive way of dealing with people. I felt his angry and aggressive disposition put off witnesses making them less likely to share valuable information.

7.  Towards the end of his time with MSPD, Michael Armstrong developed the habit of calling me at my house at 2 a.m. to give me updates on the investigative tasks that I assigned to him. In my opinion, this inappropriate habit demonstrated his resentment toward me for insisting that routine investigative tasks be performed in a timely manner. At the time, Katherine. Ladesh was my supervisor, and I complained to her about this behavior. If Fred Duchardt had been my supervisor at the time, I would not have complained to him about Michael Armstrong's behavior because Fred Duchardt and Michael Armstrong were very good friends, and as I result, I believe Fred Duchardt would have done nothing to address Michael Armstrong's inappropriate behavior.

8.  I think Michael Armstrong resented me because I complained about his behavior to Katherine Ladesh, and because he believed my complaints may have played a part in his acrimonious separation from the MSPD. After he left the MSPD, Mr. Armstrong retaliated against me by stalking and harassing me. One time, he followed me to a local

2

001194

grocery store where he threatened to kill me. After he threatened to kill me, my car was keyed and my tires slashed. Although no one witnessed who keyed my car and slashed my tires, the timing was suspicious and I firmly believe that Michael Armstrong did these things. I know from speaking with Katherine Ladesh, that after Michael Armstrong left the MSPD, he threw a brick through a plate glass door at her house in Kansas City, Missouri.

9. After Michael Armstrong threatened to kill me, I filed a motion for a full order of protection in Clay County, Missouri, a motion that was granted by the Clay County court over his objection. The full order of protection was extended for a subsequent year after the initial full order of protection was due to expire. I know that Katherine Ladesh also filed a motion for a full order of protection in Clay County, Missouri and that her motion was granted and then extended by the court.

10. At the time I completed the application for a full order of protection, I listed on the application that Michael Armstrong had a prior conviction for misdemeanor assault. I noted that the assault case was resolved by "SIS", short-hand for "suspended imposition of sentence," a legal resolution that results in no record of conviction after a period of time. I knew that the misdemeanor assault case was filed after Michael Armstrong got into a fight with a patron at a local bar.

11. The grocery store incident, where Michael Armstrong threatened to kill me, led a prosecutor to file a misdemeanor assault charge against Michael Armstrong. A special prosecutor was appointed to handle the case because the sitting prosecutor knew me and Michael Armstrong. In the end, Mr. Armstrong was found not guilty because the special

3

001195

prosecutor made a technical error resulting in acquittal. I do not have a copy of the trial transcript, but the full order of protection was extended even though he was acquitted.

12. Michael Armstrong was a person who always had some kind of feud going on with someone – either a neighbor, business associate or a family member. A dispute with a neighbor was particularly notorious – he and a neighbor disagreed over the location of a fence on a shared property line – and Michael Armstrong would purposefully irritate the neighbor by doing antagonistic things like blowing grass clippings into the open window of the neighbor's car parked in the driveway. When Michael Armstrong left the neighborhood, the neighbors threw a big block party.

13. I have dedicated my entire legal career to the representation of indigent people in state and federal court. I know from my experience that mitigation evidence can make a powerful difference in a how a criminal case is resolved. I routinely develop mitigation evidence in my cases, and I know how difficult it can be for people to open up about their life histories. In my professional experience, I can say that Michael Armstrong would make a terrible mitigation investigator because he did not possess the interpersonal skills necessary to build trust with vulnerable witnesses. To my knowledge, he possessed no specialized training to deal with witnesses with a trauma history or psychological issues. His angry and aggressive approach to dealing with people would be a barrier to developing mitigation evidence.

I declare under penalty of perjury that the foregoing declaration and statement is true and correct to the best of my knowledge.

Signed on this 16th day of April, 2018.

Anita Burns
Anita Burns

4

**001196**

Assistant Federal Defender
Western District of Missouri

001197

# DOCKET SHEET

Circuit Court, Clay County, Missouri

File No. CV 197-6788DR

| Nature of Action: | Anita L. Burns | John Chick |
|---|---|---|
| | Plaintiff/Petitioner | |
| vs. | | Att. for Plaintiff or Petitioner |
| | Michael Armstrong | Julie Cooper |
| | Defendant/Respondent | |
| | | Att. for Defendant or Respondent |

| Date | Orders of Court |
|---|---|
| Oct 21 1997 | Petitioner files answer to motion to set aside. dmp |
| Nov 25 1997 | Respondent files Notice of Appeal to Missouri Court of Appeals, Western District. sms |
| Dec 11 1997 | Return receipt of certified mail filed showing service on John Chick on 12/08/1997 signed by Kathleen Jonns. dmp |
| Dec 11 1997 | Plaintiff files motion for attorney's fees on Appeal together with affidavit on Appeal. dmp |
| Dec 11 1997 | Plaintiff files notice calling up plaintiff's motion for attorney's fees for hearing on 12/23/1997 at 9:00 am. dmp |
| Dec 16 1997 | Plaintiff files amended notice calling up motion for attorney's fees on appeal for hearing on 01/07/1998 at 9:00 am. kji |
| Jan 9 1998 | Mandate from Missouri Court of Appeals, Western District filed. ebk |
| Aug 26 1998 | Petitioner files Motion for Renewal of Full Order of Protection. ns |
| 8 28 98 | Order re renewal pro ... JH |
| Aug 28 1998 | Copy of Ex Parte Order of Protection given to Sheriff of Clay County for service on respondent; copies hand-delivered to petitioner; copy faxed to Kearney Police Department. d c |
| 9 9 98 | Order extended to 8/31/99. JH |
| Sep 8 1998 | Ret of service non est. mc |
| Sep 9 1998 | Copy hand-delivered to petitioner and respondent. Copy faxed to Kearney Police Department.   sms |
| Sep 9 1998 | Full order of protection terminates 08/31/1999.  sms |
| Oct 9 1998 | Respondent file s motion to set aside extended full order of protection, sac |
| Oct 22 1998 | Respondent files notice calling up respondent's motion to set aside the extended full order of protection for hearing on 11/10/1998 at 9:00 am. sac |
| 11/10/98 | T in person & with counsel. Ays. by counsel. Motion to dismiss in |

Form 101  4/90

WP902888
001198 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

# DOCKET SHEET

Circuit Court, Clay County, Missouri

File No.　CV197-6788DR

| Nature of Action: | ANITA L BURNS |  John Chick |
|---|---|---|
| | Plaintiff/Petitioner | |
| | vs. | Att for Plaintiff or Petitioner |
| | MICHAEL ARMSTRONG | Julie Cooper |
| | Defendant/Respondent | Att. for Defendant or Respondent |

| Date | Orders of Court |
|---|---|
| Sept 16 1997 | Petition filed together with Financial statement and Form 17. |
| Sept 16 1997 | Now comes petitioner in person. Evidence heard. Ex Parte order of protection granted all as per order filed. Cause set for hearing on Sept 30, 1997@9Am  *R. W Reene Swing Judg* |
| Sep 16 1997 | Copy of Ex Parte Order of Protection given to sheriff of Clay County for service on respondent; copies hand-delivered to petitioner; copy faxed to Kearney Police Department.  sac |
| Sep 18 1997 | Request for service filed.  sms |
| Sep 18 1997 | Copies of ex parte order delivered to petitioner for service.  sms |
| Sep 26 1997 | Return of service on ex/parte order filed showing personal service on respondent on 09/25/1997.  dmp |
| Sep 29 1997 | Rspt files App for continuance.  muc |
| SEP 30 1997 | Petitioner in person & *atty John Chick*. Respondent in person *atty Julie Coop*. Petitioner heard. Full order all as per entry filed Costs taxed to *Respondent* |
| Sep 30 1997 | Copy hand-delivered to petitioner and respondent.  Copy faxed to Kearney Police Department.  sac |
| Sep 30 1997 | Full order of protection terminates 09/29/1998.  sac |
| Oct 14 1997 | Defendant by atty,Glenn Manis files motion to set aside restraining order or in the alternative motion for rehearing as to restraining order entered Sept. 30,1997.  dmp |
| 10 16 97 | *Motion to set aside &/or rehearing denied. Findings & recommendations adopted & confirmed.  CTNP* |

Form 101 4/90

001199　Printed by Clay County Microfilm Department on May 19, 2015 at 11:13
WP002889

# DOCKET SHEET

Circuit Court, Clay County, Missouri

File No. _CU1-97-6788 DR_

| Nature of Action: | | Plaintiff/Petitioner | Att. for Plaintiff or Petitioner |
|---|---|---|---|
| | | vs. | |
| | | Defendant/Respondent | Att. for Defendant or Respondent |

| Date | | Orders of Court |
|---|---|---|
| 11/18/99 | | (cont.) denied. The docket sheet only is ~~struck~~ amended by agreement + reflect that the Respondent was not present on Sept 9, 1998. in Court. (cont.) P8 |
| Jan 27 2000 | | 1998 court costs closed/unable to collect from the resp, Michael in the amount of $140.00. khb |

Form 101 4/90

WP002890
001200 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

Case 2:19-cv-00414-JPH-DLP · Document 23-36 · Filed 09/12/19 · Page 36 of 274 · PageID #: 4641

# RECORDING LOG — UNCONTESTED MATTERS

Date _Nov. 10, 1998_  Tape No _?_  Circuit _7_  County _Clay_

Division _3 in Div 4_  Judge _L. Harman_  Length of time of recording: _____ hrs _____ min

Log made by _BD_

Appointing Authority for Above (check one):

Circuit Clerk ☐   Associate Circuit Judge ☐   Probate Judge ☐   Other (Designate) _____

Actual time spent in courtroom for purpose of recording: _____ hrs. _____ min.

| CASE NUMBER | STYLE OF CASE/DESCRIPTION | INDEX NUMBER | IDENTIFICATION | PLAINTIFF ATTORNEY | DEFENDANT ATTORNEY |
|---|---|---|---|---|---|
| CV197-6788 | A. Burns v Armstrong | 30 | J | Glen Harmon | John Chick |
| | | 148 | DA | John Chick | Glen Ma... |
| | | 190 | TTA, DA | | |
| | | 219 | TTA response | | |
| | | 309 | DA | | |
| | | 338 | TTA | | |
| | | 353 | J, TTA | | |
| | | 423 | J, TTA, J, TTA, J motion denied | | |

Form # 523

REV 5-88

WP902891

00P201 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## LIBERTY, MISSOURI

ANITA BURNS, )
        Petitioner, )
     )
v. )
     )
MICHAEL ARMSTRONG, )
        Respondent. )

$CU197- 6788 DR$

Division Number THREE    FILED

**RECEIVED**

OCT 22 1998

TIME:      2:00
RITA FULLER, Clerk
Clay County Circuit Court

### NOTICE TO CALL UP MOTION

## TO: JOHN CHICK, ATTORNEY FOR PETITIONER, ANITA BURNS.

Your are hereby notified that on the 10th day of November, 1998, at 9:00, A.M. or

as soon thereafter as counsel can be heard, Respondent's attorney will call up for hearing

in Division Three of the Clay County Circuit Court of the State of Missouri at 11 S.

Water, Liberty, Missouri, Petitioner's Motion to Set Aside the Extended Full Order of

Protection.

GLENN D. MANIS, #24729
8416 NE Boone Ave., #104
Kansas City, Missouri 64155
816-436-7294

### Certificate of Mailing

I certify that I have mailed by ordinary mail of the United States Postal Service a
copy of this Notice to JOHN CHICK, Petitioner's Attorney at 2601 Kendallwood,
Parkway, Kansas City, Missouri 64110, this 22nd day of October, 1998.

GLENN D. MANIS

WP002892
001202 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

**FILED**

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
AT LIBERTY, MISSOURI

TIME:   OCT 09 1998

*Rita Fuller*

Clay County Circuit Court

ANITA BURNS,                          )

           Petitioner,   )   **Division Number THREE**

                      )

vs.                                   )   Case Number $CV197-006788DR$

                      )

MICHAEL ARMSTRONG,                    )

           Respondent.   )

## MOTION TO SET ASIDE EXTENDED FULL ORDER OF PROTECTION

COMES NOW, MICHAEL ARMSTRONG, Respondent, by and through his

attorney, GLENN D. MANIS, and for his motion to set aside the Extended Full Order of

Protection against Respondent, states as follows:

1.    Contrary to the docket entry in this case, neither Respondent nor his

attorney was present in Court on the date the full order of protection was

extended for another year and so a copy of the order could not be

presented to Respondent in open Court, as stated in the docket entry.

2.    No service of process was made upon the Respondent notifying him of

any hearing as exemplified by the return of the Sheriff's Officer showing

the summons was returned non-est to the Court Clerk.

3.    Local custom, if not due process under the Constitution of the United

States of America and the State of Missouri, requires the Respondent be

notified in accordance with Section 455.040 et. al.al. R.S.Mo., at least five

days before a hearing, even though the Statute only requires three days

notice.

WP902893
001203   Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

WHEREFORE, the Respondent respectfully requests the Court to set aside the

entry of the Order of this Court to Extend the Full Order of Protection against

Respondent for another year and to terminate the Full Order of Protection against

the Respondent.

Respectfully submitted:

GLENN D. MANIS, #24729
ATTORNEY FOR RESPONDENT
8416 NE BOONE AVE. #104
KANSAS CITY, MISSOURI  64155
816-436-7294

STATE OF MISSOURI )
                             ) ss.
COUNTY OF CLAY     )

## VERIFICATION

I, Michael Armstrong, hereby acknowledge that I have read the above Petition
and the facts therein are true and accurate to the best of my knowledge and belief
and I was not served with a copy of the motion or notice to appear in the circuit
court nor was I present in the courtroom when this matter was called before the
court and I believe it violated my constitutional right to have my position heard by
the Court and further I believe the local petition used by the Court requires service
be made upon me no later than five days before my motion is to be heard.
Further, affiant saith not.

Michael Armstrong, Respondent-Movant

Comes before me, a Notary Public, on the _9th_ day of _October_ 1998,
Michael Armstrong, known to me to be the Respondent-affiant in the above
pleading and he states he did read the above Petition and acknowledge that he is
over eighteen years of age and under no mental disability or physical duress and
that he has signed the verification as his own free act and deed.

Notary Public

My Commission expires: _10/27/99_

JUDITH A. EYMANN
Notary Public - Notary Seal
State of Missouri
Clay County
My Commission Expires: October 27, 1999

WP003804
001204 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## CERTIFICATION OF MAILING

I hereby certify that I have by ordinary mail sent a copy of this Motion to Set Aside the Extended Full Order of Protection this 9th day of October, 1998 to: JOHN CHICK, ATTORNEY FOR PETITIONER, ANITA BURNS, 2601 Kendallwood Pkwy., Kansas City, Missouri 64119.

GLENN D. MANIS,
ATTORNEY FOR RESPONDENT

WP002895
001205    Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## SEVENTH JUDICIAL CIRCUIT
### Liberty, Missouri 64069


**To: MICHAEL L ARMSTRONG**

▆▆▆▆▆▆▆▆

LIBERTY MO 64068


**Re:** ANITA L BURNS VS MICHAEL L ARMSTRONG
CV197-6788DR


In the above case our records show that a Judgment has been rendered against you in the amount of:

N/A


which will need to be paid directly to the petitioner/plaintiff.


**Costs due the court:** $140.00
**Date Due:** 09-19-1998


Please make your check/money order payable to **Clay County Circuit Clerk, PO Box 218, Liberty, Mo. 64069 ATTN: BOOKKEEPING.** Please indicate the case number on your payment.

Date notice sent : Wednesday, September 09, 1998

R. Carpenter, D.C.


Form No. 401 8/97

WP903896
**001206** Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

 

# CIRCUIT COURT OF CLAY COUNTY
## 7th JUDICIAL - LIBERTY, MO

## JUDGMENT

ARMSTRONG, MICHAEL
            (against)

BURNS, ANITA L.
            (in favor)

Case........: CV-197-006788 DR
Date........: Sep 30, 1997

Satisfied...:
Amended.....: Sep 9, 1998
Vacated.....:
Appealed....:

Amt..:                  .00
Costs:        $105.00      -UNPAID-
Date Paid...:
Comments:
09-09-1998 EXTENSION COST - $35.00
                        by: rfc, d.c.

WP902807
001207 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

MAKE RETURN ON REVERSE SIDE AND
RETURN THIS WRIT TO CLAY COUNTY

| STATE OF MISSOURI ORI No. 024043J | ADULT ABUSE ORDER EXTENDING FULL ORDER OF PROTECTION (EX PARTE) | CASE NUMBER CV-196-6788 DR |
|---|---|---|

IN THE CIRCUIT COURT OF CLAY COUNTY, DIVISION  3  , IN LIBERTY, MO

| | RESPONDENT INFORMATION |
|---|---|
| ANITA L. BURNS _____ Petitioner  VS.  MICHAEL L. ARMSTRONG _____ Respondent | SERVICE ADDRESS  ███████████  LIBERTY, MO 64068 |
| | RESPONDENT'S RELATIONSHIP TO PETITIONER  ☐ SPOUSE          ☐ EX-SPOUSE  ☐ RELATED BY ~~RECEIVED~~ER |

RECEIVED
AUG 2 8 1998
CLAY COUNTY SHERIFF
LIBERTY, MO

THE STATE OF MISSOURI TO _____ MICHAEL L. ARMSTRONG _____ RESPONDENT:
The above-named Petitioner has filed a motion to renew the full order of protection that was issued against you on ____ 09-30-97 ____ . The Court has determined that a hearing cannot be held on this motion before the order expires and that, pursuant to Section 455.040 RSMo, an ex parte order of protection should issue until a hearing is held.

THEREFORE, IT IS ORDERED THAT the full order of protection that was issued against you on ____ 09-30-97 ____ , a copy of which is attached, shall remain in full force and effect until the date of the hearing as set forth below.

IT IS FURTHER ORDERED THAT Petitioner's motion to renew the order of protection against you be set for hearing on SEPTEMBER 9 , 1998 at 9:00 A M., in Division , 3 of the Circuit Court of Clay County in Liberty, Missouri.

AUGUST 28 , 1998
_____
Date

_____
S Judge

CERTIFIED COPY
STATE OF MISSOURI COUNTY OF CLAY.
This is to certify that the foregoing is a true and correct copy of the documents on file in my office
Witness my hand and official seal this ____ day of ____ 1998
Clerk of Circuit Court, RITA FULLER
By ____ D.C.

### INSTRUCTIONS TO CLERK

1. The ex parte order of protection and a copy of the petition must be personally served upon Respondent forthwith and not less than 5 days prior to the date of hearing.

2. A copy of the ex parte order of protection shall be issued to the Petitioner.

3. A copy of the ex parte order of protection shall be issued to the local law enforcement agency (police or sheriff) in the city or county where Petitioner resides.

4. A copy of the ex parte order of protection shall be issued the same day the order is granted to the local law enforcement agency responsible for maintaining the Missouri Uniform Law Enforcement System (MULES).

Form 123   6/90

001208
WP902898
Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## SHERIFF'S RETURN OF SERVICE

I hereby cer
delivering a
Respondent.

I hereby certify that I attempted to serve the within Civil Process in the
County of Clay, State of Missouri on the 6th day of September,
199 8 by searching diligently for and failing to find the within named
defendant(s) Michael Armstrong

petition by
tition to the

Served in _____

NON EST

Bob Boydston

, 19____.

SHERIFF'S FEES

FEE:

B Hasty

Served by

SERVICE FEE    $ _____

MILEAGE        $ _____

BY: _____

SHERIFF

TOTAL          $ 35.00

DEPUTY SHERIFF

FILED

SEP 08 1998

TIME:

RITA FULLER, Clerk
Clay County Circuit Court

WP902899
001209 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

·IN·THE CIRC⬤T COURT ·OF CLAY CO⬤TY, MISSOURI

Anita Burns
PETITIONER

VS.                                No. _____

Michael Armstrong
RESPONDENT

## ADULT/CHILD ABUSE SERVICE INFORMATION

RESPONDENTS WORK ADDRESS                    RESPONDENTS HOME ADDRESS

None                                        ███████████████████████
_____                                 _____
COMPANY NAME                                STREET ADDRESS

                                            Liberty    MO    64068
_____                  CITY      STATE      ZIP
STREET ADDRESS

                                            Clay        781-8315
_____                 COUNTY      PHONE NUMBER
CITY       STATE      ZIP

NATURE OF WORK: _____    WORK HOURS: ____ TO ____ WORK PHONE: _____

### OTHER LOCATIONS WHERE RESPONDENT MAY BE FOUND
(Do Not List Bars and Drinking Establishments)

_____                 _____
PLACE OR NAME                               PLACE OR NAME

_____                 _____
STREET ADDRESS                              STREET ADDRESS

_____                 _____
CITY       STATE      ZIP                   CITY       STATE      ZIP

### RESPONDENTS DESCRIPTION
(Attach Photo if Available)

RESPONDENTS HEIGHT 5'2" WEIGHT 150 COLOR OF HAIR Light-brown DOB ████████

RACE W SOCIAL SECURITY# ████████████ HAIR LENGTH/STYLE Short-Bald on top

VISIBLE IDENTIFYING MARKS (e.g. tattoos, birthmarks, braces, beard, pierced ear, etc.)
Always wears a baseball cap.

NICKNAMES Mic

MAKE OF CAR: Ford MODEL: Bronco YEAR: ____ COLOR: Black/Silver LICENSE# ____

ADDITIONAL INFORMATION Yes, prior Assault SIS
(e.g. DOES RESPONDENT HAVE A PRIOR CRIMINAL RECORD, CARRY A WEAPON, FIREARM, ETC.)

Form 124   5/90

001210  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

| STATE OF MISSOURI ORI No. 024043J | ADULT ABUSE ORDER EXTENDING FULL ORDER OF PROTECTION (EX PARTE) | CASE NUMBER CV 198-6788 DR |
|---|---|---|

IN THE CIRCUIT COURT OF CLAY COUNTY, DIVISION   3   , IN LIBERTY, MO

ANITA L. BURNS
_____
                        Petitioner

VS.

MICHAEL L. ARMSTRONG
_____
                        Respondent

**RESPONDENT INFORMATION**

SERVICE ADDRESS

███████████████

LIBERTY, MO 64068

**RESPONDENT'S RELATIONSHIP TO PETITIONER**

☐ SPOUSE                    ☐ EX-SPOUSE

☐ RELATED BY BLOOD/MARRIAGE  ☒ OTHER

THE STATE OF MISSOURI TO _____ MICHAEL L. ARMSTRONG _____, RESPONDENT:
The above-named Petitioner has filed a motion to renew the full order of protection that
was issued against you on   09-30-97   . The Court has determined that a
hearing cannot be held on this motion before the order expires and that, pursuant to
Section 455.040 RSMo, an ex parte order of protection should issue until a hearing is
held.

THEREFORE, IT IS ORDERED THAT the full order of protection that was issued against you
on ____ 09-30-97 _____, a copy of which is attached, shall remain in full force and
effect until the date of the hearing as set forth below.

IT IS FURTHER ORDERED THAT Petitioner's motion to renew the order of protection against
you be set for hearing on SEPTEMBER 9 , 1998 at 9:00 A M., in Division , 3
of the Circuit Court of Clay County in Liberty, Missouri.

AUGUST 28 , 1998
_____
                        Date

_____
                        Judge

CERTIFIED COPY
STATE OF MISSOURI COUNTY OF CLAY
I certify that the foregoing is a true an.
correct copy of the documents on file in my office.
Witness my hand and official seal this
day of
Clerk of Circuit Court A A FULLER
By_____ D.C.

**INSTRUCTIONS TO CLERK**

1. The ex parte order of protection and a copy of the petition must be personally
   served upon Respondent forthwith and not less than 5 days prior to the date of
   hearing.

2. A copy of the ex parte order of protection shall be issued to the Petitioner.

3. A copy of the ex parte order of protection shall be issued to the local law
   enforcement agency (police or sheriff) in the city or county where Petitioner
   resides.

4. A copy of the ex parte order of protection shall be issued the same day the order
   is granted to the local law enforcement agency responsible for maintaining the
   Missouri Uniform Law Enforcement System (MULES).

Form 123   6/90

WP902901
001211  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF **CLAY** COUNTY, MISSOURI

| DIVISION | COURT ORI NUMBER | 024043J |
|---|---|---|
| ☐ CIRCUIT/NO. | | |
| ☐ ASSOCIATE/NO | CASE NUMBER | |

| PETITIONER | RESPONDENT'S HOME ADDRESS. |
|---|---|
| ANITA L BURNS | |
| D.O.B., AGE OR SOC. SEC. # | (DATE FILE STAMP) |
| **VS.** | |

| RESPONDENT | RESPONDENT'S WORK ADDRESS: |
|---|---|
| MICHAEL ARMSTRONG | |

RESPONDENT'S RELATIONSHIP TO PETITIONER

[ ] SPOUSE    [ ] EX-SPOUSE    [ ] RELATED BY BLOOD/MARRIAGE

XX OTHER ___ STALKING

SEX [ ] F XX[ ] M
D.O.B., AGE OR SOC. SEC. #

APPEARANCES:  [ ] PETITIONER  [ ] PETITIONER'S ATTORNEY  [ ] RESPONDENT  [ ] RESPONDENT'S ATTORNEY  [ ] OTHER ___

## ADULT ABUSE
## FULL ORDER OF PROTECTION
### Also used for Consent Orders and Extensions of Full Orders of Protection

(Check Applicable Statement)

[X] The petitioner has filed a petition requesting issuance of an order of protection and a notice was served together with a copy of the petition to the respondent at least three days prior to the hearing. The matter was heard and submitted to the Court, and upon due consideration of the matter, the Court finds pursuant to Section 455.040 RSMo that the petitioner has proved the allegations of ~~abuse or~~ stalking.

[ ] The petitioner and respondent submit this Consent Judgment and request that the Court order the following:

─────────── ORDER (Only Those Provisions Checked Apply) ───────────

[X] This order replaces and supersedes the ex parte order of protection entered in this cause on (date) __9/16/97__ and serves as notice of termination of that order.

[ ] This order extends the full order of protection entered in this cause on (date) ___ and serves as notice of termination of that order.

[X] Respondent shall not stalk, abuse, threaten to abuse, molest or disturb the peace of petitioner wherever the petitioner may be.

[X] Respondent shall not enter or stay upon the premises of the dwelling of petitioner, located at ___ Kearney, Mo (ADUC) or wherever she may be.

[ ] Respondent shall not transfer, encumber or otherwise dispose of the following property mutually owned or leased with petitioner: ___

[ ] Petitioner to be given temporary possession of the following personal property: ___

[ ] Respondent shall participate in the court approved counseling program for
[ ] batterers  [ ] substance abuse treatment  at ___ beginning ___

[ ] Custody of child(ren) is awarded as follows:
Child's Name                    Person to Receive Custody

[ ] The following visitation schedule is established:

[ ] Respondent to pay child support as follows: $___ per child per ___ with first payment due (date) ___

CSCA (4-86) AA20   #119

001212
Filmed by Clay County Microfilm Department on May 19, 2015 at 11:13

[ ] Respondent to pay maintenance to petitioner as follows: $_____ per month/week with first payment due (date) _____.

[ ] Petitioner/respondent shall execute an income assignment for:  [ ] child support      [ ] maintenance

[ ] Respondent to pay petitioner's rent or mortgage in the amount of $_____ per _____ to _____ with first payment due (date) _____.

[ ] Respondent shall pay for housing or other services provided to the petitioner by a shelter for victims of domestic violence in the amount of $_____ per _____ to _____ with first payment due (date)_____.

[ ] Petitioner/respondent shall pay to the petitioner/respondent the amount of $_____ for the cost of maintaining or defending this action.

[ ] Petitioner/respondent shall pay to the petitioner/respondent attorney's fees in the amount of $_____.

[X] Court costs are assessed to _Respondent_____

THIS ORDER SHALL BE EFFECTIVE UNTIL (DATE)_9/29/98__, UNLESS SOONER TERMINATED OR EXTENDED. VIOLATION OF THIS ORDER MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR AS LONG AS FIVE YEARS AND BY A FINE OF AS MUCH AS FIVE THOUSAND DOLLARS.

IF SO ORDERED BY THE COURT, THE RESPONDENT IS FORBIDDEN TO ENTER OR STAY AT THE PETITIONER'S RESIDENCE.

_9/30/97_____
DATE

SO ORDERED _____
JUDGE

**CONSENT ORDERS ONLY**

This consent is not to be taken as an admission by respondent that the allegations contained in the petition are true; however, respondent consents to the above orders being issued.

_____
PETITIONER'S SIGNATURE

_____
RESPONDENT'S SIGNATURE

_____
ATTORNEY FOR PETITIONER'S SIGNATURE

_____
ATTORNEY FOR RESPONDENT'S SIGNATURE

**NOTICE TO THE PERSON OBLIGATED TO PAY SUPPORT OR MAINTENANCE**
**(Pursuant to Section 452.350)**

Effective January 1, 1994, for every order for child support or maintenance entered or modified by the court under the authority of Chapter 452 or otherwise, income withholding under Section 452.350 RSMo shall be initiated on the effective date of the order unless the court finds there is good reason not to require immediate income withholding or a written agreement between the parties provides for an alternative arrangement.

**INSTRUCTIONS TO CLERK**

1. A copy of the order of protection shall be issued to the petitioner, the respondent, and the law enforcement agency (police or sheriff) in the city or county where the petitioner resides.
2. A copy of the order of protection shall be issued the same day the order is granted to the law enforcement agency responsible for maintaining the Missouri Uniform Law Enforcement System (MULES).
3. A copy of the order of protection shall be served upon or mailed by certified mail to the respondent(s) at their last known address.

**SHERIFF'S OR SERVER'S RETURN (Not Required for Consent Order)**

I certify that I served a copy of this order by delivering a copy to the respondent.

Served at (address)_____

on (date)_____ at(time)_____ M.

SHERIFF'S FEES (if applicable)
Service Fee ___$_____    Mileage    $_____ (_____ miles @ $_____ per mile)
Non Est      $_____    Total        $_____

_____
SHERIFF

WP902903
001213  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF **CLAY** COUNTY, MISSOURI

| DIVISION | COURT ORI NUMBER | 024043J | |
|---|---|---|---|
| ☐ CIRCUIT/NO. _____ | | | |
| ☐ ASSOCIATE/NO. _____ | CASE NUMBER | | |

| PETITIONER ANITA L BURNS | | RESPONDENT'S HOME ADDRESS. | |
|---|---|---|---|
| D.O.B., AGE OR SOC. SEC. # | VS. | | ( DATE FILE STAMP) |

| RESPONDENT MICHAEL ARMSTRONG | RESPONDENT'S WORK ADDRESS: |
|---|---|

RESPONDENT'S RELATIONSHIP TO PETITIONER
[ ] SPOUSE    [ ] EX-SPOUSE    [ ] RELATED BY BLOOD/MARRIAGE
XX OTHER _____ STALKING

SEX [ ] F  XX ] M
D.O.B., AGE OR SOC. SEC. #

APPEARANCES:  [ ] PETITIONER  [ ] PETITIONER'S ATTORNEY  [ ] RESPONDENT  [ ] RESPONDENT'S ATTORNEY  [ ] OTHER _____

## ADULT ABUSE
## FULL ORDER OF PROTECTION
### Also used for Consent Orders and Extensions of Full Orders of Protection

(Check Applicable Statement)

[X] The petitioner has filed a petition requesting issuance of an order of protection and a notice was served together with a copy of the petition to the respondent at least three days prior to the hearing. The matter was heard and submitted to the Court, and upon due consideration of the matter, the Court finds pursuant to Section 455.040 RSMo that the petitioner has proved the allegations of ~~abuse or~~ stalking.

[ ] The petitioner and respondent submit this Consent Judgment and request that the Court order the following:

_____ ORDER (Only Those Provisions Checked Apply) _____

[X] This order replaces and supersedes the ex parte order of protection entered in this cause on (date) **9/16/97** and serves as notice of termination of that order.

[ ] This order extends the full order of protection entered in this cause on (date) _____ and serves as notice of termination of that order.

[X] Respondent shall not stalk, abuse, threaten to abuse, molest or disturb the peace of petitioner wherever the petitioner may be.

[X] Respondent shall not enter or stay upon the premises of the dwelling of petitioner, located at _____ _____ _Kearney, MO (AOU) or wherever she may be._

[ ] Respondent shall not transfer, encumber or otherwise dispose of the following property mutually owned or leased with petitioner: _____

[ ] Petitioner to be given temporary possession of the following personal property: _____

[ ] Respondent shall participate in the court approved counseling program for
[ ] batterers   [ ] substance abuse treatment   at _____ beginning _____.

[ ] Custody of child(ren) is awarded as follows:
Child's Name                          Person to Receive Custody

[ ] The following visitation schedule is established:

[ ] Respondent to pay child support as follows: $_____ per child per _____ with first payment due (date) _____.

OSCA (4-86) AA20  #119                                                    455.010-455.085, RSMo

WP902904
**001214**
Filmed by Clay County Microfilm Department on May 19, 2015 at 11:13

[ ] Respondent to pay maintenance to petitioner as follows: $_____per month/week
with first payment due (date) _____.

[ ] Petitioner/respondent shall execute an income assignment for: [ ] child support        [ ] maintenance

[ ] Respondent to pay petitioner's rent or mortgage in the amount of $_____ per _____ to
_____ with first payment due (date) _____.

[ ] Respondent shall pay for housing or other services provided to the petitioner by a shelter for victims of domestic violence in
the amount of $_____ per _____ to_____
with first payment due (date)_____.

[ ] Petitioner/respondent shall pay to the petitioner/respondent the amount of $_____ for the cost of
maintaining or defending this action.

[ ] Petitioner/respondent shall pay to the petitioner/respondent attorney's fees in the amount of $_____.

[X] Court costs are assessed to _Respondent_.

THIS ORDER SHALL BE EFFECTIVE UNTIL (DATE)___9/29/98___. UNLESS SOONER TERMINATED OR EXTENDED.
VIOLATION OF THIS ORDER MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR AS LONG AS FIVE YEARS AND BY A FINE
OF AS MUCH AS FIVE THOUSAND DOLLARS..

IF SO ORDERED BY THE COURT, THE RESPONDENT IS FORBIDDEN TO ENTER OR STAY AT THE PETITIONER'S RESIDENCE.

___9/30/97___                              SO ORDERED_____
9/9/98 This order extended to 8/31/99. Adopted. JUDGE
                              CONSENT ORDERS ONLY

This consent is not to be taken as an admission by respondent that the allegations contained in the petition are true. However,
respondent consents to the above orders being issued.

_____        _____
PETITIONER'S SIGNATURE                        RESPONDENT'S SIGNATURE

_____        _____
ATTORNEY FOR PETITIONER'S SIGNATURE            ATTORNEY FOR RESPONDENT'S SIGNATURE

### NOTICE TO THE PERSON OBLIGATED TO PAY SUPPORT OR MAINTENANCE
(Pursuant to Section 452.350)

Effective January 1, 1994, for every order for child support or maintenance entered or modified by the court under the authority of
Chapter 452 or otherwise, income withholding under Section 452.350 RSMo shall be initiated on the effective date of the order
unless the court finds there is good reason not to require immediate income withholding or a written agreement between the parties
provides for an alternative arrangement.

### INSTRUCTIONS TO CLERK
1. A copy of the order of protection shall be issued to the petitioner, the respondent, and the law enforcement agency (police or
   sheriff) in the city or county where the petitioner resides.
2. A copy of the order of protection shall be issued the same day the order is granted to the law enforcement agency responsible
   for maintaining the Missouri Uniform Law Enforcement System (MULES).
3. A copy of the order of protection shall be served upon or mailed by certified mail to the respondent(s) at their last known
   address.

### SHERIFF'S OR SERVER'S RETURN (Not Required for Consent Order)
I certify that I served a copy of this order by delivering a copy to the respondent.

Served at (address)_____

on (date)_____at(time)_____M.

### SHERIFF'S FEES (If applicable)
Service Fee    $_____    Mileage    $_____ (_____ miles @ $_____ per mile)
Non Est        $_____    Total      $_____

_____
SHERIFF

WP902905
001215  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

ANITA L. BURNS
_____
PETITIONER

VS.                                          No. __CV197-6788DR__

MICHAEL ARMSTRONG
_____
RESPONDENT

## ADULT/CHILD ABUSE SERVICE INFORMATION

RESPONDENTS WORK ADDRESS                    RESPONDENTS HOME ADDRESS

_unknown_____                   ████████████████████
COMPANY NAME                                STREET ADDRESS

_____                   Liberty    Missouri    64068
STREET ADDRESS                              CITY       STATE        ZIP

_____                   Clay
CITY    STATE    ZIP                        COUNTY          PHONE NUMBER

NATURE OF WORK: _____  WORK HOURS: ____ TO ____ WORK PHONE: _____

OTHER LOCATIONS WHERE RESPONDENT MAY BE FOUND
(Do Not List Bars and Drinking Establishments)

_____                   _____
PLACE OR NAME                               PLACE OR NAME

_____                   _____
STREET ADDRESS                              STREET ADDRESS

_____                   _____
CITY    STATE    ZIP                        CITY    STATE    ZIP

RESPONDENTS DESCRIPTION
(Attach Photo if Available)

RESPONDENTS HEIGHT _5' 6"_ WEIGHT _170_  COLOR OF HAIR Brown ____ DOB _____

RACE _W_  SOCIAL SECURITY# ████████  HAIR LENGTH/STYLE short

VISIBLE IDENTIFYING MARKS (e.g. tattoos, birthmarks, braces, beard, pierced ear, etc.)

_____

_____

NICKNAMES ___"Mic"_____

MAKE OF CAR:_Ford__ MODEL:_____ YEAR:_____ COLOR:bl/gray LICENSE#_____

ADDITIONAL INFORMATION _____
(e.g. DOES RESPONDENT HAVE A PRIOR CRIMINAL RECORD, CARRY A WEAPON, FIREARM, ETC.)

Form 124   5/90

**001216**
WP002006
Printed by Clay County Microfilm Department on May 19, 2015 at 11:13



# Office of the Clay County Circuit Clerk

**RITA FULLER, Circuit Clerk   Seventh Judicial Circuit**

Clay County Courthouse, 11 South Water, P.O. Box 218, Liberty, Missouri 64068          816/792-7704

## COMPUTER ENTRY INFORMATION SHEET

### CLAY COUNTY SHERIFF DEPARTMENT

**PETITIONER**

LAST NAME  Burns          FIRST NAME  Anita       M.I.  L.

RACE  W       SEX  F    DOB _____  AGE _____

SOCIAL SECURITY # ▮▮▮▮▮       PHONE # _____

HOUSE # ▮▮▮▮    STREET ▮▮▮▮▮    APT # _____

CITY  Kearney    STATE  MO    RELATIONSHIP _____

**RESPONDENT**

LAST NAME  Armstrong       FIRST NAME  Michael     M.I. _____

RACE  W       SEX  M    DOB ▮▮▮▮    AGE  53

SOCIAL SECURITY # ▮▮▮▮▮       PHONE # _____

HOUSE # ▮▮▮▮    STREET ▮▮▮▮▮    APT # _____

CITY  Liberty    STATE  MO    RELATIONSHIP _____

Note: Attach FORM17 for Juvenile

Form153  8/95

001217    Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

| STATE OF MISSOURI ORI No. 024043J | ADULT ABUSE ORDER EXTENDING FULL ORDER OF PROTECTION (EX PARTE) | CASE NUMBER CV 198-6788 DR |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF CLAY COUNTY, DIVISION    3    , IN LIBERTY, MO**

ANITA L. BURNS
_____
                              Petitioner

VS.

MICHAEL L. ARMSTRONG
_____
                              Respondent

**RESPONDENT INFORMATION**

SERVICE ADDRESS

████████████████
LIBERTY, MO 64068

**RESPONDENT'S RELATIONSHIP TO PETITIONER**

☐ SPOUSE                    ☐ EX-SPOUSE

☐ RELATED BY BLOOD/MARRIAGE    ☒ OTHER

THE STATE OF MISSOURI TO _____ MICHAEL L. ARMSTRONG _____, RESPONDENT:
The above-named Petitioner has filed a motion to renew the full order of protection that was issued against you on ____09-30-97____. The Court has determined that a hearing cannot be held on this motion before the order expires and that, pursuant to Section 455.040 RSMo, an ex parte order of protection should issue until a hearing is held.

THEREFORE, IT IS ORDERED THAT the full order of protection that was issued against you on ____09-30-97____, a copy of which is attached, shall remain in full force and effect until the date of the hearing as set forth below.

IT IS FURTHER ORDERED THAT Petitioner's motion to renew the order of protection against you be set for hearing on ___SEPTEMBER 9___, 1998 at 9:00 A M., in Division , 3 of the Circuit Court of Clay County in Liberty, Missouri.

AUGUST 28 , 1998
_____
          Date

_____
          Judge

### INSTRUCTIONS TO CLERK

1. The ex parte order of protection and a copy of the petition must be personally served upon Respondent forthwith and not less than 5 days prior to the date of hearing.

2. A copy of the ex parte order of protection shall be issued to the Petitioner.

3. A copy of the ex parte order of protection shall be issued to the local law enforcement agency (police or sheriff) in the city or county where Petitioner resides.

4. A copy of the ex parte order of protection shall be issued the same day the order is granted to the local law enforcement agency responsible for maintaining the Missouri Uniform Law Enforcement System (MULES).

Form 123   6/90

WP902908
001218
Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF    **CLAY**    COUNTY, MISSOURI

| DIVISION Eight | COURT ORI NO.   024043J |
| CIRCUIT/NO. ____ | |
| ASSOCIATE/NO. _____ | CASE NO.  CV197-6788 DR |

| PETITIONER | RESPONDENT'S HOME ADDRESS: |
| Anita L. Burns | ████████████ |
| | Liberty, MO 64068 |
| D.O.B., AGE OR SOC. SEC. #: ████████ | RESPONDENT'S WORK ADDRESS |
| RESPONDENT | |
| Michael L. Armstrong | RESPONDENT'S RELATIONSHIP TO PETITIONER |
| | [ ] SPOUSE  [ ] EX-SPOUSE  [ ] RELATED BY BLOOD/MARRIAGE |
| SEX [ ] F  [X] M | [X] OTHER _____ |
| D.O.B., AGE OR SOC. SEC. #: | |

[ DATE FILE STAMP ]

## ADULT ABUSE
## MOTION FOR RENEWAL OF FULL ORDER OF PROTECTION

The petitioner requests that the court renew the Full Order of Protection that was issued in this case on
____9-30-97____ and terminates on ____9-28-98____ for the reason that:
　　　DATE　　　　　　　　　　　　　　　　　　DATE

[X] The allegations in the Petition for the Order of Protection still exist on this date.

[ ] The following incidents of abuse have occurred since the date the petition was filed:

_____

_____

[ ] Other reasons: _____

**FILED**

AUG 2 6 1998

TIME: _____

*Peter Fuller*

Clay County Circuit Court

Pursuant to 455.040 RSMo., the petitioner requests that the court renew the Full Order of Protection for such time as is necessary to protect the petitioner, at least 180 days, and not more than one year.

I swear the facts stated in the above motion are true according to my best knowledge and belief.

_____*Anita L. Burns*_____
PETITIONER'S SIGNATURE

Subscribed and sworn to before me ____*August 17, 1998*____
　　　　　　　　　　　　　　　　　　　　　　　　DATE

My commission expires ____11-25-2000____    *Joyce M. Bryant*
　　　　　　　　　　　　　　　　　　　　　　NOTARY PUBLIC

NOTARY PUBLIC
JOYCE M BRYANT
STATE OF MISSOURI
SEAL
JOYCE M BRYANT
NOTARY PUBLIC  STATE OF MISSOURI
CLAY COUNTY
MY COMMISSION EXP NOV 25 2000

| JUDGE  *John Chick* | CLERK |
| John E. Chick, Jr.    23771 | |
| ATTORNEY'S NAME, MISSOURI BAR NO., IF APPLICABLE | |
| 2601 Kendallwood Pkwy #103   KCMO   64119 | |
| ADDRESS | |
| (816) 455-2525 | |
| TELEPHONE | |

OSCA (9-96) AA25 #121                                                      455.040 RSMo

001219  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13



Mandate

# Missouri Court of Appeals

## Western District

JANUARY _____ Session, 19 **98**

ANITA BURNS,          )
          RESPONDENT,    )    **WD 55201**
                     )    CIR. CT. CV197-6788DR
VS. (CLAY)         )
                     )
MICHAEL ARMSTRONG,    )
          APPELLANT.     )

NOW ON THIS DAY Appellant having filed a motion for dismissal, it is ordered that the appeal be dismissed and that respondent recover against appellant the costs and charges herein expended upon appeal and have execution therefor.

(Court's Order Filed.)

STATE OF MISSOURI-Sct.

     I, TERENCE G. LORD, Clerk of the Missouri Court of Appeals, Western District, certify that the foregoing is a full, true and complete transcript of the judgment of the Missouri Court of Appeals, Western District, entered of record at the January Session thereof, 1998, and on the 7th day of January, 1998 in the above-entitled cause.

     Given under my hand and the seal of the Court, at Kansas City, Missouri, this 7th day of January, 1998.

_____
TERENCE G. LORD, CLERK

cc: Circuit Clerk, Clay County
     Monja Calvert

**FILED**

TIME:    JAN 09 1998

Clay County Circuit Court

WP003940

001220 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
AT LIBERTY, MISSOURI

In Re the Matter of:           )
                               )
ANITA BURNS                    )
                               )
        Plaintiff,             )
                               )        Case No.:  CV197-6788 DR
vs.                            )
                               )        Division   3
MICHAEL ARMSTRONG              )
                               )
        Defendant.             )

**FILED**

**DEC 16 1997**

TIME:

*Rita Fuller*

Clay County Circuit Court

## AMENDED NOTICE

TO:  **Defendant and Defendant's attorney of record.**

Please take notice that the Plaintiff will, on the 7th day of January, 1998 at 9:00 a.m., or as soon thereafter as counsel may be heard, call up for hearing and disposition Motion for Attorney's Fees on Appeal in Division 3 of the Circuit Court of Clay County, at Liberty, Missouri.

_____
JOHN E. CHICK, JR., #23771
2601 KENDALLWOOD PARKWAY, #103
KANSAS CITY, MISSOURI 64119
(816) 455-2525
FAX (816) 455-2528
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF MAILING

I hereby certify that I mailed a copy of the above and foregoing on this __15__ day of _____, 1997 to Glenn D. Manis, 8416 NE Boone, #104, Kansas City, Missouri, 64155, Attorney for Defendant.

_____
JOHN E. CHICK, JR.

**001221**  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
### AT LIBERTY, MISSOURI

In Re the Matter of:                    )
                                        )
ANITA BURNS                             )
                                        )
            Plaintiff,                  )
                                        )     Case No.:  CV197-6788 DR
vs.                                     )
                                        )     Division   3
MICHAEL ARMSTRONG                       )
                                        )
            Defendant.                  )

**FILED**

**DEC 11 1997**

TIME:

*Rita Fuller*

Clay County Circuit Court

### NOTICE

**TO: Defendant and Defendant's attorney of record.**

Please take notice that the Plaintiff will, on the 23rd day of December, 1997, at 9:00 a.m., or as soon thereafter as counsel may be heard, call up for hearing and disposition Motion for Attorney's Fees on Appeal in Division 3 of the Circuit Court of Clay County, at Liberty, Missouri.

_____
JOHN E. CHICK, JR., #23771
2601 KENDALLWOOD PARKWAY, #103
KANSAS CITY, MISSOURI 64119
(816) 455-2525
FAX (816) 455-2528
ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF MAILING

I hereby certify that I mailed a copy of the above and foregoing on this 11 day of ___December___, 1997 to Glenn D. Manis, 8416 NE Boone, #104, Kansas City, Missouri, 64155, Attorney for Defendant.

_____
JOHN E. CHICK, JR.

WP902942
001222 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
AT LIBERTY, MISSOURI

In Re the Matter of: )
)
ANITA BURNS )
)
       Plaintiff, )
)    Case No.:  CV197-6788 DR
vs. )
)    Division   3
MICHAEL ARMSTRONG )
)
       Defendant. )

**FILED**

TIME: **DEC 11 1997**

*Rita Fuller*
Clay County Circuit Court

## ATTORNEY'S AFFIDAVIT ON APPEAL

**COMES NOW,** John E. Chick, Jr., attorney for Respondent/Plaintiff respectfully request this Court to grant the Plaintiff/Respondent her attorney's fees on appeal and in support thereof states:

1.  That the undersigned attorney will be required to perform the following services in representation Plaintiff/Respondent's appeal.

    a.  A review of the trial transcripts.

    b.  A review of the legal files.

    c.  Legal research on all issues raised by Appellant.

    d.  The drafting and preparation of a statement of the case.

    e.  The drafting and preparation of an Appellate Brief.

    f.  The preparation and presentation of oral argument at the Missouri Court of Appeals, Western District in Kansas City, Missouri.

2.  That the reasonable hourly rate for the services provided by the undersigned attorney is $145.00 per hour.

WP002943

**001223** Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

3. That the undersigned believes it will take a total of twenty (20) hours to complete the above work and that equates to $2,900.00.

**FURTHER THE AFFIANT STATES NOT.**

_____
JOHN E. CHICK, JR., #23771
2601 KENDALLWOOD PARKWAY, #103
KANSAS CITY, MISSOURI 64119
(816) 455-2525
FAX (816) 455-2528
ATTORNEY FOR PLAINTIFF

STATE OF MISSOURI   )
                    ) ss.
COUNTY OF Clay      )

John E. Chick, Jr., of lawful age, being duly sworn on oath, states that he is the attorney named above; that the facts stated therein are true according to the best knowledge and belief of the attorney.

_____
John E. Chick, Jr.

**SUBSCRIBED AND SWORN TO BEFORE ME**, a notary public, this 9th day of November, 1997.

_____
Notary Public

My Commission Expires:

April 2, 1999

KATHLEEN A. JOHNSON
Notary Public - Notary Seal
STATE OF MISSOURI
CLAY COUNTY
My Commission Expires APRIL 2, 1999

## CERTIFICATE OF MAILING

I hereby certify that I mailed a copy of the above and foregoing on this 11 day of November, 1997 to Glenn D.

WP003944
001224 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

Manis, 8416 NE Boone, #104, Kansas City, Missouri, 64155, Attorney

for Defendant.

_____
JOHN E. CHICK, JR.

WP903945
001225 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
AT LIBERTY, MISSOURI

TIME: **DEC 11 1997**

*Peter Fueller*

Clay County Circuit Court

In Re the Matter of: )
)
ANITA BURNS )
)
      Plaintiff, )
) Case No.: CV197-6788 DR
vs. )
) Division 3
MICHAEL ARMSTRONG )
)
      Defendant. )

## MOTION FOR ATTORNEY'S FEES ON APPEAL

**COMES NOW**, the Plaintiff, by and through her attorney of record and for her Motion states:

1. That on September 30, 1997 the Honorable Commissioner Michael Walker entered an Adult Abuse Full Order of Protection.

2. That on October 14, 1997 the Defendant filed a Motion to Set Aside the Restraining Order or in the Alternative Motion for Rehearing. That Motion was denied on October 16, 1997 and the finds and recommendations were adopted and confirmed.

3. That on November 25, 1997 the Defendant filed his Notice of Appeal in the Missouri Court of Appeals, Western District.

4. That the Petitioner has and will continue to incur fees and costs for her post trial appeal representation.

5. That the Defendant is able bodied and capable of earning a substantial and lucrative income which would enable him to provide the Plaintiff with her attorney's fees and costs on appeal.

6. That attached hereto and made a part hereof is the Reporting Affidavit of Plaintiff's counsel concerning the services that counsel will be required to perform in representing Plaintiff's interests on appeal.

WP002946

**001226**

7.   That this Court is vested with equitable powers.

8.   That Section 455.536, Revised Statutes of Missouri, provides that the Court may Order sums for legal services rendered prior to commencement of the proceeding or after the Entry of the Judgment.   Such authority is derivative upon the Court confirming the findings.

**WHEREFORE**, the Plaintiff respectfully requests that she be granted her attorney's fees and costs on appeal.

                    JOHN P. CHICK, JR., #23771
                    2601 KENDALLWOOD PARKWAY, #103
                    KANSAS CITY, MISSOURI 64119
                    (816) 455-2525
                    FAX (816) 455-2528
                    ATTORNEY FOR PLAINTIFF

**STATE OF MISSOURI**     )
**COUNTY OF** CLAY        )  **ss.**
                          )

Anita Burns of lawful age, being duly sworn on oath, states that she is the Plaintiff named above; that the facts stated therein are true according to the best knowledge and belief of the Plaintiff.

                    Anita Burns
                    Anita Burns

     **SUBSCRIBED AND SWORN TO BEFORE ME**, a notary public, this ____ day of _____, 1997.

                    Kathleen Johnson
                    Notary Public

My Commission Expires:

April 2, 1999

KATHLEEN A. JOHNSON
Notary Public - Notary Seal
STATE OF MISSOURI
CLAY COUNTY
My Commission Expires APRIL 2, 1999

WP002947
001227   Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

I hereby certify that I mailed a copy of the above and foregoing on this __11__ day of _____, 1997 to Glenn D. Manis, 8416 NE Boone, #104, Kansas City, Missouri, 64155, Attorney for Defendant.

JOHN E. CHICK, JR.

Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

WP903948

**001228**

WP902919

Filmed by Clay County Microfilm Department on May 19, 2015 at 11:13

00 1229

**SENDER**
- Complete items 1 and/or 2 for additional services
- Complete items 3 and 4a & b
- Print your name and address on reverse of this form so that we can return this card to you
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number
- The Return Receipt fee will provide you the signature of the person delivered to and the date of delivery

I also wish to receive the following services (for an extra fee)

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee

3 Article Addressed to

JOHN E. CHICK
2601 KENDALLWOOD PARKWAY 103
KANSAS CITY, MO. 64119

CV197-6788DR

4a. Article Number

P 916 991 251

4b Service Type

☒ CERTIFIED

7 Date of Delivery   12-8-97

5 Signature — (Addressee)

8 Addressee's Address
(ONLY if requested and fee paid.)

6 Signature — (Agent)

PS Form 3811, December 1991   **DOMESTIC RETURN RECEIPT**

United States Postal Service

Official Business

PENALTY FOR PRIVATE
USE TO AVOID PAYMENT
OF POSTAGE, $300

U.S.MAIL

KANSAS CITY
PM

FILED

DEC 11 1997

TIME:
OFFICE OF ____ FULLER, Clerk
CLAY COUNTY CIRCUIT COURT
SEVENTH JUDICIAL CIRCUIT ___ Circuit Court
P. O. BOX 218
LIBERTY, MISSOURI 64068

Filed by Clay County Microfilm Department on May 19, 2015 at 11:13

WP902920



# Missouri Court of Appeals
WESTERN DISTRICT
1300 OAK STREET

TERENCE G. LORD
CLERK-DOCKET ATTORNEY

KANSAS CITY, MO. 64106-2970

AREA CODE 816-889-3600
FAX 816-889-3668

December 9, 1997

John E Chick
Suite 103
2601 Kendalwood
Kansas City, MO   64119

Glenn David Manis
8416 NE Boone Ave
Suite 104
Kansas City, MO   64155

IN RE:  W.D. #55201   Cir. Ct. # CV197-6788DR
BURNS, ANITA, RESPONDENT
vs.
ARMSTRONG, MICHAEL, APPELLANT

TO ALL PARTIES OF RECORD:

I hereby acknowledge receipt of the Notice of Appeal in the above cause.  ($50 filing fee paid.)  If the Record on Appeal consists of a Legal File and Transcript, it is due 90 days from the date of filing of the Notice of Appeal in the Circuit Court. Rule 81.18.  If the Record on Appeal consists only of a Legal File, it is due 30 days from the date of filing the Notice of Appeal in the Circuit Court.

The Legal File and Transcript on Appeal should be prepared pursuant to Rules 81.12, 81.14, 81.15 and 81.17.  These should be filed simultaneously in this Court. Pursuant to Rule 81.19, this Court may either lengthen or shorten the time for filing of the Record on Appeal, but will do so only upon good cause shown.

We will no longer acknowledge receipt of the filing of Motions or exhibits with this Court. Please include your office and fax number on all pleadings.

The persons listed above are considered the Attorney of Record for a party or a party representing himself/herself in this case.  They are the only individuals who will receive notifications from this Court. Therefore, the Attorney of Record for any party with more than one counsel has the responsibility of notifying co-counsel of any action. Designation of an Attorney of Record will be changed only upon written agreement of the current attorney.

If you believe this designation is incorrect or if you are not a party to this appeal, please notify this office immediately.

Terence G. Lord
Clerk-Docket Attorney

TGL:sh
cc:  Rita Fuller
Clerk of Clay County

001251  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13



# Office of Circuit Clerk
## Seventh Judicial Circuit
### Civil Division

Receipt #:   227488                    11/26/97
                                       16:35:41


Case #...:   CV197-006788 DR
Adult Abuse

ANITA L. BURNS
            VS
MICHAEL ARMSTRONG

Deposit on costs                         $60.00
                              ===============
                                         $60.00
Total..............:


Check # 2409
From:  GLENN MANIS

Division 3 on 09/30/1997 @  9:00

Filed:                    Rita Fuller
on 09/16/1997             Circuit Clerk
at 11:50

WP903932
001232 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

ANITA BURNS                                    Circuit No. _CV197-6788DR_
                    PLAINTIFF

                                               CLAY                    COUNTY
          VS.     **FILED**                    COMMISIONER MICHAEL WALKER
                                                                      JUDGE
                  **NOV 25 1997**              EIGHT
MICHAEL ARMSTRONG                                               DIVISION NO.
                 TIME DEFENDANT
                   _Rita Fuller_                               APPELLATE NO.
                 Clay County Circuit Court

          NOTICE OF APPEAL TO MISSOURI COURT OF APPEALS
                      WESTERN DISTRICT

NOTICE IS HEREBY GIVEN THAT ____MICHAEL ARMSTRONG____
APPEALS TO THE MISSOURI COURT OF APPEALS, WESTERN DISTRICT.

_____          _____
    DATE NOTICE OF APPEAL FILED             SIGNATURE OF ATTORNEY OF APPELLANT
(TO BE FILLED IN BY CLERK'S OFFICE)

| CASE INFORMATION | |
|---|---|
| NAME OF APPELLANT'S ATTORNEY<br><br>GLENN D. MANIS | NAME OF RESPONDENT'S ATTORNEY<br><br>JOHN E. CHICK |
| STREET<br><br>8416 N.E. BOONE AVE. #104 | STREET<br><br>2601 Kendallwood Pkwy. 103 |
| CITY       STATE       ZIP<br><br>Kansas City, Mo. 64155 | CITY       STATE       ZIP<br><br>Kansas City, Missouri   64119 |
| TELEPHONE<br><br>816-436-7294 | TELEPHONE<br><br>816-455-2525 |
| NAME OF APPELLANT<br><br>MICHAEL ARMSTRONG | NAME OF RESPONDENT<br><br>ANITA BURNS |
| STREET<br><br>▓▓▓▓▓▓▓▓ | NAME OF COURT REPORTER<br><br>JAN ENSMINGER |
| CITY       STATE       ZIP<br><br>LIBERTY, MISSOURI  64068 | TELEPHONE OF COURT REPORTER<br><br>816-792-7711 |
| DATE OF JUDGMENT<br><br>September 30, 1997      1 | DATE AFTER-TRIAL MOTION FILED<br><br>October 14, 1997 |
| COURT  XX<br>           NUMBER OF DAYS<br>           OF TRIAL<br>JURY                    1 | DATE AFTER-TRIAL MOTION DECIDED<br><br>October 16, 1997 |
| BRIEF DESCRIPTION OF CASE:<br><br>ADULT ABUSE RESTRAINING ORDER | JUDGMENT OR ORDER APPEALED FROM:<br>(ATTACH A COPY OF JUDGMENT) |

Form 120   5/90

WP902923
**001233** Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## DIRECTIONS TO CLERK

THE CLERK IS REQUIRED TO MAIL A COPY OF THE NOTICE OF APPEAL BY REGISTERED OR CERTIFIED MAIL TO THE ATTORNEYS OF RECORD OF ALL PARTIES OTHER THAN THOSE TAKING THE APPEAL, AND TO MAIL A COPY OF THE NOTICE OF APPEAL TOGETHER WITH THE DOCKET FEE TO THE CLERK OF THE APPELLATE COURT. IF A PARTY DOES NOT HAVE AN ATTORNEY, THE NOTICE MUST BE MAILED TO THE PARTY AT HIS LAST KNOWN ADDRESS. A COPY OF THE NOTICE OF APPEAL IS TO BE SENT BY REGISTERED OR CERTIFIED MAIL TO THE ATTORNEY GENERAL WHEN THE APPEAL INVOLVES A FELONY. THE CLERK SHOULD THEN FILL IN THE MEMORANDUM BELOW. (SEE RULE 81.08 AND 30.01(H) AND (I)).

## MEMORANDUM OF THE CLERK

I HEREBY CERTIFY THAT I MAILED A COPY OF THE WITHIN NOTICE OF APPEAL BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO THE PARTIES BELOW AT THE ADDRESSES LISTED:

John E. Chick
2601 Kendallwood Parkway, 103
Kansas City, Mo. 64119

I HAVE ALSO MAILED A COPY OF THE WITHIN NOTICE OF APPEAL, TOGETHER WITH THE $50.00 DOCKET FEE DEPOSITED BY APPELLANT (OR ATTESTED COPY OF ORDER TO APPEAL AS A POOR PERSON) TO THE CLERK OF THE MISSOURI COURT OF APPEALS, WESTERN DISTRICT.

Date: December 4, 1997

(SEAL)

Rita Fuller, Circuit Clerk
Seventh Judicial Circuit of Missouri

By _____
Deputy Clerk

Form 120   5/90

WP003924
**001234**
Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

MISSOURI COURT OF APPEALS
WESTERN DISTRICT
No. WD _____

CIVIL CASE INFORMATION FORM SUPPLEMENT

Please type or neatly print the information requested. This form must be filed with the Notice of Appeal (Form 8-B) with the Circuit Clerk.

ANITA L. BURNS
Plaintiff

VS

MICHAEL ARMSTRONG
Defendant

JOHN E. CHICK
Attorney's Name
2601 Kendallwood Pkwy. #103
Street Address
KansassCity, Missouri  64119
City        State       Zip

GLENN D. MANIS
Attorney's Name
8416 N.E. Boone Ave. #104
Street Address
Kansas City, Missouri  64155
City        State       Zip

Date Notice filed in Circuit Court   November 25, 1997

The Record on Appeal will consist of a:

_____ Legal File Only or ____xx____ Transcript & Legal File

(This will include records filed pursuant to Rules 81.13 & 81.16)

FACTUAL BACKGROUND:  (Events Giving Rise to Cause of Action)
Plaintiff alleges Respondent threstened to kill her and hadbeen stalking her.

ISSUE(S):  (Anticipated To Be Presented by the Appeal; Appellant is Not Bound by this Designation)
Order against the weight of the evidence, abuse of discretion and failure of Court to grant a continuance to allow the defendant sufficient time to prepare and subpoena witnesses in the cause

Two (2) typewritten pages maximum

Form 120A    6/92

WP002925
001295  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

FILED

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI OCT 21 1997
FAMILY COURT DIVISION    TIME
AT LIBERTY, MISSOURI

*Clay County Circuit Court*

In Re the Matter of:           )
                               )
ANITA BURNS                    )
                               )    Case Number:   CV197-6788 DR
           Petitioner,         )
                               )    Division 8
vs.                            )
                               )
MICHAEL ARMSTRONG              )
                               )
           Respondent.         )

## ANSWER TO MOTION TO SET ASIDE

**COMES NOW**, the Petitioner, by and through her attorney of record and for her response to the Motion states:

1. That she denies paragraph 1.

2. That she denies paragraph 2, but affirmatively, with regard to paragraph 2, it is evident that Respondent/Defendant and his counsel are unaware of the difference between level of proof in a criminal matter and level of proof in a civil matter. If the level were the same O.J. Simpson would still be residing at Brentwood mansion and gazing on his Heisman Trophy on top of his piano.

3. That she denies paragraph 3 as to the allegations of the Order of Full Protection being erroneous.

4. That she denies paragraph 4.

5. That she denies paragraph 5.

6. That the Motion fails to state sufficient facts and reasons to confer jurisdiction over the parties or subject matter.

7. That the Petitioner is without adequate means to pay for her legal representation in the defense of the Motion to Set Aside.

WP902926
001236 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

WP902927

Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

P 916 991 251

| RETURN RECEIPT SERVICE | POSTAGE | | POSTMARK OR DATE |
|---|---|---|---|
| | SHOW TO WHOM DATE AND ADDRESS OF DELIVERY / RESTRICTED DELIVERY | / | |
| | CERTIFIED FEE   RETURN RECEIPT | | |
| | TOTAL POSTAGE AND FEES | | |

NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(SEE REVERSE)

001257

**SENT TO:**

JOHN E. CHICK
2601 KENDALLWOOD PARKWAY 103
KANSAS CITY, MO. 64119

CV197-6788DR

PS FORM 3800

RECEIPT FOR CERTIFIED MAIL

UNITED STATES
POSTAL SERVICE

**IMPORTANT:** PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF RETURN ADDRESS.

FILED

OCT 2 1 1997
TIME: 8454

*Rita Fuller*

Clay County Circuit Court

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
FAMILY COURT DIVISION
AT LIBERTY, MISSOURI

In Re the Matter of:            )
                                )
ANITA BURNS                     )
                                )
            Petitioner,         )    Case Number:  CV197-6788 DR
                                )
vs.                             )    Division 8
                                )
MICHAEL ARMSTRONG               )
                                )
            Respondent.         )

## ANSWER TO MOTION TO SET ASIDE

**COMES NOW**, the Petitioner, by and through her attorney of record and for her response to the Motion states:

1. That she denies paragraph 1.

2. That she denies paragraph 2, but affirmatively, with regard to paragraph 2, it is evident that Respondent/Defendant and his counsel are unaware of the difference between level of proof in a criminal matter and level of proof in a civil matter. If the level were the same O.J. Simpson would still be residing at Brentwood mansion and gazing on his Heisman Trophy on top of his piano.

3. That she denies paragraph 3 as to the allegations of the Order of Full Protection being erroneous.

4. That she denies paragraph 4.

5. That she denies paragraph 5.

6. That the Motion fails to state sufficient facts and reasons to confer jurisdiction over the parties or subject matter.

7. That the Petitioner is without adequate means to pay for legal representation in the defense of the Motion to Set Aside.

WP002928
001238  Filmed by Clay County Microfilm Department on May 19, 2015 at 11:13

That the Respondent is able bodied and capable of earning a substantial and lucrative income sufficient to enable Respondent to pay Petitioner's legal fees and costs in connection with the defense of the Motion.

**WHEREFORE,** Petitioner respectfully requests that the Court dismiss the Motion of the Respondent filed October 14, 1997, award to Petitioner her reasonable attorney's fees and costs herein, and for any further Order this Court deem just and proper under the circumstances.

JOHN E. CHICK, JR., #23771
2601 KENDALLWOOD PARKWAY, #103
KANSAS CITY, MISSOURI 64119
(816) 455-2525
FAX (816) 455-2528
ATTORNEY FOR PETITIONER

## CERTIFICATE OF MAILING

I hereby certify that I mailed a copy of the above and foregoing on this __/7__ day of _____Oct_____, 1997 to Glenn D. Manis, 8416 N.E. Boone, #104, Kansas City, Missouri, 64155, Attorney for Respondent.

JOHN E. CHICK, JR.

WP002929
001259  Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

RITA FULLER
CLAY COUNTY CIRCUIT CLERK
P.O. BOX 218
LIBERTY, MISSOURI 64068

Glenn D. Manis
and
John Chick

Re:    Anita Burns         V Michael Armstrong        No.CV197 6788DR

You are hereby notified the court, Division Number    Three    made the following entry in the
above mentioned cause on this    16th    day of  October  ,19 97  , to wit:

Oct 16   1997    Motion to set aside &/or rehearing denied.  Findings & recommendations
adopted and confirmed. JW/mc

Yours very truly,

RITA FULLER
Clay County Circuit Clerk

By_____

*Deputy Clerk*

Form 515 10/89

WP902930
001240 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

FILED

OCT 1 4 1997

*Rita Fuller*

Clay County Circuit Court

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## FAMILY COURT DIVISION
## AT LIBERTY

ANITA BURNS,                      )
           Plaintiff,          )
                            )     Case No. CV197- 6788 DR
v.                                )
                            )     Division No. 8
MICHAEL ARMSTRONG,                )
           Defendant.          )

## MOTION TO SET ASIDE RESTRAINING ORDER OR IN THE ALTERNATIVE MOTION FOR REHEARING AS TO RESTRAINING ORDER ENTERED SEPTEMBER 30, 1997

COMES NOW Defendant, Michael Armstrong, and by his attorney, Glenn D. Manis, and for this Motion to set aside restrainging order or in the alternative Motion for Rehearing as to entry of Restraining Order September 30, 1997, against Michael Armstrong does hereby allege and state to the Court as follows, to-wit:

1.    The Restraining Order as entered on September 30, 1997, is erroneous in that the Commissioner bases the restraining order upon speculation, inuendo and hearsay evidence over the objection of counsel of record, Julie Cooper, Esq.

2.    The Restraining Order as entered on September 30, 1997, is erroneous in that the only evidence of an assault alleged by Anita Burns alleged Defendant Michael Armstrong had assaulted Anita Burns in the HyVee store at Liberty, Missouri by threatening to kill her and those allegations had previously been heard in criminal trial in municipal court of Liberty, Missouri by the Honorable Judge Russell of Division Two of the Circuit Court of the County of Clay, State of Missouri and the Defendant Michael Armstrong was found not guilty of those charges brought by the complainant Anita Burns.

3.    The Restraining Order as entered on September 30, 1997, is erroneous in that the Defendant has every right to travel the open, public roadways of the State of Missouri, City of Liberty, Missouri or the private roadways of William Jewell College and

1

Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

just because he is on a roadway or parked in a public parking space and the Plaintiff passes by the Defendant does not mean the Defendant is stalking, threatening or harrassing the Plaintiff, especially when he is coming out of William Jewell College and stopped at a stop sign and the Plaintiff passes him on an adjoining roadway or highway.

4.    The Restraining Order as entered on September 30, 1997, is erroneous in that there is no evidence of any physical harm to the Plaintiff or her property by the Defendant Michael Armstrong.

5.    The Restraining Order as entered on September 30, 1997, is erroneous in that the Commissioner bases the restraining order upon the Plaintiff's supposition Michael Armstrong must be stalking her, threatening her or doing her property damage, even though she does not know why he would want to harm her and her supposition that no one else would want to do her harm is not supported by the weight of the credible evidenence as she has admitted she has represented defendants through her employment in the Office of the Missouri State Public Defenders who have felt they were convicted unjustly and blame her for going to jail who would have a motive for wanting to harm her or her property.

WHEREFORE, Respondent prays for an Order of this Court to set aside the Restraining Order entered against him on September 30, 1997 or in the alternative to grant a rehearing of the Plaintiff's Petition for a Restraining Order against the Defendant which resulted in the erroneous entry of a restraining order issued by this court on September 30, 1997, concerning the particulars as set out above, and for any further relief as this Court may deem just, equitable and proper in the premises.

GLENN D. MANIS, Missouri Bar #24729
ATTORNEY FOR DEFENDENT
8416 N.E. Boone Ave., Ste. 104
Kansas City, Missouri  64155
(816) 436-7294

2

WP902932
001242 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## AFFIDAVIT

STATE OF MISSOURI )
                       )
COUNTY OF CLAY )

MICHAEL ARMSTRONG, of lawful age, being duly sworn on his oath, states that he is the Defendant named above and that the facts stated therein are true according to his best knowledge and belief.

MICHAEL ARMSTRONG

    Subscribed and sworn to before me, the undersigned Notary Public, this _____ day of October, 1997.

Mary A. Farmer
Notary Public

My Commission expires:

MARY A FARMER
NOTARY PUBLIC STATE OF MISSOURI
CLAY COUNTY
MY COMMISSION EXP. OCT. __ 1999

## CERTIFICATE OF MAILING

    I hereby certify that I mailed to: Plaintiff's Attorney, John Chick at 2601 Kendallwood Parkway, Kansas City, Missouri 64119, a copy of the above Motion to Set Aside Restraining Order or in the alternative Motion for Rehearing as to the Restraining Order entered September 30, 1997, postage prepaid by regular U.S. Mail on the 14th day of October, 1997.

GLENN D. MANIS

3

WP903933
001243    Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## SEVENTH JUDICIAL CIRCUIT
### Liberty, Missouri  64068

To:  **MICHAEL ARMSTRONG**

LIBERTY MO 64068

Re:  **BURNS  VS  ARMSTRONG**
**CV197-6788DR**

In the above case our records show that a Judgment has been rendered against you in the amount of:

N/A

which will need to be paid directly to the petitioner/plaintiff.

Costs due the court:  $105.00
Date Due:            OCTOMBER 10,1997  *dumpd*  .

Please make your check/money order payable to **Clay County Circuit Clerk, PO Box 218, Liberty, Mo. 64068 ATTN: BOOKKEEPING.**  Please indicate the case number on your payment.

Date notice sent :  Wednesday, October 01, 1997

D. Decker, D.C.

Form No. 401 8/97

WP902934
**001244** Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

# CIRCUIT COURT OF CLAY COUNTY
## 7th JUDICIAL - LIBERTY, MO

## JUDGMENT

ARMSTRONG, MICHAEL
                    (against)

BURNS, ANITA L.
                    (in favor)

Case.........: CV-197-006788 DR
Date.........: Sep 30, 1997

Satisfied...:
Amended.....:
Vacated.....:
Appealed....:

Amt..:                    .00
Costs:          $105.00      -UNPAID-
Date Paid...:
Comments:

                              by: mdd, d.c.

WP902935
001245   Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI,
AT LIBERTY, MISSOURI

IN RE ADULT ABUSE                          ]
EX PARTE ORDER OF PROTECTION               ]
                                           ]
ANITA BURNS,                               ]
                                           ]
              Petitioner,                  ]
                                           ]
       and                                 ]      Case No. CV197-6788DR
                                           ]
MICHAEL ARMSTRONG,                         ]      Div. III
                                           ]
              Respondent.                  ]


## APPLICATION FOR CONTINUANCE

COMES NOW Respondent, Michael Armstrong, and moves the Court to grant a continuance in the above styled case. In support of Respondent's application it is stated and alleged as follows:

1. The Respondent was served on September 25, 1997 during a trial which lasted most of the day.

2. The Respondent's attorney, Glenn Manis, attempted to change his schedule on Friday but could not and is engaged in trial in Division 8 of this Court.

3. The Respondent retained Julie Cooper on Saturday September 27, 1997.

4. Several persons need to be subpoenaed for trial and the petition states that several police reports were made apparently with several different police departments. These police reports were unavailable over the weekend.

**FILED**

TIME:        SEP 29 1997

Clay County Circuit Court

WP902936
001246   Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

5. The Respondent needs at least a week to prepare for trial.

6. This request for a continuance is not made for reasons of delay and the Respondent has no objection to the continuance of the ex parte order of protection remaining in force until the next setting.

7. Counsel for the Petitioner, John Chick, has been contacted but has not agreed to a continuance.

WHEREFORE the Respondent prays this court continue this matter for at least one week and for suh other relief as is just and proper.

JULIE R. COOPER, #24552
6812 North Oak Trafficway, Suite 5
Gladstone, Missouri 64118-2587
(816) 436-3100 FAX (816) 436-8643
ATTORNEY FOR PETITIONER

MICHAEL ARMSTRONG

STATE OF MISSOURI    ]
                     ] ss.
COUNTY OF CLAY       ]

On this 29th day of _September_, 1997, before me, the undersigned Notary Public in and for said state, personally appeared MICHAEL ARMSTRONG, known to me to be the person who executed the foregoing Application for Continuance, swore to me that the facts stated therein were true to the best of his knowledge and belief and that he executed the same as his free act and deed.

2

WP002937
001247   Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

_Janet K. Berls_
Notary Public

My Commission Expires:

JANET K BERLS
NOTARY PUBLIC STATE OF MISSOURI
CLAY COUNTY
MY COMMISSION EXP SEPT 27,2000

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Application for Continuance was faxed to John Chick at 816-455-2528 on September 29, 1997.

_Julie R. Cooper_
JULIE R. COOPER

3

WP002938
001248 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**
**SEVENTH JUDICIAL CIRCUIT**
Liberty, MO  64068

ANITA L. BURNS
_____
Plaintiff

vs.                                                Case No. CV197-6788

MICHAEL ARMSTRONG
_____
Defendant

### REQUEST FOR SERVICE

Pursuant to Supreme Court Rule 54.01, I hereby request that the summons issued in the

above case be returned to me to be served by someone over the age of eighteen and who is not a

party to this action.

9-18-97
_____
Date

Anita Burns by
_____
Plaintiff

K. Jada

**FILED**

SEP 18 1997

TIME:

Rita Fuller
Clay County Circuit Court

Form 112   10/94

001249    Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF **CLAY** COUNTY, MISSOURI

| DIVISION | COURT ORI NUMBER | 024043J |
|---|---|---|
| ☐ CIRCUIT/NO. ———— | | |
| ☐ ASSOCIATE/NO. ———— | CASE NUMBER CV197-6788DR | |

| PETITIONER ANITA L BURNS | RESPONDENT'S HOME ADDRESS |
|---|---|
| | LIBERTY, MO　64068 |
| D.O.B., AGE OR SOC. SEC. #　　VS. | [DATE FILE STAMP] |

| RESPONDENT MICHAEL L ARMSTRONG | RESPONDENT'S WORK ADDRESS: |
|---|---|
| | RESPONDENT'S RELATIONSHIP TO PETITIONER |
| | [ ] SPOUSE　　[ ] EX-SPOUSE　　[ ] RELATED BY BLOOD/MARRIAGE |
| SEX [ ] F　XX [ ] M　D.O.B., AGE OR SOC. SEC. # | XX OTHER ____stalking____ |

## ADULT ABUSE
## EX PARTE ORDER OF PROTECTION

THE STATE OF MISSOURI TO ____MICHAEL L ARMSTRONG____, RESPONDENT:

The petitioner has filed a verified petition requesting an order of protection, and pursuant to Sections 455.035 to 455.045 RSMo, the Court finds there is an immediate and present danger of abuse to petitioner, or petitioner has been a victim of stalking by respondent, and there is good cause to issue an order of protection. See reverse side for definitions of "abuse" and "stalking".

THEREFORE, THE COURT ORDERS, YOU ____MICHAEL L ARMSTRONG____, THE RESPONDENT, NOT TO:

[X] Abuse, threaten to abuse, molest or disturb the peace of the petitioner; or _____
[X] Stalk the petitioner; or
[X] Enter or stay upon the premises of the dwelling of the petitioner, located at _____

_____KEARNEY, MO　64060 OR WHEREVER SHE MAY BE _____

[ ] _____

_____

IT IS FURTHER ORDERED that custody of the children be awarded, until further order of the Court, as follows:

Child's Name　　　　　　　　　　　　　　　　Person to Receive Custody

VIOLATION OF THIS ORDER MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR AS LONG AS FIVE YEARS AND BY A FINE OF AS MUCH AS FIVE THOUSAND DOLLARS.

IF SO ORDERED BY THE COURT, THE RESPONDENT IS FORBIDDEN TO ENTER OR STAY AT THE PETITIONER'S RESIDENCE.

The hearing of this cause shall be in Division __3__ of the Circuit Court of ____Clay____

County, in ____Liberty____ Missouri at _9:00 A._ M. on _Sept. 30, 1997_.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DATE

____SEPTEMBER 16, 1997____　　　SO ORDERED: _____
　　　　　　　DATE　　　　　　　　　　　Senior.　　　　JUDGE

OSCA (4-96) AA10A　#118　　　　　　　　　　　　　　　　455.035 - 455.045 RSMo

**001250** Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

Case 2:19-cv-00414-JPH-DLP   Document 23-36   Filed 09/12/19   Page 86 of 274 PageID #: 4691

# RECORDING LOG — UNCONTESTED MATTERS

Date Sept 16, 1997   Tape No. 1459   Circuit 7   County Clay

Division 3 in 5   Judge R. K. Elliott   Length of time of recording: _____ hrs. _____ min.

Log made by Ki _____

Actual time spent in courtroom for purpose of recording. _____ hrs _____ min.

Appointing Authority for Above (check one).

Circuit Clerk ☑   Associate Circuit Judge ☐   Probate Judge ☐   Other (Designate) _____

| CASE NUMBER | STYLE OF CASE/DESCRIPTION | INDEX NUMBER | IDENTIFICATION | PLAINTIFF ATTORNEY | DEFENDANT ATTORNEY |
|---|---|---|---|---|---|
| CV197 6788DR | Burns vs Armstrong (AH) | 488 | J. | | |
| | | 501 | J. v.o TT | | |
| | | 508 | Oach TT | | |
| | | 513 | J. v.o TT | | |
| | | 614 | J. CCR | | |
| | | 616 | J. v CCR | | |
| | | 636 | J. = | | |
| | | 674 | TT, J, TT End | | |

Form # 523

REV 5-88

00125

Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## IN THE SUPREME COURT OF MISSOURI

### EN BANC

**August 27, 1997**

Pursuant to the provisions of Section 26(3) of Article V of the Constitution of Missouri, it is ordered that:

THE FOLLOWING JUDICIAL PERSONNEL:

**THE HONORABLE R KENNETH ELLIOTT  (13984), RETIRED**

BE ASSIGNED AS A SENIOR JUDGE WITH CONSENT TO THE FOLLOWING COURT OR DISTRICT:

**07th JUDICIAL CIRCUIT**

FOR THE PERIOD:

**MONDAY, SEPTEMBER 15, 1997  TO  FRIDAY, SEPTEMBER 19, 1997**

**CIRCUIT COURT OF CLAY COUNTY**

Jurisdiction of matters and cases undertaken during the period shall extend beyond the period for any actions necessary to complete the assignement, including after-trial proceedings.

_____
DUANE BENTON, CHIEF JUSTICE

STATE OF MISSOURI - SCT.:

I, THOMAS F. SIMON, Clerk of the Supreme Court of Missouri, do hereby certify that the foregoing is a true copy of the order of said court, entered on August 27, 1997 as fully as the same appears of record in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Supreme court.  Done at office in the city of Jefferson, State aforesaid, August 27, 1997.

Clerk

D.C.

TN#  4032

WP002942
001252 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

CERTIFIED COPY
STATE OF MISSOURI COUNTY OF CLAY.
This is to certify that the foregoing is a true and
correct copy of the document's on file in my office
Witness my hand and official seal this ____
day of ____ Sept ____ 19 ____
Clerk of Circuit Court, RITA FULLER
By ____ D.C.

| DIVISION | COURT ORI NUMBER | 024043J |
|---|---|---|
| ☐ CIRCUIT/NO. ____ | | |
| ☐ ASSOCIATE/NO. ____ | CASE NUMBER | CV197-6788DR |

**PETITIONER**
ANITA L BURNS

**RESPONDENT'S HOME ADDRESS**
████████████
LIBERTY, MO    64068

VS.

( DATE FILE STAMP )

D.O.B., AGE OR SOC. SEC. #

**RESPONDENT**
MICHAEL L ARMSTRONG

████████████

SEX [ ] F [X] M
D.O B., AGE OR SOC. SEC. #

**RESPONDENT'S WORK ADDRESS:**

**RESPONDENT'S RELATIONSHIP TO PETITIONER**
[ ] SPOUSE    [ ] EX-SPOUSE    [ ] RELATED BY BLOOD/MARRIAGE
[X] OTHER ____stalking____

## ADULT ABUSE
## EX PARTE ORDER OF PROTECTION

THE STATE OF MISSOURI TO ____MICHAEL L ARMSTRONG____, RESPONDENT:

The petitioner has filed a verified petition requesting an order of protection, and pursuant to Sections 455.035 to 455.045 RSMo, the Court finds there is an immediate and present danger of abuse to petitioner, or petitioner has been a victim of stalking by respondent, and there is good cause to issue an order of protection. See reverse side for definitions of "abuse" and "stalking".

THEREFORE, THE COURT ORDERS, YOU ____MICHAEL L ARMSTRONG____, THE RESPONDENT, NOT TO:

[X]    Abuse, threaten to abuse, molest or disturb the peace of the petitioner; or ____
[X]    Stalk the petitioner; or
[X]    Enter or stay upon the premises of the dwelling of the petitioner, located at ____

████████████ KEARNEY, MO   64060 OR WHEREVER SHE MAY BE

[ ] ____

IT IS FURTHER ORDERED that custody of the children be awarded, until further order of the court, ____

Child's Name

Person to Receive Custody

**RECEIVED**
**SEP 16 1997**
CLAY COUNTY SHERIFF
LIBERTY, MO

VIOLATION OF THIS ORDER MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR AS LONG AS FIVE YEARS AND BY A FINE OF AS MUCH AS FIVE THOUSAND DOLLARS.

IF SO ORDERED BY THE COURT, THE RESPONDENT IS FORBIDDEN TO ENTER OR STAY AT THE PETITIONER'S RESIDENCE.

The hearing of this cause shall be in Division ____3____ of the Circuit Court of ____Clay____

County, in ____Liberty____ Missouri at ____9 oc A____ M. on ____Sept. 30, 1997____.

DATE

SEPTEMBER 16, 1997

DATE

SO ORDERED: ____ Judge

OSCA (4-95) AA13A  #11R

455.035 - 455.045 RSMo

001253
Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
### SEVENTH JUDICIAL CIRCUIT
**Liberty, MO  64068**

ANITA L. BURNS
_____
Plaintiff

vs.                                      Case No. CV197-6788

MICHAEL ARMSTRONG
_____
Defendant

### REQUEST FOR SERVICE

Pursuant to Supreme Court Rule 54.01, I hereby request that the summons issued in the

above case be returned to me to be served by someone over the age of eighteen and who is not a

party to this action.

9-18-97
_____
Date

Anita Burns by
K. Sadel
_____
Plaintiff

Form 112   10/94

FILED

TIME:        SEP 18 1997

Rita Fuller
Clay County Circuit Court

WP00394
001254 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF **CLAY** COUNTY, MISSOURI

| DIVISION | COURT ORI NUMBER | 024043J |
|---|---|---|
| [ ] CIRCUIT/NO. _____ | | |
| [ ] ASSOCIATE/NO. _____ | CASE NUMBER  CV197-6788DR | |

| PETITIONER  ANITA L BURNS ▮ | RESPONDENT'S HOME ADDRESS  8▮  LIBERTY, MO   64068 |
|---|---|
| D.O.B., AGE OR SOC. SEC. #          VS. | [DATE FILE STAMP] |
| RESPONDENT  MICHAEL L ARMSTRONG | RESPONDENT'S WORK ADDRESS: |
| ▮ | RESPONDENT'S RELATIONSHIP TO PETITIONER  [ ] SPOUSE      [ ] EX-SPOUSE      [ ] RELATED BY BLOOD/MARRIAGE |
| SEX [ ] F [XX] M  D.O.B., AGE OR SOC. SEC. # | [XX] OTHER ____ stalking ____ |

## ADULT ABUSE
## EX PARTE ORDER OF PROTECTION

THE STATE OF MISSOURI TO _____ MICHAEL L ARMSTRONG _____, RESPONDENT:

The petitioner has filed a verified petition requesting an order of protection, and pursuant to Sections 455.035 to 455.045 RSMo, the Court finds there is an immediate and present danger of abuse to petitioner, or petitioner has been a victim of stalking by respondent, and there is good cause to issue an order of protection.  See reverse side for definitions of "abuse" and "stalking".

THEREFORE, THE COURT ORDERS, YOU _____ MICHAEL L ARMSTRONG _____, THE RESPONDENT, NOT TO:

[X]   Abuse, threaten to abuse, molest or disturb the peace of the petitioner; or _____

[X]   Stalk the petitioner; or

[X]   Enter or stay upon the premises of the dwelling of the petitioner, located at _____

▮ EARNEY, MO   64060 OR WHEREVER SHE MAY BE

[ ] _____

_____

_____

IT IS FURTHER ORDERED that custody of the children be awarded, until further order of the Court, as follows:

| Child's Name | Person to Receive Custody |
|---|---|
| | |

VIOLATION OF THIS ORDER MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR AS LONG AS FIVE YEARS AND BY A FINE OF AS MUCH AS FIVE THOUSAND DOLLARS.

IF SO ORDERED BY THE COURT, THE RESPONDENT IS FORBIDDEN TO ENTER OR STAY AT THE PETITIONER'S RESIDENCE.

The hearing of this cause shall be in Division __3__ of the Circuit Court of _____ Clay _____

County, in _____ Liberty _____ Missouri at _9:00 A._ M. on _Sept. 30, 1997_.

DATE

_____ SEPTEMBER 16, 1997 _____            SO ORDERED: _____
DATE                                                              Senir.          JUDGE

OSCA [4-96] AA10A   #118                                                    455.035 - 455.045 RSMo

001255   Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

Case 2:19-cv-00414-JPH-DLP    Document 23-36    Filed 09/12/19    Page 91 of 274    PageID #: 4696

# RECORDING LOG — UNCONTESTED MATTERS

Date: Sept 16, 1997    Tape No. 1459    Circuit 7    County Clay

Division: 3 in 5    Judge R. K. Elliott    Length of time of recording _____ hrs _____ min.

Log made by: Ki

Actual time spent in courtroom for purpose of recording. _____ hrs. _____ min.

Appointing Authority for Above (check one).

Circuit Clerk [✓]    Associate Circuit Judge [ ]    Probate Judge [ ]    Other (Designate) _____

| CASE NUMBER | STYLE OF CASE/DESCRIPTION | INDEX NUMBER | IDENTIFICATION | PLAINTIFF ATTORNEY | DEFENDANT ATTORNEY |
|---|---|---|---|---|---|
| CV197 6788DR | Burns vs Armstrong (AA) | 488 | J vo TT | | / |
| | | 500 | J vo TT | | |
| | | 508 | each TT | | |
| | | 513 | J vo TT | | |
| | | 614 | CCR | | |
| | | 616 | J v CCR | | |
| | | 636 | J — | | |
| | | 674 | J TT, J, TT End J | | |

Form # 523    REV 5-88

WP902946

001256

Produced by Clay County Microfilm Department on May 19, 2015 at 11:13

# IN THE SUPREME COURT OF MISSOURI

## EN BANC

**August 27, 1997**

Pursuant to the provisions of Section 26(3) of Article V of the Constitution of Missouri, it is ordered that:

THE FOLLOWING JUDICIAL PERSONNEL:

**THE HONORABLE R KENNETH ELLIOTT (13984), RETIRED**

BE ASSIGNED AS A SENIOR JUDGE WITH CONSENT TO THE FOLLOWING COURT OR DISTRICT:

### 07th JUDICIAL CIRCUIT

FOR THE PERIOD:

### MONDAY, SEPTEMBER 15, 1997  TO  FRIDAY, SEPTEMBER 19, 1997
### CIRCUIT COURT OF CLAY COUNTY

Jurisdiction of matters and cases undertaken during the period shall extend beyond the period for any actions necessary to complete the assignement, including after-trial proceedings.

DUANE BENTON, CHIEF JUSTICE

STATE OF MISSOURI - SCT.:

I, THOMAS F. SIMON, Clerk of the Supreme Court of Missouri, do hereby certify that the foregoing is a true copy of the order of said court, entered on August 27, 1997 as fully as the same appears of record in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Supreme court. Done at office in the city of Jefferson, State aforesaid, August 27, 1997.

Clerk

D.C.

TN#  4032

001257   Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

IN THE CIRCUIT COURT OF **CLAY** COUNTY, MISSOURI

| DIVISION | COURT ORI NUMBER | 024043J |
| --- | --- | --- |
| ☐ CIRCUIT/NO. _____ | | |
| ☐ ASSOCIATE/NO. _____ | CASE NUMBER | CV/97-6788DR |

PETITIONER **Anita L. Burns**

RESPONDENT'S HOME ADDRESS:

██████████

Liberty MO 64068

[DATE FILE STAMP]

D.O.B., AGE OR SOC. SEC. # ██████████

RESPONDENT **Michael Armstrong**

RESPONDENT'S WORK ADDRESS:

**FILED**

SEX ☐ F ☒ M
D.O.B., AGE OR SOC. SEC. #

**ADULT ABUSE**
**PETITION FOR ORDER OF PROTECTION**

SEP 16 1997
TIME 11:50 am

*Rita _____*
Clay County Circuit Court

1. I am the petitioner and    ☒ at least 18 years of age    ☐ under 18 but emancipated

2. The respondent is    ☒ at least 18 years of age    ☐ under 18 but emancipated

3. An act of abuse or stalking as stated below occurred at: (Address, City, County, State)

4. Respondent and I: (check one or more)
   ☐ are spouses    ☐ are related by blood    ☐ were related by marriage
   ☐ were spouses    ☐ have a child in common    ☒ have no relationship other than respondent has stalked me
   ☐ are or were residing together    ☐ are related by marriage

5. Respondent and I: (check one or more)
   ☐ reside together
   ☐ previously resided together at:
   ☒ never resided together

6. The residence in which I live is: (check one or more)
   ☐ jointly owned, leased or rented and jointly occupied by respondent and me
   ☐ owned, leased or rented by me
   ☒ owned, leased or rented by me and someone other than respondent
   ☐ owned, leased or rented by someone else but respondent is my spouse

7. The respondent has intentionally: (check at least one)
   ☐ caused physical harm to me    ☐ sexually assaulted me
   ☐ attempted to physically harm me    ☐ unlawfully imprisoned me
   ☒ placed me in apprehension of immediate physical harm    ☐ coerced me
   ☒ harassed me    ☒ stalked me

BY THE FOLLOWING ACTS: (Include most recent date of each act described) Respondent was observed following Respondent threatened to kill me on 12-14-96. Respondent was observed following me through Jones store, Clay County, Missouri on April 11, 1997, I have had my tires slashed and my vehicle scratched on March 4, 1997, April 22, 1997, and June 20, 1997. On September 15, 1997, a phone call was made to Kate Ladesh stating

8. I am afraid of respondent and there is an immediate and present danger of abuse to or stalking of me because: (describe) "If I don't drop the criminal charge pending against him, what happened at Kate Ladesh's house won't be nothing."
He has threatened to kill me.

OSCA (4-96) AA 40   #115

9. The best interest of the children require, and it is appropriate, to award custody as follows:

| Child's Name | Birth Date | Address | Relationship to Parties | Persons to Receive Custody |
|---|---|---|---|---|
| | | (If other than Petitioner) | | |

by (check one or both)     [ ] temporary order of custody     [ ] full order of custody

10. Indicate any court cases pending or orders entered by this Court or another Court regarding the above children and the parties (if none, so state).

*There is a criminal charge for assaut pending against respondent in Division II set for trial on September 25, 1997.*

11. Pursuant to Section 455.010 to Section 455.085 RSMo, I request that the court issue an order of protection, restraining respondent from: (check boxes that apply)

[X] abusing, threatening to abuse, molesting or disturbing my peace

[X] stalking me

[X] entering the premises of my dwelling located at:

▓▓▓▓▓ *Kearney, MO 64060*,    *work* ▓▓▓▓▓ *Liberty, MO 64068*

12. I request that the respondent be ordered to: (check boxes that apply)

[ ] Pay child support because the respondent is able and I am in need of child support in the amount of $_____ per child, per week/month.

[ ] Pay maintenance because the respondent is able and I am in need of maintenance in the amount of $_____ per child, per week/month.

[ ] Pay my attorney fees.        [ ] Make an assignment of periodic earnings or other income.

[ ] Be permitted visitation as directed by the Court.        [ ] Be required to attend counseling.

[ ] Pay rent or mortgage in the amount of $_____ per _____        [ ] Pay for victim shelter services.

[ ] Be prohibited from transferring, encumbering, or disposing of owned or leased marital property or personal property of mine.

[ ] Provide me with the following personal property:

[ ] Pay court costs.

I swear the facts stated in the above petition are true according to my best knowledge and belief.

*Anita L Burns*

PETITIONER'S SIGNATURE/ADDRESS (UNLESS DISCLOSURE WAIVED)

Subscribed and sworn to before me this *16th* day of *Sept*, *1997*

My commission expires: _____

NOTARY PUBLIC        JUDGE        CLERK

ATTORNEY'S NAME AND MISSOURI BAR NUMBER (IF APPLICABLE)

ADDRESS

TELEPHONE

001259    Filmed by Clay County Microfilm Department on May 19, 2015 at 11:13



IN THE CIRCUIT COURT OF **CLAY** COUNTY, MISSOURI

MAKE RETURN ON REVERSE SIDE AND
URN THIS WRIT TO CLAY COUNTY

CERTIFIED COPY
STATE OF MISSOURI COUNTY OF CLAY.
This is to certify that the foregoing is a true and
correct copy of the documents on file in my office
Witness my hand and official seal this 16
day of _____ Sept 1997
Clerk of Circuit Court, RITA FULLER
by _____ D.C.

| DIVISION | COURT ORI NUMBER | 024043J |
|---|---|---|
| CIRCUIT/NO. | | |
| ASSOCIATE/NO. | CASE NUMBER | CV197-6788DR |

| PETITIONER | RESPONDENT'S HOME ADDRESS |
|---|---|
| ANITA L BURNS ████ | ████████ LIBERTY, MO 64068 |
| D.O.B., AGE OR SOC. SEC. # **VS.** | (DATE FILE STAMP) |

| RESPONDENT | RESPONDENT'S WORK ADDRESS |
|---|---|
| MICHAEL L ARMSTRONG | |
| ████████████ | RESPONDENT'S RELATIONSHIP TO PETITIONER |
| SEX [ ] F [XX] M | [ ] SPOUSE  [ ] EX-SPOUSE  [ ] RELATED BY BLOOD/MARRIAGE |
| D.O.B., AGE OR SOC. SEC. # | [XX] OTHER ___stalking___ |

## ADULT ABUSE
## EX PARTE ORDER OF PROTECTION

THE STATE OF MISSOURI TO ___MICHAEL L ARMSTRONG___, RESPONDENT:

The petitioner has filed a verified petition requesting an order of protection, and pursuant to Sections 455.035 to 455.045 RSMo, the Court finds there is an immediate and present danger of abuse to petitioner, or petitioner has been a victim of stalking by respondent, and there is good cause to issue an order of protection. See reverse side for definitions of "abuse" and "stalking".

THEREFORE, THE COURT ORDERS, YOU ___MICHAEL L ARMSTRONG___, THE RESPONDENT, NOT TO:

[X] Abuse, threaten to abuse, molest or disturb the peace of the petitioner; or _____

[X] Stalk the petitioner; or

[X] Enter or stay upon the premises of the dwelling of the petitioner, located at _____

████████ KEARNEY, MO 64060 OR WHEREVER SHE MAY BE

[ ] _____

IT IS FURTHER ORDERED that custody of the children be awarded, until further order of the Court

Child's Name                              Person to Receive Custody

**RECEIVED**
**SEP 16 1997**
CLAY COUNTY SHERIFF
LIBERTY, MO

VIOLATION OF THIS ORDER MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR AS LONG AS FIVE YEARS AND BY A FINE OF AS MUCH AS FIVE THOUSAND DOLLARS.

IF SO ORDERED BY THE COURT, THE RESPONDENT IS FORBIDDEN TO ENTER OR STAY AT THE PETITIONER'S RESIDENCE.

The hearing of this cause shall be in Division ___3___ of the Circuit Court of ___Clay___

County, in ___Liberty___ Missouri at ___9oo A___ M. on ___Sept. 30, 1997___.
DATE

___SEPTEMBER 16, 1997___                    SO ORDERED: _____
DATE                                                              JUDGE

OSCA (4-96) AA10A  #118                                        455 035 - 455 046 RSMo

WP903950
001260  Printed Clay County Microfilm Department on May 19, 2015 at 11:13

## NOTICE TO RESPONDENT

You are notified that under Section 455.050 RSMo if the court finds in favor of the petitioner or you default, the court may grant any of the following forms of relief to the petitioner:

1. Order the respondent not to stalk, abuse, threaten to abuse, molest or disturb the peace of the petitioner wherever the petitioner may be;
2. Order the respondent not to enter upon the premises of the dwelling of the petitioner;
3. Order the respondent not to transfer, encumber or otherwise dispose of the mutually owned or leased property;
4. Grant temporary possession of property as specified;
5. Order respondent to participate in court approved counseling for batterers and/or substance abuse treatment;
6. Award custody of minor children;
7. Establish a visitation schedule;
8. Award child support and/or maintenance to the petitioner;
9. Order the respondent to make an assignment of earnings or other income;
10. Order the respondent to pay petitioner's rent or mortgage;
11. Order the respondent to pay for housing or other services provided to the petitioner by a shelter;
12. Order the respondent to pay court costs;
13. Order the respondent to pay the petitioner for the cost of maintaining or defending the action;
14. Order the respondent to pay petitioner's attorney fees.



FILED

SEP 26 1997

TIME:

*Rita Fuiler*

Clay County Circuit C...

## DEFINITION OF ABUSE

You are notified that under Section 455.010 RSMo the term "abuse" includes, but is not limited to:

1. the occurrence of, or
2. attempt to do, or
3. threats to do any of the following acts against the petitioner:

   (a) purposely or knowingly placing or attempting to place petitioner in fear of physicial harm;

   (b) purposely or knowingly causing physical harm to petitioner with or without a deadly weapon;

   (c) compelling petitioner by force or threat of force to engage in conduct from which the petitioner has a right to abstain or to abstain from conduct in which the petitioner has a right to engage;

   (d) engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to petitioner and serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial emotional distress to the petitioner. Such conduct might include but is not limited to:

   a. Following petitioner about in a public place or places;

   b. Peering in the window or lingering outside the residence of the petitioner;

   (e) causing or attempting to cause petitioner to engage involuntarily in any sexual act by force, threat of force, or duress; or

   (f) holding, confining, detaining or abducting petitioner against the petitioner's will.

## DEFINITION OF STALKING

You are notified that under Section 455.010(10) RSMo, the term "stalking":
is when a person purposely and repeatedly harasses or follows with the intent of harassing another person. As used in this subdivision, "harass" means to engage in a course of conduct directed at a specific person that serves no legitimate purpose, that would cause a reasonable person to suffer substantial emotional distress. As used in this subdivision, "course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.

## INSTRUCTIONS TO CLERK

1. The ex parte order of protection and a copy of the petition must be personally served upon respondent forthwith and not less than 3 days prior to the date of the hearing.
2. A copy of the ex parte order of protection shall be issued to the petitioner.
3. A copy of the ex parte order of protection shall be issued to the local law enforcement agency (police or sheriff) in the city or county where petitioner resides.
4. A copy of the ex parte order of protection shall be issued the same day the order is granted to the local law enforcement agency responsible for maintaining the Missouri Uniform Law Enforcement System (MULES).

## SHERIFF'S OR SERVER'S RETURN

I hereby certify that I served the within order and petition by delivering a copy of the order and a copy of the petition to the respondent.

Served at (address) _11 S. Water St. - Clay County Court House, Liberty, MO_ on (date) _9-25-97_ at (time) _9:50A_ M.

### SHERIFF'S FEES (if applicable)

Service Fee $_____

Mileage $_____ (_____ miles @ $_____ per mile)

Total $ _35⁰⁰_              _Sgt. W. Jackson_
                                                SHERIFF OR SERVER

WP902951

00I261      ...by Clay County Microfilm Department on May 19, 2015 at 11:13



# Office of the Clay County Circuit Clerk

**RITA FULLER, Circuit Clerk  Seventh Judicial Circuit**

Clay County Courthouse, 11 South Water, P.O. Box 218, Liberty, Missouri 64068                    816/792-7704

## COMPUTER ENTRY INFORMATION SHEET

## CLAY COUNTY SHERIFF DEPARTMENT

**PETITIONER**

LAST NAME _Burns_    FIRST NAME _Anita_    M.I. _L._

RACE _W_    SEX _F_    DOB ▮▮▮    AGE _35_

SOCIAL SECURITY # ▮▮▮    PHONE # _628-3863 (H)_  _792-5394 (W)_

HOUSE # ▮▮▮    STREET ▮▮▮    APT # _____

CITY _Kearney_    STATE _MO_    RELATIONSHIP _____

**RESPONDENT**

LAST NAME _Armstrong_    FIRST NAME _Michael_    M.I. _L_

RACE _W_    SEX _M_    DOB ▮▮▮    AGE _52_

SOCIAL SECURITY # ▮▮▮    PHONE # _781-8315 (H)_

HOUSE # ▮▮▮    STREET ▮▮▮    APT # _____

CITY _Liberty_    STATE _MO_    RELATIONSHIP _____

Note: Attach FORM17 for Juvenile                    _employer: none_

Form153  8/95

Produced by Clay County Microfilm Department on May 19, 2015 at 11:13

**001262**

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

Anita Burns
_____
PETITIONER

VS.                                          No. _____

Michael Armstrong
_____
RESPONDENT

## ADULT/CHILD ABUSE SERVICE INFORMATION

RESPONDENTS WORK ADDRESS                    RESPONDENTS HOME ADDRESS

None                                        ████████████████████████
_____                     ████████████████████████
COMPANY NAME                                Liberty      MO      64068
                                            CITY         STATE   ZIP
_____                     Clay         781-8315
STREET ADDRESS                              COUNTY       PHONE NUMBER

_____
CITY      STATE      ZIP

NATURE OF WORK: _____ WORK HOURS: ____ TO ____ WORK PHONE: _____

### OTHER LOCATIONS WHERE RESPONDENT MAY BE FOUND
(Do Not List Bars and Drinking Establishments)

_____                     _____
PLACE OR NAME                               PLACE OR NAME

_____                     _____
STREET ADDRESS                              STREET ADDRESS

_____                     _____
CITY    STATE    ZIP                        CITY    STATE    ZIP

### RESPONDENTS DESCRIPTION
(Attach Photo if Available)

RESPONDENTS HEIGHT 5'2" WEIGHT 150 COLOR OF HAIR Light brown DOB ████████

RACE W SOCIAL SECURITY# ████████████ HAIR LENGTH/STYLE Short-Bald on top

VISIBLE IDENTIFYING MARKS (e.g. tattoos, birthmarks, braces, beard, pierced ear, etc.)

Always wears a baseball cap.
_____

NICKNAMES Mic

MAKE OF CAR: Ford MODEL: Bronco YEAR: _____ COLOR: Black/Silver LICENSE# _____

ADDITIONAL INFORMATION Yes, prior Assault SIS
(e.g. DOES RESPONDENT HAVE A PRIOR CRIMINAL RECORD, CARRY A WEAPON, FIREARM, ETC.)

Form 124    5/90

001263    Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

In Re the Matter of:

)
)
_____.     )
)
          Petitioner,          )
                               )    Case No. _____
and                            )
                               )
          .                    )
_____.      )
  ,                            )
                               )
          Respondent.          )

## SUPREME COURT RULE 55.05
## FAMILY COURT INFORMATION SHEET

<u>Petitioner</u>                          <u>Respondent</u>

Name _____          Name _____
Mailing Address _____          Mailing Address _____
City/State/Zip _____          City/State/Zip _____
SS# _____                    SS# _____

*List all unemancipated children who are subjects of this proceeding:*

Name (Last, First, Middle)                    Birthdate      Social Security Number
_____    _____    _____
_____    _____    _____
_____    _____    _____
_____    _____    _____

Children reside with *(provide address and telephone number if different from above):*

_____

**I CERTIFY THAT:** _____There are no other related cases

_____ The following are the only cases pending or previously adjudicated in any
court related to dissolution of marriage, custody, visitation, paternity,
guardianship, adoption, child support, maintenance, abuse, neglect or
delinquent behavior (by the minor child(ren)), or adult abuse of or by any
parties to this action. I further state that the parties to this action have been
known by other names as stated below:

<u>Indicate style of related case/case number/ court and whether the case is pending or closed:</u>

_____    _____
_____    _____

List all other names by which parties have been known:

_____
_____

_____          _____
       Date                           Petitioner/Respondent

**EACH PARTY SHALL HAVE A CONTINUING DUTY TO UPDATE THE INFORMATION ON
THIS SHEET AS NECESSARY UNTIL THIS MATTER HAS BEEN DISPOSED.**
(Attach additional pages if necessary)

FORM 17                                                    12/94

Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

WP902954

**001264**

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

|  |  |
|---|---|
| _____ | Case No. _____ |
| PETITIONER | |
| VS | Division No. _____ |
| _____ | |
| RESPONDENT | |

# FINANCIAL STATEMENT

1. **INCOME**

   A. **EMPLOYMENT (Company, Address, Phone No.):**

   1. Petitioner: _____

   _____

   Salary: $ _____ per _____

   2. Respondent: _____

   _____

   Salary: $ _____ per _____

   B. **WELFARE**    $ _____

   C. **OTHER INCOME**    $ _____

2. **ASSETS**

   A. **CASH**    $ _____

   B. **BANK ACCOUNT**    $ _____

   C. **HOME - IF OWNED**
   Owned by:
   _____ Petitioner
   _____ Respondent
   _____ Other

   Value    $ _____

   Amount Owed·    $ _____

   People living in home:
   _____ Petitioner
   _____ Respondent
   _____ Children
   _____ Other(s)

Form 152   8/90        Page 1

WP902955
001265 Printed by Clay County Microfilm Department on May 19, 2015 at 11:13

D.  VEHICLES (Cars, Etc.)

   Value $ _____

   Amount Owed $ _____

3.  DEBTS

A.  LOANS

   Balance $ _____

   Monthly Payment $ _____

B.  CREDIT CARDS, ETC.

   Balance $ _____

   Monthly Payment $ _____

4.  EXPENSES

A.  RENT ☐        MORTGAGE ☐

   $ _____ per month

B.  UTILITIES (Gas, Water, Electricity, Telephone)

   $ _____ per month

C.  AUTOMOBILE (Gas, Maintenance, Payments)

   $ _____ per month

D.  FOOD, CLOTHING, MEDICAL, RECREATION, SCHOOL

   $ _____ per month

   Children's Expenses

   $ _____ per month

E.  OTHER

   $ _____ per month

_____        _____
       DATE                                PETITIONER

Subscribed and sworn to before me on _____, 19____

                                   _____
                                   Deputy Clerk        Notary Public

Form 152A   11/90                  Page 2

WP903956
001266  Filmed by Clay County Microfilm Department on May 19, 2015 at 11:13

WP902957

09-09-97  15:44:18

# DOCKET SHEET

Division 2

Circuit Court, Clay County, Missouri

CV197-006492 CC

File No.

| Nature of Action: | # 1 | MICHAEL L. ARMSTRONG | 24729 GLENN D MANIS |
|---|---|---|---|
| Civil Action - Other [2199900] TERMINATION OF EMPLOYMENT, AGE | | Plaintiff/Petitioner | Att. for Plaintiff or Petitioner |
| | # 1 | STATE PUBLIC DEFENDER vs | |
| | # 2 | KATHERINE "KATE LADESH | |
| | # 3 | STATE PUBLIC DEFENDER | |
| | | Defendant/Respondent | Att. for Defendant or Respondent |

| Date | Orders of Court |
|---|---|
| Sep 4 1997 | Petition filed. lmw |
| Sep 5 1997 | First amended petition filed.lmw |
| Sep 9 1997 | Summons issued to Jeremiah Nixon and mailed to Sheriff of Cole County for service.  lmw |
| Sep 9 1997 | Summons issued to S.P.D. M. Robinson and mailed to Sheriff of Boone County for service.  lmw |
| Sep 9 1997 | Summons issued to S.P.D. B. Hoppe and mailed to Sheriff of Boone County for service.  lmw |
| Sep 9 1997 | Summons issued to Katherine Ladesh and delivered to attorney for service.  lmw |
| Sep 22 1997 | Return of service filed showing service on Attorney General State of Mo. on 09/12/1997 by leaving summons with Scott Skinner Designee. aif |
| Sep 25 1997 | Return on service of summons filed showing the defendant State Public Defender-Marty Robinson, Director NON/ESt on 9/18/97. af |
| Sep 25 1997 | Return of service filed showing personal service on defendant St.Public Def. Barbara Hoppe on 09/18/1997.  aif |
| 9/25/97 | Due to evidence heard by ct. while sitting as Municipal Judge in a related cause, the ct., Judge Russell, disqualifies himself from this cause. Cause is transferred to P.J. for re-assignment. _____ |
| 9/29/97 | Cause transfered to Div. 3, Hon. J.Welsh. ___ P.J |

Form 101  4/90

001268  Printed Clay County Microfilm Department on May 18, 2015 at 12:50

# DOCKET SHEET

Circuit Court, Clay County, Missouri

File No. CV 197-6492CC

| Nature of Action: | | |
|---|---|---|
| | Michael L. Armstrong | Glenn D. Manis |
| | **Plaintiff/Petitioner** | **Att for Plaintiff or Petitioner** |
| | vs. | |
| | 1. State Public Defender | VIRGINIA LAY |
| | 2. Katherine Ladesh | |
| | **Defendant/Respondent** | |
| | 3. State Public Defender | **Att. for Defendant or Respondent** |

| Date | Orders of Court |
|---|---|
| Oct 14 1997 | State by atty John E. Jackson files answer to plaintiff's petition for age and sex discrimination.  dmp |
| Oct 14 1997 | Defendants file motion to dismiss on the pleadings.  dmp |
| Nov 10 1998 | ..VIRGINIA LAY          files entry of appearance on behalf of defendant .  bkd |
| Nov 13 1998 | Defendant files  notice calling up defendants' Motion to Dismiss for hearing on 12/15/1998 at  9:00 am.  nrs |
| Dec 15 1998 | Order assigning  Judge Maloney  to Division THREE by order of the Presiding Judge all as per entry filed. LDH sjm |
| 12-15-98 | *Argument heard from def on motion to dismiss. TT not present. Motion to dismiss denied. Summary Judgment is the method by which the relief sought can be granted, if appropriate. MJM* |
| Jun 29 1999 | Defendants files motion for judgment on the pleadings. bkd |
| Jul 13 1999 | Plaintiff by atty files motion to dismiss defendants' motion for judgment on the pleading or in the alternative to restate the motion to conform with rules 55.05 and 74.04 Motion for Interlocutory Order of Default.  plh |
| Jul 16 1999 | Defendants by atty files answer to plaintiffs first amended petition together with motion for leave to file answer out of time.  plh |
| Jul 16 1999 | Defendants by atty files response to plaintiffs motion to dismiss defendants' motion for judgment on the pleading or in the alternative, to restate the motion for interlocutory order of default. plh |
| Jul 16 1999 | Defendants by atty files answer to plaintiffs first amended petition |
| Aug 9 1999 | Defendant by attorney Nixon files Notice to call up Motion for hearing on 08/17/1999 @  9:00 am.  nrs |
| Aug 17 1999 | Defs files  notice calling up their Motion for Judgment for hearing on 08/31/1999 at  9:00 am.  muc |

Form 101  4/90

001269  WP903046  Filed by Clay County Microfilm Department on May 18, 2015 at 12:50

# DOCKET SHEET

Circuit Court, Clay County, Missouri

File No.  CV197-6492 CC

| Nature of Action: | Michael L. Armstrong | |
|---|---|---|
| | Plaintiff/Petitioner vs. | Att. for Plaintiff or Petitioner |
| | 1. State Public Defender 2. Katherine Ladesh 3. State Public Defender    Defendant/Respondent | |
| | | Att. for Defendant or Respondent |

| Date | Orders of Court |
|---|---|
| Aug 17 1999 | Plaintiff files  notice calling up defendant's motion for judgment for hearing on 08/31/1999 at  9:00 am.  bkd |
| 8 31 99 | Δ allowed to file answer. Motion for judgment on pleadings taken under advisement. |
| Aug 31 1999 | Return of service filed showing personal service on Katherine "Kate" E. Ladesh on 09/30/1997.  plh |
| 9 1 99 | Ct takes up Δs' Motion for Judgment on Pleadings on Cts II, III & IV and sustains the same   CTNP |
| Sep 15 2000 | ..TINA M CROW HALCOMB        files entry of appearance on behalf of defendant office of State Public Defender.  ns |
| Sep 15 2000 | Defendant, by attorney Halcomb files motion to Dismiss  and notice calling up said motion for hearing on 10/04/2000 @ 9:00 am. ns |
| 10 4 2K | At request of π, π given 10 days to file written brief in opposition to Motion to Dismiss for failure to prosecute. Thereafter Ct will rule the Motion. |
| Oct 16 2000 | Glen Manis atty for plaintiff files motion to withdraw together with suggestions in support of.  plh |
| Oct 16 2000 | Plaintiff files affidavit in opposition to defendants' motion to dismiss.  plh |
| Oct 16 2000 | Plaintiff by atty Manis files suggestions in opposition to defendants' motion to dismiss filed September 15, 2000.  plh |

Form 101 4/90

WP003047
001270
Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

# DOCKET SHEET

Circuit Court, Clay County, Missouri

| File No. | CV197 6492 CC | |
|---|---|---|
| **Nature of Action:** | MICHAEL ARMSTRONG | GLENN MANIS |
| | Plaintiff/Petitioner | |
| | vs. | Att. for Plaintiff or Petitioner |
| | STATE PD<br>Katherind Ladesh | |
| | Defendant/Respondent | |
| | | Att. for Defendant or Respondent |

| Date | Orders of Court |
|---|---|
| Oct 18 2000 | Glenn D. Manis atty for Defendant by atty Cheryl Bealer files certificate of service of motion to withdraw together with certificate of service of suggestions in support of motion to withdraw and certificate of service of affidavit of plaintiff's opposition to defendants motion to dismiss and certificate of service of suggestions in opposition to defendants' motion to dismiss filed 9/15/2000. plh |
| 11 1 2K | Motion to dismiss taken up & denied without prejudice. |
| 1 5 01 | Motion to withdraw by Atty. Manis is sustained. Atty Manis allowed to withdraw; Cause dismissed for want of prosecution. |

Form 101 4/90

WP903048
**001271** Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
### SEVENTH JUDICIAL CIRCUIT
Liberty, Missouri 64068 ·

November 14, 2000

Tina M Crow Holcomb
Assistant Attorney General
PO Box 899
Jefferson City, MO  65102-0899

Glenn Manis
3802 N flowing Wells Rd. Apt 2107
Tucson, Az  85705

RE:  __Michael L Armstrong__    Case No.  __CV197-6492CC__

Vs.

__State Public Defender__    Division.Three

To All Parties Involved:

You are hereby notified that the above mentioned cause will

be dismissed for want of prosecution on Friday, January 5th,

2001 @ 1:30 P.M.,by Honorable James W. Welsh unless good

cause is shown to set the cause on the active trial docket

for further proceedings, in which case the cause will be

set for trial on a date certain with no further notice.

Rita Fuller
Clay County Circuit Clerk
Seventh Judicial Circuit
State of Missouri

By:  __K.Harris__    D.C.

WP003049
**001272** Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

MICHAEL L. ARMSTRONG,                    )
                                         )
                Plaintiff                )    Case Number CV97-6492CC
                                         )
                                         )
        v.                               )
                                         )
                                         )
OFFICE OF STATE PUBLIC DEFENDER,         )    Division 3
MARTY ROBINSON, DIRECTOR, et. al.,       )
                                         )
                                         )
                Defendants               )
                                         )
                                         )
                                         )



**FILED**

TIME: OCT 1 8 2000

RITA FULLER, Clerk
Clay County Circuit Court

CERTIFICATE OF SERVICE

        I, Cheryl Bealer, hereby certify that a copy of
Plaintiff's Suggestions in Opposition to Defendants' Motion to
Dismiss Filed September 15, 2000 was served upon Tina M. Crow
Halcomb, Assistant Attorney General, Attorney for Defendants, by
mailing a copy, postage prepaid and properly addressed, to:

        Tina M. Crow Halcomb
        Assistant Attorney General
        P. O. Box 899
        Jefferson City, Missouri   65102-0899

this 16th day of October, 2000.

                                    _____
                                         GLENN D. MANIS
                                         by Cheryl Bealer

001273  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

MICHAEL L. ARMSTRONG,         )

         Plaintiff    )   Case Number CV97-6492CC

v.   )

OFFICE OF STATE PUBLIC DEFENDER, )   Division 3
MARTY ROBINSON, DIRECTOR, et. al., )

         Defendants   )

**FILED**

TIME: **OCT 1 8 2000**

RITA FULLER, Clerk
Clay County Circuit Cour

CERTIFICATE OF SERVICE

     I, Cheryl Bealer, hereby certify that a copy of the Affidavit of Plaintiff Michael L. Armstrong in Opposition to Defendants' Motion to Dismiss was served upon Tina M. Crow Halcomb, Assistant Attorney General, Attorney for Defendants, by mailing a copy, postage prepaid and properly addressed, to:

     Tina M. Crow Halcomb
     Assistant Attorney General
     P. O. Box 899
     Jefferson City, Missouri  65102-0899

this 16th day of October, 2000.

_____
      GLENN D. MANIS
      by Cheryl Bealer

WP003051
001274 Filmed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

MICHAEL L. ARMSTRONG,                    )
                                         )
                Plaintiff                )    Case Number CV97-6492CC
                                         )
                                         )
        v.                               )
                                         )
                                         )
OFFICE OF STATE PUBLIC DEFENDER,         )    Division 3
MARTY ROBINSON, DIRECTOR, et. al.,       )
                                         )
                Defendants               )    **FILED**
                                         )
                                         )    TIME:  OCT 1 8 2000
                                         )
                                         )    RITA FULLER, Clerk
                                              Clay County Circuit Cou'

CERTIFICATE OF SERVICE

        I, Cheryl Bealer, hereby certify that a copy of the
Motion to Withdraw filed by Plaintiff's Attorney of Record, Glenn
D. Manis, was served upon Tina M. Crow Halcomb, Assistant
Attorney General, Attorney for Defendants, by mailing a copy,
postage prepaid and properly addressed, to:

        Tina M. Crow Halcomb
        Assistant Attorney General
        P. O. Box 899
        Jefferson City, Missouri   65102-0899

this 16th day of October, 2000.

                        _____
                                GLENN D. MANIS
                             by Cheryl Bealer

WP003052
**001275** Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

MICHAEL L. ARMSTRONG,                    )
                                         )
                    Plaintiff            )    Case Number CV97-6492CC
                                         )
          v.                             )
                                         )
OFFICE OF STATE PUBLIC DEFENDER,         )    Division 3
MARTY ROBINSON, DIRECTOR, et. al.,       )
                                         )
                    Defendants           )
                                         )        FILED
                                         )
                                         )      OCT 1 8 2000
                                         )   TIME:

                                              RITA FULLER, Clerk
                                             Clay County Circuit Cour·
          CERTIFICATE OF SERVICE

          I, Cheryl Bealer, hereby certify that a copy of the
Suggestions in Support of Motion to Withdraw filed by Plaintiff's
Attorney of Record, Glenn D. Manis, was served upon Tina M. Crow
Halcomb, Assistant Attorney General, Attorney for Defendants, by
mailing a copy, postage prepaid and properly addressed, to:

          Tina M. Crow Halcomb
          Assistant Attorney General
          P. O. Box 899
          Jefferson City, Missouri    65102-0899

this 16th day of October, 2000.

                         _____
                              GLENN D. MANIS
                              by Cheryl Bealer

WP903053
001276  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

MICHAEL L. ARMSTRONG,      )
                           )
                           )   Case Number CV97-6492CC
            Plaintiff       )
                           )
                           )
       v.                   )
                           )
                           )
OFFICE OF STATE PUBLIC DEFENDER,  )   Division 3
MARTY ROBINSON, DIRECTOR, et. al.,  )
                           )
                           )
            Defendants      )
                           )
                           )
                           )

**FILED**

TIME:  OCT 16 2000

*Rita Fuller*

Clay County Circuit Court

SUGGESTIONS IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS
FILED SEPTEMBER 15, 2000

Plaintiff opposes Defendants' Motion to Dismiss.  The Missouri appellate courts have long stressed that dismissal of cases for failure to prosecute is not favored.  The law encourages the determination of cases on the merits and not on technicalities.  McMillan v. Wells, 924 S.W.2d 33 (Mo.App. 1996). Further, the decision to dismiss a cause for failure to prosecute must be made on a case-by-case basis after consideration of the facts particular to each matter.  O.S.G. by L.G. v. G.B., Jr., 805 S.W.2d 704, (Mo.App. 1991).  In the case at hand, Plaintiff's

Page 1 of 3 Pages

001277   WP003054   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

attorney has suffered serious health problems for most of the past two (2) years. He has resided in Tucson, Arizona since the fall of 1999. These circumstances are more fully explained in the Affidavit of Michael L. Armstrong and the Suggestions in Support of Motion to Withdraw filed with these Suggestions. As explained in the Affidavit, Plaintiff's attorney believed that his absence from the state was temporary. Until late September, 2000 Plaintiff's attorney intended to return to complete his representation of Plaintiff. On September 29, 2000, Plaintiff's attorney advised Plaintiff that he would not be returning to the Kansas City area and that he would seek leave to withdraw.

If this case is dismissed by the court, Plaintiff will be greatly prejudiced. Plaintiff would be barred from further pursuing his claims against Defendants because he will be unable to refile a petition for the same causes of action now pending. Plaintiff's case is not a cause of action which may be refiled within a year of dismissal pursuant to 516.230 RSMo., the Missouri savings statute. See O'Brien v. Blackwell-Baldwin, Inc., 819 S.W.2d 417 (Mo.App. 1991) for an explanation of this issue. This is a harsh result which does not serve the ends of justice.

The cases cited by Defendants' in their Motion are

Page 2 of 3 Pages

WP903055
001278 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

federal cases which have no value as precedent in this state
court matter.

The health problems suffered by Plaintiff's attorney
and his resulting move to Arizona have prevented Plaintiff's
attorney from bringing this case to a conclusion.  This court
should allow Plaintiff's attorney to withdraw and permit
Plaintiff to retain other counsel to bring this case to trial.

_____

GLENN D. MANIS #24729
3802 North Flowing Wells Road,
Apt. 2107
Tucson, Arizona    85705

Page 3 of 3 Pages

WP003056
0012279    Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

|  |  |  |
|---|---|---|
| MICHAEL L. ARMSTRONG, | ) | Case Number CV97-6492CC |
| Plaintiff | ) | |
| v. | ) | |
| OFFICE OF STATE PUBLIC DEFENDER, J. MARTY ROBINSON, DIRECTOR, et. al., | ) | Division 3 |
| Defendants | ) | |

**FILED**

OCT 16 2000

TIME:

*Rita Fuller*

Clay County Circuit Court

AFFIDAVIT OF PLAINTIFF MICHAEL L. ARMSTRONG
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

My name is Michael L. Armstrong. I am the Plaintiff in the above-titled civil action. I am submitting this Affidavit in opposition to the Motion to Dismiss for failure to prosecute filed by Defendants on September 15, 2000.

I wish to proceed with this case and to have my claims determined by trial to a jury or to this court. I understand that Glenn Manis, my attorney of record, has filed a Motion to Withdraw from this matter. I consent to this Motion because I know that Mr. Manis is unable to effectively represent me in this

Page 1 of 3 Pages

WP903057
001280 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

case for the reasons set out in that Motion.  However, I will
need additional time in which to retain new counsel.

Mr. Manis has suffered from several serious health
problems for most of the past two years.  In January, 1999, he
was diagnosed with a severe mold allergy which affected him for
several months during 1999.  Following this, he developed
lockjaw-like symptoms after receiving a tetanus vaccination.  He
experienced complications from this for several months.  He also
suffers from dangerously high blood pressure.  Due to these
medical problems, Mr. Manis travelled to Tucson, Arizona to stay
with his family.  Several of his five children live in the Tucson
area.  The warm, dry climate of Arizona is beneficial to patients
who suffer from allergies.  During this time period (Fall, 1999
to the present) Mr. Manis has lived in Arizona and has not been
personally available to pursue this case.

In late September, 2000, Mr. Manis decided that the
needs of his family and his continued medical problems require
that he relocate to Tucson on a permanent basis.  I learned of
this decision for the first time during the weekend of September
30 - October 1, 2000.  At that time, Mr. Manis telephoned me to
say that he had decided to stay in Arizona and that he would not
be returning to Kansas City.  He also stated that he would not be

Page 2 of 3 Pages

001281 by Clay County Microfilm Department on May 18, 2015 at 12:50

able to continue to represent me in this litigation and that I should seek other counsel. Prior to this telephone conversation, I believed that Mr. Manis would be returning to Kansas City when he regained his health and that we would then proceed with this action.

I believe that I should be afforded a reasonable opportunity to retain other counsel to complete this litigation. I have always been available to do whatever is needed in order for this case to be prepared for trial and I will work diligently with a new attorney to bring the case to trial.

_____
MICHAEL L. ARMSTRONG

STATE OF MISSOURI )
                  )
COUNTY OF CLAY    )

Subscribed and sworn to before me, a notary public in and for the above county and state at my office in Liberty, Missouri this 16th day of October, 2000.

_____
NOTARY PUBLIC

My commission expires _____

DONALD W PETTY
Notary Public - Notary Seal
STATE OF MISSOURI
CLAY COUNTY
MY COMMISSION EXP. DEC. 15, 2001

Page 3 of 3 Pages

WP903059
001282  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

MICHAEL L. ARMSTRONG,                 )
                                      )
                    Plaintiff         )   Case Number CV97-6492CC
                                      )
          v.                          )
                                      )
OFFICE OF STATE PUBLIC DEFENDER,      )   Division 3
MARTY ROBINSON, DIRECTOR, et. al.,    )
                                      )
                    Defendants        )

**FILED**

TIME: OCT 16 2000

*Rita Fuller*

Clay County Circuit Court

SUGGESTIONS IN SUPPORT OF
MOTION TO WITHDRAW AS ATTORNEY
FOR PLAINTIFF

My name is Glenn D. Manis. I have represented Michael L. Armstrong, the Plaintiff in this action, since the filing of this lawsuit. I am asking leave to withdraw as attorney for Plaintiff as provided by Supreme Court Rule 4-1.16(a)(2) and Rule 4-1.16(b)(6).

I have had serious health problems since approximately January, 1999. At that time, I developed a severe allergic reaction to a mold which was present in the apartment where I resided. I continued to have medical problems from this for

Page 1 of 3 Pages

WP003060
001283 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

several months.  In the fall of 1999, I experienced an allergic reaction similar to lockjaw following a tetanus vaccination I received after I stepped on a rusty nail.  I have also developed dangerously high blood pressure.  I have been advised to rest and to seek employment in a less demanding occupation because of this condition.

In the fall of 1999, I went to Tucson, Arizona to spend time with my children and to recover from my medical problems. My former wife and my children reside in the Tucson area.  I intended to return to Kansas City when my health returned to normal.

During the time I have been in Arizona, I have been unable to work on this matter to prepare it for trial.  In addition, the fact that I am a long distance away from my client makes communications with Mr. Armstrong and opposing attorneys difficult.

In September, 2000, I decided to remain in Tucson on a permanent basis.  This decision is a difficult choice, but I believe that it is in the best interests of my children and my health.  I have accepted employment in Tucson in a field outside the practice of law.

Page 2 of 3 Pages

WP903061
001284  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

I notified Michael Armstrong by telephone of my decision not to come back to Kansas City on September 29, 2000. I have advised him that I will ask leave of court to withdraw from this case and that he will need to seek other counsel. Mr. Armstrong stated that he would consent to my withdrawal as attorney of record.

I am asking that this Court grant me leave to withdraw as attorney for Plaintiff because my medical problems make it impossible for me to effectively represent Mr. Armstrong for the foreseeable future. In addition, the fact that I will be residing indefinitely in Tucson, Arizona will make my continued participation in this case unreasonably difficult for the Plaintiff, Michael Armstrong.

GLENN D. MANIS #24729
3802 North Flowing Wells Road
Apt. 2107
Tucson, Arizona 85705

Page 3 of 3 Pages

WP903062
001285 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

|  |  |  |
|---|---|---|
| MICHAEL L. ARMSTRONG, | ) ) ) | Case Number CV97-6492CC |
| Plaintiff | ) ) ) ) | |
| v. | ) ) ) | |
| OFFICE OF STATE PUBLIC DEFENDER, MARTY ROBINSON, DIRECTOR, et. al., | ) ) ) | Division 3 |
| Defendants | ) ) ) ) ) | |

**FILED**

TIME: OCT 16 2000

*Rita Fuller*

Clay County Circuit Court

MOTION TO WITHDRAW

Comes now Glen D. Manis, attorney of record for Defendant in the above-titled cause, and asks this Court for permission to withdraw as attorney for Defendant as provided by Supreme Court Rule 4-1.16(a)(2) and Rule 4-1.16(b)(6) and in support thereof states:

1. During the past two (2) years, he has suffered and continues to suffer serious medical conditions which make it impossible for him to continue to represent the Plaintiff in this lawsuit.

2. In September, 2000, he has made the decision to

001286 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
AT LIBERTY MISSOURI

MICHAEL L. ARMSTRONG,                    )
                                         )
              Plaintiff,                  )
                                         )
       v.                                )      Case No. CV97-6492CC
                                         )
OFFICE OF STATE PUBLIC                   )      Division No. III
DEFENDER MARTY ROBINSON,                 )
DIRECTOR, et al.,                        )
                                         )
              Defendants.                 )

**FILED**

TIME:  SEP 1 5 2000

*Rita Fuller*

Clay County Circuit Court

## DEFENDANTS OFFICE OF STATE PUBLIC DEFENDER, J. MARTY ROBINSON, DIRECTOR, KATE LADESH AND BARBARA HOPPE'S, MOTION TO DISMISS

Defendants, Office of State Public Defender, J. Marty Robinson, Director; Kate Ladesh; and Barbara Hoppe (hereinafter "Defendants"), through counsel, pursuant to Missouri Rule of Civil Procedure 67.03, request this Court dismiss plaintiff's First Amended Petition for failure to prosecute. Briefly, plaintiff filed his First Amended Petition on September 5, 1997. Since that time, the Court granted Defendants' Judgment on Counts Two, Three, Four and Five, on September 1, 1999. Plaintiff has conducted no discovery in this case and has in fact taken no action to prosecute his remaining claim in Count One. Accordingly, the Court should dismiss this action for plaintiff's failure to prosecute.

It is well within the Court's discretion to dismiss this case for failure to prosecute. This case has been pending for three years and the record clearly demonstrates that plaintiff has done nothing to pursue this matter. The docket reflects plaintiff has only filed responses

WP903064
001287 by Clay County Microfilm Department on May 18, 2015 at 12:50

to pleadings filed by Defendants. He has taken no depositions, submitted no written discovery and made no effort to settle this matter or set it for trial. There is substantial precedent for dismissing such an action for failure to prosecute. *See United States v. Certificate of Deposit,* No. 8101730026, *First Nat'l Bank of Omaha,* 84 F.3d 1034, 1034-35 (8th Cir. 1996) (dismissal for four-year delay in prosecuting an action); *Wright v. Sargent,* 869 F.2d 1175, 1179 (8th Cir. 1989) (case dismissed for appearing half-hour late for jury-trial with an incredible excuse); *Rodgers v. Curators of the University of Missouri,* 135 F.3d 1216, 1218-19 (8th Cir. 1998) (dismissal for failure to appear at a deposition).

There is no requirement for a finding of bad faith by plaintiff, the Court need only find that plaintiff acted "intentionally as opposed to accidentally or involuntarily. *Id.* at 1219; *see also Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 97 (8th Cir. 1971). Neither is there a requirement for notice or warning prior to dismissal. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633 (1962); *Lukensow v. Harley Cars of New York,* 124 F.R.D. 64, 66 (S.D. N.Y. 1989); *Harmon v. CSX Transportation, Inc.,* 110 F.3d 364, 368 (6th Cir. 1997) (to hold that "a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect . . . would conflict with *Link* [*v. Wabash Railroad Co.*]").

Finally, Defendant's inaction is not a factor in reviewing a dismissal for failure to prosecute. It is not a defendant's duty to urge the plaintiff and his counsel to move the case. The plaintiff and his lawyer bear the responsibility for moving the case. *See S&K Airport*

-2-

WP903065
001288 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

*Drive-In, Inc. v. Paramount Film Dist. Corp.,* 58 F.R.D. 4, 7 (E.D. Pa. 1973). However, the

Court may consider the prejudice to Defendants which may be presumed from the length of

the delay. *See Lukensow,* 124 F.R.D. at 67. Defendants should not be required to wait three

years to see the claims against them be adjudicated when plaintiff has done nothing to move

this case along.

WHEREFORE, Defendants respectfully request this matter be involuntarily dismissed

pursuant to Missouri Supreme Court Rule 67.03 for plaintiff's failure to prosecute and for

such other relief as this Court deems just and proper.

-3-

WP003066
001289 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

TINA M. CROW HALCOMB
Assistant Attorney General
Missouri Bar No. 47120

P.O. Box 899
Jefferson City, Missouri 65102-0899
(573) 751-3321

ATTORNEYS FOR DEFENDANTS
OFFICE OF STATE PUBLIC DEFENDER, J.
MARTY ROBINSON, DIRECTOR, KATE
LADESH AND BARBARA HOPPE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed postage-prepaid on the _13th_ day of September, 2000, to:

Glenn D. Manis
Attorney at Law
8416 N.E. Boone Ave.
Suite 104
Kansas City, MO 64155

Assistant Attorney General

-4-

WP003067
001290 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
AT LIBERTY MISSOURI

MICHAEL L. ARMSTRONG,              )
                                   )
              Plaintiff,            )
                                   )
     v.                            )     Case No. CV97-6492CC
                                   )
OFFICE OF STATE PUBLIC             )     Division No. III
DEFENDER MARTY ROBINSON,           )
DIRECTOR, et al.,                  )
                                   )
              Defendants.          )

## ENTRY OF APPEARANCE

COMES NOW the undersigned assistant attorney general and enters an appearance on

behalf of defendants, Office of State Public Defender, J. Marty Robinson, Director; Kate Ladesh;

and Barbara Hoppe.



TIME: SEP 1 5 2000

Clay County Circuit Court

WP003068

001291   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

TINA M. CROW HALCOMB
Assistant Attorney General
Missouri Bar No. 47120

P.O. Box 899
Jefferson City, Missouri 65102-0899
(573) 751-3321

ATTORNEYS FOR DEFENDANTS
OFFICE OF STATE PUBLIC DEFENDER, J.
MARTY ROBINSON, DIRECTOR, KATE
LADESH AND BARBARA HOPPE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed postage-prepaid on the 13th day of September, 2000, to:

Glenn D. Manis
Attorney at Law
8416 N.E. Boone Ave.
Suite 104
Kansas City, MO 64155

Assistant Attorney General

-2-

WP903069
001292 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

RITA FULLER
CLAY COUNTY CIRCUIT CLERK
P.O. BOX 218
LIBERTY, MISSOURI 64068

GLENN D. MANIS
8416 NE BOONE AVE., #104
KANSAS CITY, MO    64155

JEREMIAH W. (JAY) NIXON
VIRGINIA W. LAY
PENNTOWER OFFICE BUILDING
3100 BROADWAY, SUITE 609
KANSAS CITY, MO    64111

Re:    MICHAEL L. ARMSTRONG        V    STATE PUBLIC DEFENDER    No.  CV197-6492CC
                                                                      ET. AL.

You are hereby notified the court, Division Number    THREE          made the following entry in the
above mentioned cause on this  1ST          day of SEPTEMBER,1999      , to wit:

Sep  1  1999    Court takes up Defendant's motion for judgment of pleadings on counts
                II, III and IV and sustains the same.  CTNP.  JW/plh

Yours very truly,

RITA FULLER
Clay County Circuit Clerk

By_____
                                                    Deputy Clerk

Form 515 10/89

001293 Filmed by Clay County Microfilm Department on May 18, 2015 at 12:50



AUG 3 1 1999

TIME:

*Rita Fuller*

Clay County Circuit Court

# CIRCUIT COURT FOR THE COUNTY OF CLAY

## STATE OF MISSOURI

### SEVENTH JUDICIAL CIRCUIT

MAKE RETURN ON REVERSE SIDE AND
RETURN THIS WRIT TO CLAY COUNTY

MICHAEL L. ARMSTRONG

|  |  |
|---|---|
| Plaintiff | Division No.  2 |
| and | |
| STATE PUBLIC DEFENDER,  ETAL | |
| Defendant | Case No.   CV197-6492 CC |

## SUMMONS

The State of Missouri to Defendant
KATHERINE "KATE" E. LADESH, INDIVIDUALLY AND AS
REPRESENTATIVE OF OFFICE OF STATE PUBLIC DEFENDER
234 SCHRADER
LIBERTY, MO   64068

You are hereby summoned to appear before the above-named court and to file your pleading to the petition, copy of which is attached hereto, and to serve a copy of your pleading upon Attorney —

For Plaintiff — to wit:   .          GLEN D. MANIS
                                   8416 NE BOONE AVE #104
                                   KANSAS CITY, MO   64155

all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

(Seal of Circuit Court)                                    RITA FULLER, Circuit Clerk

                                          By _____
                                                                    Deputy Clerk

Dated      SEPTEMBER 9              , 19 97

Form # 126

WP903071
**001294** Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## RETURN OF SERVICE OF SUMMONS

**I hereby certify that I have served the attached summons:**

(1)   By delivering, on the _30th_ day of _September_, 19_97_ a copy of the summons and a copy of the petition to the following named defendant(s) _Katherine "Kate" E. Ladosh_

at _the Clay County Courthouse 1st Floor lobby_

_10:45 A.M_

(2)   By leaving, on the _____ day of _____, 19___, for the following named defendant(s)_____

a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of said defendant(s) at _____

with _____, a person of his or her family over the age of 15 years;

**FILED**

AUG 31 1999

TIME: _Peter Fuller_

Clay County Circuit Court

(3)   By

_Julie R Cooper_

_Sworn to before me by Julie R. Cooper this 15th day of October, 1997_

Sheriff's Fees:
Summons          $_____
Non Est          $_____
Mileage          $_____
Total            $_____

Return5   6/90

_Carole Cantrell_

Sheriff of _____ County, Missouri

_Notary Public_

By_____
                    Deputy Sheriff

Carole Cantrell
Notary Public-State of Missouri
County of Clay
My Commission Exp. 5/28/1999

WP903072
**001295** Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## SEVENTH JUDICIAL CIRCUIT
### AT LIBERTY MISSOURI

MICHAEL L. ARMSTRONG, )
           Plaintiff, )
            )
vs. )     Case No. CV97-6492CC
            )
OFFICE OF STATE PUBLIC DEFENDER )     Division No.III
MARTY ROBINSON, DIRECTOR, et.al. )
           Defendants )

## NOTICE TO CALL UP MOTION

### TO: VIRGINIA W. LAY, ATTORNEY FOR DEFENDANTS.

Your are hereby notified that on Wednesday the 31st day of August, 1999, at 9:00, A.M. or as soon thereafter as counsel can be heard, Petitioner's attorney will call up for hearing in Division Three of the Clay County Circuit Court of the State of Missouri at 11 S. Water, Liberty, Missouri, Petitioner's MOTION TO DISMISS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE TO RESTATE THE MOTION TO CONFORM WITH RULES 55.05 AND 74.04 MOTION FOR INTERLOCUTORY ORDER OF DEFAULT.

GLENN D. MANIS, #24729
8416 NE Boone Ave., #104
Kansas City, Missouri 64155
816-436-7294

### Certificate of Mailing

I certify that I have mailed by ordinary mail, postage prepaid, of the United States Postal Service a copy of this Notice to VIRGINIA W. LAY, Defendants' Attorney at Penntower Office Bldg., 3100 Broadway, Ste. 609, Kansas City, Missouri 64111, this 29th day of August, 1999.

FILED

AUG 1 7 1999

TIME:

Clay County Circuit Court

GLENN D. MANIS

001296 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50
WP003073

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
### SEVENTH JUDICIAL CIRCUIT
### AT LIBERTY MISSOURI

MICHAEL L. ARMSTRONG,                )
                                 )
     Plaintiff,                 )
                                 )
    vs.                          )    Case No. CV97-6492CC
                                 )    Division No. III
OFFICE OF STATE PUBLIC DEFENDER      )
MARTY ROBINSON, DIRECTOR, et al.,    )
                                 )
     Defendants.               )

### NOTICE TO CALL UP MOTION

### TO: GLENN D. MANIS, ATTORNEY FOR PLAINTIFF.

Pursuant to our conversation, you are hereby notified that on the 31st day of August, 1999, at 9:00, A.M., or as soon thereafter as counsel can be heard, Defendant's attorney will call up for hearing in Division Three of the Clay County Circuit Court of the State of Missouri at 11 S. Water, Liberty, Missouri, Defendant's Motion for Judgment on the Pleadings to be Heard, instead of the 17th of August, 1999, as previously set.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

VIRGINIA W. LAY
Assistant Attorney General
Mo. Bar No. 41940
Penntower Office Building
3100 Broadway, Suite 609
Kansas City, MO 64111

ATTORNEYS FOR DEFENDANTS HAMM,
HARGRAVE, AND GRANT

**FILED**

TIME: AUG 17 1999

Clay County Circuit Court

001297    Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
### SEVENTH JUDICIAL CIRCUIT
### AT LIBERTY MISSOURI

| | | |
|---|---|---|
| MICHAEL L. ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CV97-6492CC |
| | ) | Division No. III |
| OFFICE OF STATE PUBLIC DEFENDER | ) | |
| MARTY ROBINSON, DIRECTOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE TO CALL UP MOTION

**TO: GLENN D. MANIS, ATTORNEY FOR PLAINTIFF.**

You are here by notified that on the 17th day of August, 1999, at 9:00, A.M., or as soon thereafter as counsel can be heard, Defendant's attorney will call up for hearing in Division Three of the Clay County Circuit Court of the State of Missouri at 11 S. Water, Liberty, Missouri, Defendant's Motion for Judgment on the Pleadings to be Heard.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

*Virginia Lay*

VIRGINIA W. LAY
Assistant Attorney General
Mo. Bar No. 41940
Penntower Office Building
3100 Broadway, Suite 609
Kansas City, MO 64111

ATTORNEYS FOR DEFENDANTS HAMM, HARGRAVE, AND GRANT

FILED
AUG 9 1999

TIME: _____
Clay County Circuit Court

WP003075
001298 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was deposited in U.S. Mail, postage prepaid, this __5__ day of ~~July~~ aug, 1999 to:

Glenn D. Manis
8416 NE Boone Ave., #104
Kansas City, Missouri 64155

_____
Assistant Attorney General

WP903076
001299 by Clay County Microfilm Department on May 18, 2015 at 12:50



IN THE CIRCUIT COURT OF CLAY COUNTY
SEVENTH JUDICIAL CIRCUIT
STATE OF MISSOURI

FILED
JUL 16 1999
TIME:
Clay County Circuit Court

MICHAEL L. ARMSTRONG,                     )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )    Case No. CV97-6492CC
                                          )
OFFICE OF STATE PUBLIC DEFENDER           )
MARTY ROBINSON, DIRECTOR, et al.,         )
                                          )
        Defendants.                       )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR IN
THE ALTERNATIVE, TO RESTATE THE MOTION FOR
INTERLOCUTORY ORDER OF DEFAULT**

Defendants, the Missouri Public Defenders' Office ("MOPD"), Barbara Hoppe and Katherine Ladesh, through counsel, and pursuant to Rule 55.27(b) respectfully respond individually to each numbered paragraph of the plaintiff's motion to strike as follows:

1.     Defendants filed a motion for judgment on the pleadings, but committed a typographical error and cited Rules 55.05 and 74.04, instead of Rule 55.27, which governs judgment on the pleadings. Accordingly, under Rule 55.27 the format requirements of Rules 55.05 and 74.04 do not apply.

2.     Under Rule 55.27, the issue for the Court's decision is the sufficiency of the content of the pleading.

3.     Defendants filed a motion for judgment on the pleadings.

WP003077
001300 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

4.     Defendants answered the petition on October 14, 1997. See Exhibit A, defendants' answer.

5.     The case was transferred within the Attorney General's Office to current counsel and the motion to dismiss was heard and denied.

6.     Defendants filed an answer regarding all the claims presented in the Petition as well a Motion for Leave to File out of time.

7.     See Paragraph 4.

8.     Paragraph II of defendants' motion specifically states that "defendants admit for the purposes of the motion, the truth of all well pleaded facts...".  Defendants also specifically articulated that they in no way waive their right and opportunity to address legal and factual disputes by way of subsequent dispositive motions...". *See* defendants' motion ¶ 2.

9.     For purposes of this motion only, the allegations of slanderous comments must be accepted as true.

10.    Since there are no admissions on the part of the defendants and no default regarding defendants' answer, plaintiff's motion to dismiss and request for an interlocutory order of default should be denied.

WHEREFORE, defendants pray that this Court deny both plaintiff's motion to dismiss and request for interlocutory order of default, and order further relief as is just and proper.

WP003078
001301 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

VIRGINIA W. LAY
Assistant Attorney General
Missouri Bar No. 41940
Penntower Office Building
3100 Broadway, Suite 609
Kansas City, MO 64111
(816) 889-5000
Fax No. (816) 889-5006

Attorneys for Defendants
MOPD, HOPPE AND LADESH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed, postage prepaid, by U.S. First Class Mail, this 16 day of July, 1999, to:

Glen D. Manis
Attorney at Law
8416 N.E. Boone Avenue, #104
Kansas City, MO 64155
Attorney for Plaintiff

_____
Virginia W. Lay
Assistant Attorney General

WP003079
001302 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
LIBERTY, MISSOURI

MICHAEL L. ARMSTRONG,              )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     Case No. CV197-6492CC
                                   )
OFFICE OF STATE PUBLIC DEFENDER    )
MARTY ROBINSON, DIRECTOR, et al.,  )
                                   )
          Defendants.              )

## DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME

Come now defendants, and respectfully request leave to file out of time.

Defendants' counsel was transferred this case from another attorney who left the office.

As a Motion to Dismiss had been filed, Defendants' counsel did not realize the answer

filed by the previous attorney was not responsive for all counts of the First Amended

Petition. Defendants' counsel did not intentionally fail to take action in this case, as

evidenced by the filing of dispositive motions. Defendants now seek leave to file their

answer out of time. This motion is not meant to unduly delay the proceedings, harass

or inconvenience the plaintiff, nor for any other improper purpose, and granting of this

motion will not cost the plaintiff time or money, nor prejudice the plaintiff in any way.



FILED

TIME:    JUL 1 6 1999
          3:00 pm (els)

Clay County Circuit Court

001303    by Clay County Microfilm Department on May 18, 2015 at 12:50

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

Virginia W. Lay
Missouri Bar. No. 41940
Assistant Attorney General

Penntower, Suite 609
3100 Broadway
Kansas City, Missouri 64111
(816) 889-5000
Fax (816) 889-5006

Attorneys for Defendants
MOPD, LADESH AND HOPPE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, this 16 day of July, 1999 to:

Glen D. Manis
Attorney at Law
8416 N.E. Boone Avenue, #104
Kansas City, MO 64155
Attorney for Plaintiff

_____
Assistant Attorney General

WP003081
001304 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**
**SEVENTH JUDICIAL CIRCUIT**
**LIBERTY, MISSOURI**

FILED

JUL 1 6 1999

TIME:

Clay County Circuit Court

|                                         |     |                        |
|-----------------------------------------|-----|------------------------|
| MICHAEL L. ARMSTRONG,                   | )   |                        |
|                                         | )   |                        |
| Plaintiff,                              | )   |                        |
|                                         | )   |                        |
| v.                                      | )   | Case No. CV197-6492CC  |
|                                         | )   |                        |
| OFFICE OF STATE PUBLIC DEFENDER         | )   |                        |
| MARTY ROBINSON, DIRECTOR, et al.,       | )   |                        |
|                                         | )   |                        |
| Defendants.                             | )   |                        |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION**

Defendants Office of State Public Defender, Kate Ladesh and Barbara Hoppe by

and through counsel, respectfully answer plaintiff's First Amended Petition as follows:

1.      Defendants are without sufficient knowledge to admit whether plaintiff's

date of birth is ███████████ or whether plaintiff is a resident of Liberty, Clay

County, Missouri and therefore deny the same.

2.      Defendant Office of State Public Defender is an independent department

of the judicial branch of Missouri State government with a local office in Liberty, Clay

County, Missouri and an office in Columbia, Boone County, Missouri.  Defendants

deny the remaining allegations contained in paragraph 2.

3.      Kate Ladesh is presently and was on September 5, 1995 a District Public

Defender employed by the Office of State Public Defender.  Defendants deny the

remaining allegations contained in paragraph 3.

WP003082
001505  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

4. Barbara Hoppe is presently and was in November 1995 a transfer attorney employed by the Office of State Public Defender. Defendants deny the remaining allegations contained in paragraph 4.

5. Defendants admit plaintiff was dismissed by the Office of State Public Defender on September 5, 1995. Plaintiff's remaining allegations contained in paragraph 5 are somewhat confusing, thus, defendants deny those remaining allegations.

6. Defendant Office of State Public Defender was created by § 600.019(1) RSMo 1978, and its duties are enumerated in Chapter 600. The remaining contents of paragraph 6 regard service of process, to which defendants do not believe it is necessary to reply.

7. Defendants deny the allegations contained in paragraph 7.

8. This paragraph is a reiteration of paragraphs 1-7, and as such defendants refer to the answers above.

9. Defendants admit § 600.021, RSMo 1986 states that certain employees of the Office of State Public Defender "shall serve at the pleasure of the employee Public Defender." Defendants further admit that plaintiff was an employee at will and could be terminated at any time with or without cause. Defendants deny the remaining allegations contained in paragraph 9.

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

2

WP003083
001306 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

12.     There is not sufficient information to determine whether the allegations contained in paragraph 12 are true, thus, defendants deny the allegations contained therein.

13.     There is not sufficient information to determine whether the allegations contained in paragraph 13 are true, thus, defendants deny the allegations contained therein.

14.     There is not sufficient information to determine whether the allegations contained in paragraph 14 are true, thus, defendants deny the allegations contained therein.

15.     Defendants deny the allegations contained in paragraph 15.

16.     Defendants deny the allegations contained in paragraph 16.

17.     Defendant Office of State Public Defender admits Kate Ladesh complied with policies and procedures of defendant when she discharged plaintiff. Defendants deny the remaining allegations contained in paragraph 17.

18.     Defendants deny the allegations contained in paragraph 18.

19.     Defendants deny the allegations contained in paragraph 19.

20.     Defendants deny the allegations contained in paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21.

22.     Defendants deny the allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23.

24.     Defendants deny the allegations contained in paragraph 24.

3

WP003084
001507   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



25.   Defendants deny the allegations contained in paragraph 25.

26.   Defendants deny the dismissal of plaintiff violated § 213.055. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 26, thus, defendants deny these allegations.

27.   Defendants deny any discrimination as well as any remaining allegations contained in paragraph 27.

28.   This paragraph is a reiteration of paragraphs 1-27, and as such defendants refer to the answers above.

29.   Defendants deny the allegations contained in paragraph 29.

30.   Defendants deny the allegations contained in paragraph 30.

31.   Defendants deny the allegations contained in paragraph 31. Defendants further deny that plaintiff is entitled to the relief requested.

32.   Defendants deny the allegations contained in paragraph 32. Defendants further deny that plaintiff is entitled to the relief requested.

33.   This paragraph is a reiteration of paragraphs 1-32, and as such defendants refer to the answers above.

34.   Defendants deny the allegations contained in paragraph 34.

35.   Defendants deny the allegations contained in paragraph 35.

36.   Defendants deny the allegations contained in paragraph 36.

37.   Defendants deny the allegations contained in paragraph 37.

38.   Defendants deny the allegations contained in paragraph 38.

4

WP003085
001308 Filed by Clay County Microfilm Department on May 18, 2015 at 12:50



39.   Defendants deny the allegations contained in paragraph 39.

40.   Defendants deny the allegations contained in paragraph 40.

41.   Defendants deny the allegations contained in paragraph 41.

42.   Defendants deny the allegations contained in paragraph 42. Defendants further deny that plaintiff is entitled to the relief requested.

43.   Defendants deny the allegations contained in paragraph 43. Defendants further deny that plaintiff is entitled to the relief requested.

44.   This paragraph is a reiteration of paragraphs 1-43, and as such defendants refer to the answers above.

45.   Defendants deny the allegations contained in paragraph 45.

46.   Defendants deny the allegations contained in paragraph 46.

47.   Defendants deny the allegations contained in paragraph 47.

48.   All allegations contained in the complaint are denied unless specifically admitted herein.

49.   Defendants further deny that plaintiff is entitled to the relief requested.

50.   Defendants request a jury trial on all claims that may be tried to a jury.

5

WP003086
0015009 by Clay County Microfilm Department on May 18, 2015 at 12:50

Further answering, defendants affirmatively states as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.  Rule 55.27(6).

**SECOND DEFENSE**

Any and all employment decisions made concerning plaintiff were based on legitimate, non-discriminatory business reasons and defendant acted in good faith at all times.

**THIRD DEFENSE**

Defendants assert plaintiff caused, contributed to, or was relatively responsible for the injuries about which he complains.

**FOURTH DEFENSE**

Plaintiff fails to allege sexual discrimination in his MHRC Charge of Discrimination and his Amended Charge of Discrimination, thus, this Court lacks jurisdiction to hear this claim.

**FIFTH DEFENSE**

Defendants are protected from liability and suit by the Doctrine of Qualified Immunity.

**SIXTH DEFENSE**

Defendants are protected from liability by the Doctrine of Official Immunity.

6

WP003087
001310 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## SEVENTH DEFENSE

Defendant acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

## EIGHTH DEFENSE

The alleged conduct was, in whole or in part, properly within the discretionary authority committed to the defendant to perform defendant's official functions.

## NINTH DEFENSE

Defendant asserts that plaintiff was dismissed for legitimate reasons.

## TENTH DEFENSE

Defendant asserts plaintiff has failed to mitigate his damages.

## ELEVENTH DEFENSE

Defendants are protected from liability and suit by the Public Duty Doctrine.

## TWELFTH DEFENSE

In further defense, defendants incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Defendants specifically reserves the right to amend their answers to include affirmative defenses at the time they are discovered.

7

WP003088
0013 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

VIRGINIA W. LAY
Assistant Attorney General
Missouri Bar No. 41940
Penntower Office Building
3100 Broadway, Suite 609
Kansas City, MO 64111
(816) 889-5000
Fax No. (816) 889-5006

Attorneys for Defendants
MOPD, LADESH AND HOPPE

8

WP003089
001312 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed, postage prepaid, by U.S. First Class Mail, this 16 day of July, 1999, to:

Glen D. Manis
Attorney at Law
8416 N.E. Boone Avenue, #104
Kansas City, MO 64155
Attorney for Plaintiff


_____
Virginia W. Lay
Assistant Attorney General

9

WP003090
001513 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

**FILED**

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
AT LIBERTY MISSOURI

JUL 1 3 1999

TIME:

*Peter Fuller*
Clay County Circuit Court

MICHAEL L. ARMSTRONG,       )
              Plaintiff,          )
                        )
vs.                          )   Case No. ~~CV97-6419CC~~ CU 197-6492 CC
                        )
OFFICE OF STATE PUBLIC DEFENDER )   Division No.
MARTY ROBINSON, DIRECTOR, et.al.  )
              Defendants         )

MOTION TO DISMISS DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS OR IN THE ALTERNATIVE TO RESTATE THE MOTION TO
CONFORM WITH RULES 55.05 AND 74.04.
<u>MOTION FOR INTERLOCUTORY ORDER OF DEFAULT</u>

COMES NOW THE PLAINTIFF, by and through his counsel of record, Glenn D.

Manis, and for his motions states as follows:

1.     Defendants, have pled and filed in their motion, "Defendants, through

counsel, Virginia Lay," for Judgment on the pleadings "pursuant to Rule

55.05 and Rule 74.04" yet the motion does not conform to the

requirements of Rule 55.05 to be set forth in "a short plain statement of

fact" or in Rule 74.04 with "particularity in separately numbered

paragraphs each material fact as to which the movant claims there is no

genuine issue"... and, "Each motion for summary judgment shall have

attached thereto a separate legal memorandum explaining why summary

judgment should be granted...".

2.     Defendants have commingled the fact and law pleadings such as to make

it impossible to properly respond as required in Rule 74.04 (c)(2).

WP003091
**001314**
Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



3. Even though the Defendants have captioned the pleading a motion for judgment on the pleadings it is in fact a summary judgment motion under rule 74.04.

4. Defendants' Ladesh and Hoppe are now apparently represented by counsel, Virginia Lay, yet the defendants, Ladesh and Hoppe, have not timely answered the Petition, even though the plaintiff's attorney has previously discussed this matter months ago with Virginia Lay and defendants still remain in default.

5. Defendants' Ladesh and Hoppe have not filed any motion to delay or cure the default.

6. Defendants' Ladesh and Hoppe have no standing to pursue a motion for judgment on the pleadings or summary judgment as they are in default and all that remains is to determine the amount of damages against them.

7. Defendants' Ladesh and Hoppe, are represented by counsel and as such have admitted the truth of the fact pleadings of plaintiff as pled by defendants in the paragraph Roman Numeral II, "The party moving for judgment on the pleadings admits, for the purposes of the motion, the truth of all well pleaded facts in the opposing party's pleading."

8. Further defendants' state, "Defendants, the Missouri Public Defenders' Office ("MOPD"), Barbara Hoppe and Katherine Ladesh, through counsel" admits in paragraph Roman Numeral III, " There is no genuine issue of disputed fact with respect to the allegedly slanderous comments...".

WP003092
001315 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

9. Defendants', Ladesh and Hoppe, by counsel's admissions along with their failure to take any action to cure the default entitle the Plaintiff to an Interlocutory Order of Default.

WHEREFORE, the Plaintiff requests the court to Dismiss the Defendants' Motion for Judgment on the Pleadings as the Plaintiff and to enter an interlocutory order of default against the defendants Ladesh and Hoppe on the Plaintiff's petition. In the alternative, if the Court does not dismiss the motion outright, the defendant, State of Missouri Office of State Public Defender, or defendants if the Court finds they have standing to pursue the motion if refiled properly should be required to refile the motion and separate the fact pleading from the legal brief so the plaintiff can properly respond to the pleading. Further, the plaintiff requests the court to enter an interlocutory order of default against Defendant Katherine Ladesh and Barbara Hoppe and set the damage issue for hearing at the same time the issue of liability and damages are heard against the Defendant "MOPD".

Respectfully,

GLENN D. MANIS, #24729
ATTORNEY FOR PLAINTIFF
8416 NE. BOONE AVE., STE. 104
KANSAS CITY, MISSOURI 64155
816-436-7294

CERTIFICATE OF MAILING

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed, postage prepaid, by U.S. First Class Mail, this 12th day of July, 1999, to: Virginia W. Lay, Assistant Attorney General, representing the Defendants and JEREMIAH W. (JAY) NIXON, Attorney General, at Penntower Office Building, 3100 Broadway, Suite 609, Kansas City, Missouri 64111.

Glenn D. Manis

WP003093
001316 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY
SEVENTH JUDICIAL CIRCUIT
STATE OF MISSOURI

**FILED**

JUN 29 1999

TIME:

*Peter Fuller*

Clay County Circuit Court

MICHAEL L. ARMSTRONG,      )
                           )
           Plaintiff,      )
                           )
v.                         )      Case No. CV97-6429CC   649200
                           )
OFFICE OF STATE PUBLIC DEFENDER )
MARTY ROBINSON, DIRECTOR, et al., )
                           )
           Defendants.     )

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, the Missouri Public Defenders' Office ("MOPD"), Barbara Hoppe
and Katherine Ladesh, through counsel, and pursuant to Rules 55.05 and 74.04
respectfully move this Court to grant judgment on the pleadings for the defendants on
Counts II, III and IV. In support of this motion, defendants state as follows:

### I.   Background

On September 5, 1997, plaintiff filed a pleading in this Court entitled First
Amended Petition for Wrongful Termination of Employment, Age Discrimination, Sex
Discrimination, Slander, Tortious Interference with a Contract. This petition contains
four separate counts against the three separate defendants. Plaintiffs' Complaint is
comprised of four counts. Count I alleges age and sex discrimination under the
Missouri Human Rights Act. Count II alleges slander against defendant Kate Ladesh.
Count III alleges tortious interference with contract against Ladesh. Count IV alleges
tortious interference with right to contract with others against Ladesh and Hoppe. For

WP903094
001317   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

the reasons set forth below, judgment on the pleadings should be granted for the defendants as to Counts II, III and IV, as a matter of law. By moving for judgment on the pleadings, defendants in no way waive their right and opportunity to address legal and factual disputes by way of subsequent dispositive motions, such as a motion for summary judgment, if necessary and appropriate, with regard to these Counts or Count I.

## II.    The Standard For Judgment on The Pleadings.

A motion for judgment on the pleadings should be granted if there is no issue of material fact on the face of the pleadings and the movant is entitled to judgment as a matter of law. *Madison Block Pharmacy, Inc. v. U.S. Fidelity & Guaranty Co.*, 620 S.W.2d 343, 345 (Mo.banc 1981). The party moving for judgment on the pleadings admits, for the purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. *Id.* In the present case, defendants are entitled to judgment as a matter of law as to Counts II, III and IV because plaintiff fails to fulfill the fact pleading requirements of Rule 55.05 and even assuming these requirements have been met, they are legally insufficient.

## III.   Plaintiff Cannot State a Claim of Slander Against Kate Ladesh.

Plaintiff claims defendant Kate Ladesh slandered his reputation. He has filed suit against her in both her official and individual capacities. There is no genuine issue of disputed fact with respect to the allegedly slanderous comments and defendant Ladesh is entitled to judgment, as a matter of law.

2

WP003095
001318 Filed by Clay County Microfilm Department on May 18, 2015 at 12:50



### A.    Sovereign Immunity Bars Claims for Acts Committed in Official Capacity.

Plaintiff claims Ladesh slandered him while acting in her official capacity. When a lawsuit is brought against an individual employee of the State in her official capacity, the action is one against the State and the employee is entitled to sovereign immunity. *Edwards v. McNeill*, 894 S.W.2d 678, 682 (Mo. App. W.D. 1995).

> Because official-capacity suits are one method of pleading an action against an entity, the United States Supreme Court has held that a suit seeking damages from a state official in his or her official capacity should be treated as a suit against the State. Phrases such as "acting in their official capacities" are references to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury. Therefore, the immunities available to the defendant in an official capacity action seeking damages are those the governmental entity enjoys.

*Id.* at 682 (internal citations omitted). Since the MOPD enjoys sovereign immunity, employee Ladesh, sued here in her official capacity, is protected by the same sovereign immunity that protects that state agency.

### B.    Official Immunity Bars Claims for Acts Committed in Individual Capacity.

Plaintiff also claims Ladesh slandered him while acting in her individual capacity. Specifically, plaintiff claims defendant spoke negatively about him in the

3

WP003096
001319 Filmed by Clay County Microfilm Department on May 18, 2015 at 12:50

MOPD of Jackson County and with one contract attorney working for the Office of State Public Defender.[1]

Official immunity "protects public officials acting within the scope of their authority from liability from injuries arising from their discretionary acts or omissions." *Heins Implement v. Highway & Transportation Commission*, 859 S.W.2d 681, 694 (Mo. banc. 1993) (citing *Kanagawa v. State by and through Freeman*, 685 S.W.2d 831, 835 (Mo. banc. 1985)). "This protection is extended in the hope of promoting the effective administration of public affairs by removing the threat of personal liability from those officials who must exercise their best judgment in conducting the public's business." *Heins*, at 694-95 (citing *Kanagawa*, at 836 and *Green v. Denison*, 738 S.W.2d 861, 865-66 (Mo. banc. 1987)). "Whether an act is discretionary depends on the degree of reason and judgment it requires, judged by such factors as the nature of the official's duties, the extent to which policy-making or professional expertise is involved, and the likely consequences of withholding immunity." *Heins*, at 695 (citing *Kanagawa*, at 836).

Plaintiff has failed to plead any facts that would preclude application of the official immunity doctrine in this case. Without question, a decision by Ladesh to

---

[1]Plaintiff fails to disclose the person to whom the alleged slanderous remarks were made. He merely claims that "as a direct and proximate result of her slander," he has been denied work for the MOPD in Jackson County "or" by contract attorneys. *See Petition*, paragraph 31. By this language, defendant Ladesh assumes plaintiff claims she made slanderous remarks to supervisors in the Jackson County Office and to a contract attorney hired by the MOPD. Even generously construing the pleadings and without admitting any slander occurred, plaintiff does not state a claim.

4

WP003097
001320 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

inform supervisors at the Jackson County Office of the MOPD and a contract attorney working for MOPD of plaintiff's job performance at the Clay County office, if such communication happened at all, would be a discretionary act cloaked by official immunity. *Slotten v. Hoffman*, 999 F.2d 333, 337 (8th Cir. 1993) ("As a matter of law, discussions about personnel matters involve discretion because there is no standard by which such discussions can be measured." (citing *Strothman v. Gefren*, 739 F.2d 515, 518-19 (10th Cir. 1984)). Thus, plaintiff's claim for slander against Ladesh in her individual capacity it is barred by official immunity and judgment should be for defendants.[2]

### C.    Public Duty Doctrine Bars Slander Claim.

Ladesh's duty to inform the Jackson County Office of the MOPD and contract attorneys of plaintiff's job performance, if such communication happened at all, is a duty owed to the general public and not specifically to plaintiff. "The Public Duty Doctrine protects public officers from civil liability for injuries or damages sustained by particular individuals resulting in a breach of a duty the officer owed to the general public." *Clay v. Scott*, 883 S.W.2d 573, 576 (Mo. App. E.D. 1994) (citing *Scher v.*

---

[2]Certainly it was within defendant Ladesh's discretion to contact other supervisors and contract attorneys regarding plaintiff's work status and history. This is especially true if plaintiff was applying for employment with these individuals. The consequences of limiting this type of interaction by withholding immunity are great. The defense of clients would be jeopardized by employees previously discharged and known to be incompetent. If communication between offices and contract attorneys was not allowed, discharged employees from one office would merely apply for work at other offices or with other contract attorneys. For obvious reasons, this should not be allowed.

5

WP003098
001321 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

*Purkett*, 847 S.W.2d 76, 78 (Mo. App. W.D. 1992)). "A breach of a public official's duty to the general public will not support a cause of action by an individual injured thereby." *Clay*, at 576 (citing *State ex rel. Tweiehaus v. Adolf*, 706 S.W.2d 443, 445 (Mo. banc. 1986)).

The duty to communicate work performance between offices of the MOPD and contract attorneys is for the benefit and protection of the general public, not the individual whose performance is being evaluated. In order for the MOPD to adequately represent its clients, the residents of the State of Missouri, a line of communication must be established between offices and contract attorneys regarding the performance of individual employees. Here, this communication was for the benefit of the public generally, not the plaintiff specifically. Thus, the communications which defendant Ladesh had with the Jackson County Office of the MOPD and one other contract attorney, if such communication happened at all, is protected by the Public Duty Doctrine and judgment should be for the defendants.

**D.     Alternatively, Plaintiff Fails to Plead a Cause of Action for Slander.**

Although the speech alleged to be slanderous does not have to be set forth in the petition with "absolute precision," it still must be specific enough so "that their 'be certainty as to what is charged' as the slander." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 313 (Mo. banc. 1993) (quoting *Lorenz v. Town Talk Publishing Company*, 261 S.W.2d 952, 954 (Mo. 1953)).

6

WP003099
001322 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



Plaintiff has failed to meet even this reduced standard of pleading. Plaintiff fails even in general terms to state what language Ladesh used which was allegedly slanderous or who she made these allegedly slanderous statements to. Plaintiff made no attempt to even paraphrase the alleged slanderous remarks. *See Bosley v. Kearney R-1 School District*, 904 F.Supp. 1006, 1029 (W.D. Mo. 1995) (allegations of slander dismissed as plaintiff made no attempt to even paraphrase the slanderous remark); *Hester v. Barnett*, 723 S.W.2d 544, 556-57 (Mo. Ct. App. 1987). Thus, plaintiff has failed to sufficiently plead a cause of action for slander and judgement should be for the defendants.

### E.    The Alleged Slanderous Remarks Were Never Published.

Plaintiff seemingly claims the alleged slanderous remarks were made by Ladesh to supervisors of MOPD in Jackson County and to a contract attorney working for the MOPD. *See* Footnote 1. In these circumstances, the alleged slanderous remarks are deemed not published and, therefore, a claim for slander cannot be made.

"A publication is simply the communication of defamatory matter to a third person" *Rice v. Hodapp*, 919 S.W.2d 240, 243 (Mo. banc. 1996) (quoting *Nazeri*, 860 S.W.2d at 313). However, "communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons." *Rice*, at 243 (quoting *Hellesen v. Knaus Truck Lines*, 370 S.W.2d 341, 344 (Mo. 1963)). Clearly, the communications between Ladesh and the MOPD and the office of a contract attorney,

7

WP003190
001523  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



working for the MOPD, were not legally published and, therefore, cannot prove a cause of action for slander.

### F.    The Alleged Slanderous Remarks Are Qualifiedly Privileged.

Any statements made by Ladesh to employees or contract attorneys of MOPD are qualifiedly privileged as an intra-corporate communication. "A communication is held to be qualifiedly privileged when it is made in good faith upon any subject-matter in which the person making the communication has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty, although it contains matter which, without such privilege, would be actionable." *Rice*, 919 S.W.2d at 244 (quoting *Carter v. Willert Home Products, Inc.*, 714 S.W.2d 506, 513 (Mo. banc. 1986)). "The applicability of the defense of qualified privilege is a matter of law to be decided by the trial court." *Id*.

The statements allegedly made by Ladesh were intra-corporate communications within this qualified privilege. Ladesh had an interest in the subject-matter allegedly discussed. "Communications between the corporation and its personnel are the only means whereby a corporation can inform itself concerning the performances and conduct of employees in the due and regular course of the corporate business. A corporation has an interest to see that business runs efficiently." *Rice*, at 244 (quoting *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 685 (Mo. App. 1992)). Likewise, the employees receiving the alleged information had an interest in the subject-matter communicated. Employees working for MOPD who make hiring

8

WP003101
001324 Filed by Clay County Microfilm Department on May 18, 2015 at 12:50

decisions have a legitimate interest in knowing the qualifications and work habits of prospective employees. Thus, judgment on Count II should be for the defendants as any remarks made by Ladesh are qualifiedly privileged.

## IV.  Tortious Interference Claim Barred by Sovereign Immunity and Official Immunity and Public Duty Doctrine.

Plaintiff also claims Ladesh tortiously interfered with his contract of employment with MOPD. He has filed suit against her in both her official and individual capacities. There is no genuine issue of disputed fact with respect to the alleged tortious interference and Ladesh is entitled to judgment, as a matter of law.

### A.   Sovereign Immunity Bars Claim for Acts Committed in Official Capacity.

For those reasons stated above, plaintiff's claim for tortious interference against Ladesh in her official capacity should be dismissed as it is barred by sovereign immunity. *Coleman v. McNary*, 549 S.W.2d 568, 570 (Mo. App. 1977) (sovereign immunity bars action for tortious interference brought against individual state employees).

### B.   Official Immunity Bars Claim for Acts Committed in Individual Capacity.

For the reasons previously stated, plaintiff's claim for tortious interference against Ladesh in her individual capacity should also be dismissed as it is barred by official immunity. The basis for plaintiff's tortious interference claim is that defendant Ladesh dismissed him from employment with the Liberty Office of the MOPD. It is

9

WP003192
0013125   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

clear that this act was discretionary and, thus, falls within the protection of official immunity.

> [H]iring is a discretionary function, and [ ] there should be no right of action against a public official for alleged negligence in the hiring process. Decisions regarding firing are of the same character as hiring. Where hiring decisions are found to be a discretionary function and protected by official immunity it follows that discharging or firing is also protected.

*Gavan v. Madison Memorial Hosp.*, 700 S.W.2d 124, 128 (Mo. App. 1985) (citing *Sherrill v. Wilson*, 653 S.W.2d 661, 669 (Mo. banc 1983)).

### C.    Public Duty Doctrine Bars Tortious Interference Claim.

For the reasons discussed above, plaintiff's claim for tortious interference against Ladesh is barred by the Public Duty Doctrine. The duty owed by Ladesh is not to plaintiff individually, but to the public generally. Her duty is to offer the residents of the State of Missouri high quality legal services, including the services of an investigator. Her duty is not to provide plaintiff with employment. Thus judgment should be for defendants.

### D.    Wrongful Discharge Is Not a Viable Cause of Action in Missouri.

As discussed above, plaintiff's claim for wrongful discharge in Count III, against Ladesh should be dismissed. Although plaintiff alleges Count III is one for tortious interference, it is actually one for wrongful discharge. Plaintiff's only allegation in Count III is that Ladesh "tortiously interfered" with his contract of employment by "discharging" him. Plaintiff is obviously trying to skirt the at-will employment

10

WP003193
001326
Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



doctrine by claiming his discharge amounted to tortious interference. This artful

pleading does not change the true basis and spirit of plaintiff's cause of action, one for

wrongful discharge.

### E.    Plaintiff Has Failed to Plead a Cause of Action for Tortious Interference With Regard to MOPD.

Tortious interference requires proof of: (1) a contract or valid business

expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach

induced or caused by defendant's intentional interference; (4) absence of justification;

and (5) damages. *Nazeri*, 860 S.W.2d at 316 (citing *Community Title v. Roosevelt

Federal Savings and Loan*, 796 S.W.2d 369, 372 (Mo. banc. 1990)). Plaintiff has

failed to sufficiently plead these requirements. Specifically, plaintiff has failed to

make an allegation of lack of justification. It is plaintiff's burden to produce

> substantial evidence to establish a lack of justification. If
> the defendant has a legitimate interest, economic or
> otherwise, in the contract or expectancy sought to be
> protected, then the plaintiff must show that the defendant
> employed *improper means* in seeking to further only his
> *own interests*. In the context of this tort, improper means
> are those that are *independently wrongful*, such as threats,
> violence, trespass, defamation, misrepresentation of fact,
> restraint of trade, or any other wrongful act recognized by
> statute or the common law. Conversely no liability arises if
> the defendant had an unqualified legal right to do the act
> complained of.

*Nazeri*, at 316-17 (citing *Community Title*, 796 S.W.2d at 372-73) (emphasis added).

An allegation that plaintiff acted "without justification or excuse" is a "[m]ere

conclusion of the pleader, not supported by factual allegations [and] cannot be taken as

11

WP003104
001527 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

true and must be disregarded in determining whether a petition states a claim on which relief can be granted." *Friedman v. Edward L. Bakewell, Inc.*, 654 S.W.2d 367, 369 (Mo. App. 1983) (quoting *Tolliver v. Standard Oil Company*, 431 S.W.2d 159, 162 (Mo. 1968)). "[I]n order to state a cause of action, it is necessary that facts be alleged from which it could be found that the interference was not justified." *Friedman*, at 369 (quoting *Cady v. Hartford Accident and Indemnity Company*, 439 S.W.2d 483, 485 (Mo. 1969)).

Without question, Ladesh, as plaintiff's superior, had a legitimate interest in plaintiff's performance of his job. As his superior, Ladesh had an "absolute right" to discharge plaintiff when his job performance was deemed inadequate. *Friedman*, at 369. Accordingly, plaintiff is "required to plead facts tending to show that [Ladesh] committed some independently wrongful act in the process of protecting [her] legitimate interest in [his] job performance as it affected [MOPD], and of exercising [her] constitutionally protected right to criticize [his] work," and to dismiss plaintiff from employment. *Nazeri*, at 317 (See *New York Times v. Sullivan*, 376 U.S. 254, 273, 84 S.Ct. 710, 722, 11 L.Ed.2d 686 (1964)). Absent any "evidence of impropriety," plaintiff's complaint is not actionable as tortious interference. *Nazeri*, at 317.

12

WP003105 001328 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## V. Alternatively, Plaintiff Cannot State a Claim for Tortious Interference With Regard to Outside Counsel.

Plaintiff also claims Ladesh and Hoppe tortiously interfered with his right to contract. He has filed suit against them in both their official and individual capacities. There is no genuine issue of disputed fact with respect to the alleged tortious interference and Ladesh and Hoppe are entitled to judgment, as a matter of law.

### A. Sovereign Immunity Bars Claims for Acts Committed in Official Capacities.

As discussed above, plaintiff's claim for tortious interference against Ladesh and Hoppe in their official capacities is barred by sovereign immunity, and must be dismissed. *Coleman*, 549 S.W.2d at 570.

### B. Official Immunity Bars Claims for Acts Committed in Individual Capacities.

Additionally, plaintiff's claim for tortious interference against Ladesh and Hoppe in their individual capacities is barred by official immunity, and must be dismissed. The basis for plaintiff's tortious interference claim is that Hoppe notified a contract attorney working for the MOPD that he could no longer utilize plaintiff as an investigator on MOPD files. This act of limiting the use of an employee who had been discharged from the office was clearly discretionary and, thus, is protected by official immunity.[3] *Heart of America Grain Inspection Services, Inc. v. Missouri*

---

[3]It should be noted that plaintiff fails to plead any act committed by Ladesh tortiously interfered with any contract he had with the contract attorney. He states only that due to the "actions of the individual defendant's (sic) acting in concert or separately"

13

WP003196
001529 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



*Department of Agriculture*, 1997 W.L. 519364, p. 5 (8th Cir. (Mo.)) (sending letter

was discretionary act entitling defendant to official immunity); see also *Slotten*, 999

F.2d at 337.

**C.    Public Duty Doctrine Bars Tortious Interference Claims.**

As discussed above, plaintiff's claim for tortious interference against Ladesh and

Hoppe is barred by the Public Duty Doctrine, and must be dismissed.  The duty owed

by Ladesh and Hoppe was not to plaintiff individually, as he argues, but to the public

generally.  Their public duty is to offer the residents of the State of Missouri high

quality legal services, including the services of a competent investigator.  Their public

duty is not to ensure that plaintiff finds future employment after being discharged from

the MOPD.  Notifying a contract attorney to limit the use of a previously discharged

employee on MOPD cases, protects the public from inadequate representation.

**D.    Alternatively, Plaintiff Fails to Plead a Cause of Action for Tortious Interference.**

Plaintiff has failed to state a claim for tortious interference, and Count IV must

be dismissed, for the reasons discussed above.  Plaintiff has not and cannot allege lack

of justification.  Defendants here had an "absolute right" to limit the use of a

discharged investigator by a contract attorney working for MOPD.  Ladesh and Hoppe

---

that Hoppe notified the contract attorney.  *See Petition*, paragraph 47.  Since plaintiff has failed to plead what it was that Ladesh did, she should be dismissed from this Count for an utter failure of pleading.

14

WP003197
001350 Filed by Clay County Microfilm Department on May 18, 2015 at 12:50

were fully justified in their efforts to protect clients from sub-par representation which, in their opinion, would likely occur if plaintiff was used as an investigator.

WHEREFORE, for the foregoing reasons, defendants request this Court grant judgment on the pleadings for the defendants, as to plaintiff's claims in Counts II, III and IV, assess costs against plaintiff, and order any such further relief as is deemed fair and reasonable.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

VIRGINIA W. LAY
Assistant Attorney General
Missouri Bar No. 41940
Penntower Office Building
3100 Broadway, Suite 609
Kansas City, MO 64111
(816) 889-5000
Fax No. (816) 889-5006
Attorneys for Defendant

15

001334 by Clay County Microfilm Department on May 18, 2015 at 12:50

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed, postage prepaid, by U.S. First Class Mail, this 28 day of June, 1999, to:

Glen D. Mannis
Attorney at Law
8416 N.E. Boone Avenue, #104
Kansas City, MO 64155
Attorney for Plaintiff

Virginia W. Lay
Assistant Attorney General

16

WP003199
001332 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## SEVENTH JUDICIAL CIRCUIT
### at LIBERTY

### ASSIGNMENT ORDER

Now on this 14h day of December, 1998 it is hereby ordered that the Honorable Michael J. Maloney is assigned to Division Three of the Seventh Judicial Circuit to hear, try and determine certain matters coming before said division during the period of December 14-18,1998.

Honorable Larry D. Harman
Presiding Judge

WP903140
001553  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## IN THE CIRCUIT COURT FOR CLAY COUNTY
## SEVENTH JUDICIAL CIRCUIT
## STATE OF MISSOURI

MICHAEL L. ARMSTRONG,     )
         )
    Plaintiff,        )
         )
   v.             )    Case No. CV197-6492
         )
OFFICE OF THE STATE PUBLIC   )
DEFENDER,         )
MARTY ROBINSON, DIRECTOR, et al.,  )
         )
    Defendants.     )

## NOTICE

To all parties and counsel of record you are hereby notified that defendants Marty

Robinson, Director of the State Public Defender, Katherine Ladesh, and Barbara Hoppe

will call up for hearing their motion to dismiss at 9:00 a.m. on December 15, 1998, or as

soon thereafter as the court shall permit.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

JOHN R. MUNICH
Deputy Attorney General For Litigation

**FILED**

NOV 14 1998

TIME:

*Rita Fuller*
Clay County Circuit Court

*Virginia W. Lay*
VIRGINIA W. LAY
Assistant Attorney General
Missouri Bar No. 41940
Penntower Office Building
3100 Broadway, Suite 609

WP003141
001334 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
LIBERTY, MISSOURI

**FILED**

TIME: NOV 10 1998

*Clay County Circuit Court*

MICHAEL L. ARMSTRONG,                    )
                                         )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )     Case No. CV197-6492
                                         )
OFFICE OF STATE PUBLIC DEFENDER          )
MARTY ROBINSON, DIRECTOR, et al.,        )
                                         )
                                         )
          Defendants.                    )

## ENTRY OF APPEARANCE

The undersigned Assistant Attorney General hereby enters an appearance on behalf of defendant and requests that all pleadings, correspondence and other documents be forwarded to her at the address below.

                              Respectfully submitted,


                              JEREMIAH W. (JAY) NIXON
                              Attorney General


                              VIRGINIA W. LAY
                              Assistant Attorney General
                              Bar No. 41940
                              PennTower Office Building
                              3100 Broadway, Suite 609
                              Kansas City, MO 64111
                              (816) 889-5000
                              Attorneys for Defendant

WP903112
001335 by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
LIBERTY, MISSOURI

**FILED**

TIME: **OCT 14 1997**

Clay County Circuit Court

MICHAEL L. ARMSTRONG,                )
                                     )
                    Plaintiff,       )
                                     )
                                     )      *6492*
v.                                   )      Case No. CV197-6429CC
                                     )
OFFICE OF STATE PUBLIC DEFENDER      )
MARTY ROBINSON, DIRECTOR, et al.,    )
                                     )
                    Defendants.      )

## DEFENDANTS' MOTION TO DISMISS ON THE PLEADINGS

Comes now defendants, by and through counsel, and pursuant to Rule 55.27(b) moves this Court to dismiss plaintiff's petition. In support of this motion, defendants state as follows:

On September 5, 1997, plaintiff filed a pleading in this Court entitled First Amended Petition for Wrongful Termination of Employment, Age Discrimination, Sex Discrimination, Slander, Tortious Interference with a Contract. This petition contains four separate counts against three separate defendants; the Office of State Public Defender, Katherine Ladesh and Barbara Hoppe. For the reasons set forth below, plaintiff's claims should be dismissed as plaintiff has failed to sufficiently plead claims upon which relief may be granted and because defendants are entitled to immunity.

## COUNT I

Plaintiff alleges wrongful discharge, age and sex discrimination against defendant Office of State Public Defender.



## A.    Sovereign Immunity bars wrongful discharge claim.

Plaintiff's claim against the Office of State Public Defender for wrongful discharge is barred by the Doctrine of Sovereign Immunity. Section 537.600, RSMo 1978. In pertinent part, that statute states "Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect." Two exceptions are given, but neither apply. The Office of State Public Defender is an independent department of the judicial branch of Missouri state government and is therefore entitled to the protection offered by sovereign immunity. Section 600.019, RSMo 1982. Wrongful discharge is a claim sounding in tort for which sovereign immunity applies. *Aiello v. St. Louis Community College District*, 830 S.W.2d 556, 558-59 (Mo. App. E.D. 1992); *Krasney v. Curators of University of Missouri*, 765 S.W.2d 646, 650 (Mo. App. W.D. 1989). Thus, plaintiff's claim for wrongful discharge against the Office of State Public Defender should be dismissed as it is barred by sovereign immunity.

## B.    Wrongful discharge is not a viable cause of action in Missouri.

Missouri courts abide by the Employment at Will Doctrine. *Panther v. Mr. Good-Rents, Inc.*, 817 S.W.2d 1, 2 (Mo. App. 1991). Under this doctrine, "an employer can discharge--for cause or without cause--an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision and still not be subject to liability for wrongful discharge." *Id.* at 3 (quoting *Johnson v. McDonald Douglas*

2

WP003114
001337 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

*Corporation*, 745 S.W.2d 661, 662 (Mo. banc. 1988); *Dake v. Tuell*, 687 S.W.2d 191, 193 (Mo. banc. 1985)). Further, an employment contract which does not state a definite period of time is one terminable at will. *Panther*, 817 S.W.2d at 3 (citing *Smith v. George H. Weyer, Inc.*, 224 S.W.2d 543 (Mo. App. 1949)).

At will employment status is not easily circumvented. *Neighbors v. Kirksville College*, 694 S.W.2d 822, 824 (Mo. App. 1985). Plaintiff's recitation of the Missouri Public State Defender's System Employee Handbook in his petition is insufficient to change his at will status. "[A]n employee's handbook, unilaterally adopted by the employer and subject to its unilateral amendment, does not establish a contract between the employer and employee." *Enyart v. Shelter Mutual Insurance Company*, 784 S.W.2d 205, 207 (Mo. App. 1989). Plaintiff's claim that he gave up his business to work for the Office of State Public Defender also fails to change his at will status. "[R]esignation from a previous employer to accept new employment is insufficient to constitute independent and additional consideration to remove the employee from an employee at will status." *Panther*, 817 S.W.2d at 5 (citing *Rosatone v. GTE Sprint Communications*, 761 S.W.2d 670, 671-72 (Mo. App. 1988)). Allegations of good faith and fair dealing between the employer and employee further does not change the status of an at will employee. *Neighbors*, 694 S.W.2d at 824.

Plaintiff makes a somewhat weak attempt to bring his wrongful discharge claim within the "public policy exception" by claiming his discharge was in retaliation for contacting the police when he was allegedly harassed and threatened by three individuals

3

WP903145
001358 ited by Clay County Microfilm Department on May 18, 2015 at 12:50

outside the Liberty Office of State Public Defender. He was allegedly told by these individuals to give defendant Kate Ladesh a message regarding her husband owing money for drugs. *See Petition*, paragraph 24. This allegation is insufficient to bring plaintiff's claim within the public policy exception for wrongful discharge. That exception states "an at will employee may state a claim [for wrongful discharge] when an employer's act of discharging the at will employee is violative of a statute, regulation based on a statute or constitutional provision." *Luethans v. Washington University*, 838 S.W.2d 117, 120 (Mo. App. E.D. 1992) (citing *McCloskey v. Eagleton*, 789 S.W.2d 518, 520 (Mo. App. 1990)). This is a narrow exception to the at will employment doctrine, *Osborn v. Professional Service Industries, Inc.*, 872 F.Supp. 679, 680 (W.D. Mo. 1994), and has never been expanded to cover the situation which plaintiff presents; that is, reporting a crime or incident committed by parties other than the employer.

Thus, for the above stated reasons, plaintiff's claim for wrongful discharge against the Office of State Public Defender should be dismissed.

## COUNT II

Plaintiff claims defendant Kate Ladesh slandered his reputation. He has filed suit against her in both her official and individual capacities.

**A.    Defendant Ladesh is entitled to sovereign immunity for acts committed in her official capacity.**

Plaintiff claims defendant Kate Ladesh slandered him while acting in her official capacity. When a lawsuit is brought against an individual employee of the State in his/her

4

001559  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



official capacity, the action is one against the State and the employee is entitled to sovereign immunity. *Edwards v. McNeill*, 894 S.W.2d 678, 682 (Mo. App. W.D. 1995).

> When a cause of action is stated against a state official in his official capacity, the action is one against the state. Because official-capacity suits are one method of pleading an action against an entity, the United States Supreme Court has held that a suit seeking damages from a state official in his or her official capacity should be treated as a suit against the State. Phrases such as "acting in their official capacities" are references to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury. Therefore, the immunities available to the defendant in an official capacity action seeking damages are those the governmental entity enjoys.

*Id.* at 682 (internal citations omitted). Since the Office of State Public Defender enjoys sovereign immunity, employee Kate Ladesh, sued here in her official capacity, is protected by the same sovereign immunity which protects that state agency. Thus, plaintiff's claim for slander against defendant Kate Ladesh in her official capacity should be dismissed as it is barred by sovereign immunity.

**B.    Defendant Ladesh is entitled to official immunity for acts committed in her individual capacity.**

Plaintiff claims defendant Kate Ladesh slandered him while acting in her individual capacity. Specifically, plaintiff seemingly claims defendant spoke negatively about him to supervisors in the Jackson County Office of State Public Defender and with one contract attorney working for the Office of State Public Defender.[1]

---

[1]Plaintiff fails to state who the alleged slanderous remarks were made to. He merely claims that "as a direct and proximate result of her slander," he has been denied

5

001340 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

Official immunity "protects public officials acting within the scope of their authority from liability from injuries arising from their discretionary acts or omissions." *Heins Implement v. Highway & Transportation Commission*, 859 S.W.2d 681, 694 (Mo. banc. 1993) (citing *Kanagawa v. State by and through Freeman*, 685 S.W.2d 831, 835 (Mo. banc. 1985)). "This protection is extended in the hope of promoting the effective administration of public affairs by removing the threat of personal liability from those officials who must exercise their best judgment in conducting the public's business." *Heins*, at 694-95 (citing *Kanagawa*, at 836 and *Green v. Denison*, 738 S.W.2d 861, 865-66 (Mo. banc. 1987)). "Whether an act is discretionary depends on the degree of reason and judgment it requires, judged by such factors as the nature of the official's duties, the extent to which policy-making or professional expertise is involved, and the likely consequences of withholding immunity." *Heins*, at 695 (citing *Kanagawa*, at 836).

Plaintiff has failed to plead any facts that would preclude application of the official immunity doctrine in this case. Without question, the decision by defendant Ladesh to inform supervisors at the Jackson County Office of State Public Defender and a contract attorney working for the Office of State Public Defender of plaintiff's job performance at the Clay County office, if such communication happened at all, was a discretionary act

---

work for the Office of State Public Defender in Jackson County "or" by contract attorneys. *See Petition*, paragraph 31. By this language, defendant Ladesh assumes plaintiff claims she made slanderous remarks to supervisors in the Jackson County Office and directly to a contract attorney hired by the Office of State Public Defender. For purposes of this motion, these allegations must be taken as true. However, defendant Ladesh denies any slanderous statements were made.

6

WP003118
001541 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



cloaked by official immunity. *Slotten v. Hoffman*, 999 F.2d 333, 337 (8th Cir. 1993) ("As a matter of law, discussions about personnel matters involve discretion because there is no standard by which such discussions can be measured." (citing *Strothman v. Gefren*, 739 F.2d 515, 518-19 (10th Cir. 1984)). Thus, plaintiff's claim for slander against defendant Kate Ladesh in her individual capacity should be dismissed as it is barred by official immunity.[2]

## C.    Defendant Ladesh is protected by the Public Duty Doctrine.

Defendant Kate Ladesh's duty to inform the Jackson County Office of State Public Defender and contract attorneys of plaintiff's job performance, if such communication happened at all, is a duty owed to the general public and not specifically to plaintiff. "The Public Duty Doctrine protects public officers from civil liability for injuries or damages sustained by particular individuals resulting in a breach of a duty the officer owed to the general public." *Clay v. Scott*, 883 S.W.2d 573, 576 (Mo. App. E.D. 1994) (citing *Scher v. Purkett*, 847 S.W.2d 76, 78 (Mo. App. W.D. 1992)). "A breach of a public official's duty to the general public will not support a cause of action by an individual injured

---

[2]Certainly it was within defendant Ladesh's discretion to contact other supervisors and contract attorneys regarding plaintiff's work status and history. This is especially true if plaintiff was applying for employment with these individuals. The consequences of limiting this type of interaction by withholding immunity are great. The defense of clients would be jeopardized by employees previously discharged and known to be incompetent. If communication between offices and contract attorneys was not allowed, discharged employees from one office would merely apply for work at other offices or with other contract attorneys. For obvious reasons, this should not be allowed.

7

WP003119
001342 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

thereby." *Clay,* at 576 (citing *State ex rel. Tweiehaus v. Adolf,* 706 S.W.2d 443, 445 (Mo. banc. 1986)).

The duty to communicate work performance between offices of the State Public Defender and contract attorneys is for the benefit and protection of the general public, not the individual whose performance is being evaluated. In order for the Office of State Public Defender to adequately represent its clients, the residents of the State of Missouri, a line of communication must be established between offices and contract attorneys regarding the performance of individual employees. Here, this communication was for the benefit of the public generally, not the plaintiff specifically. Thus, the communications which defendant Ladesh had with the Jackson County Office of State Public Defender and one other contract attorney, if such communication happened at all, is protected by the Public Duty Doctrine and she should be dismissed.

**D.    Plaintiff has failed to plead a cause of action for slander.**

Although the speech alleged to be slanderous does not have to be set forth in the petition with "absolute precision," it still must be specific enough so "that their 'be certainty as to what is charged' as the slander." *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 313 (Mo. banc. 1993) (quoting *Lorenz v. Town Talk Publishing Company,* 261 S.W.2d 952, 954 (Mo. 1953)).

Plaintiff has failed to meet even this reduced standard of pleading. Plaintiff fails even in general terms to state what language defendant Ladesh used which was allegedly slanderous or who she made these allegedly slanderous statements to. Plaintiff made no

8

001343 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



attempt to even paraphrase the alleged slanderous remarks. *See Bosley v. Kearney R-1 School District*, 904 F.Supp. 1006, 1029 (W.D. Mo. 1995) (allegations of slander dismissed as plaintiff made no attempt to even paraphrase the slanderous remark); *Hester v. Barnett*, 723 S.W.2d 544, 556-57 (Mo. Ct. App. 1987). Thus, plaintiff has failed to sufficiently plead a cause of action for slander and defendant Ladesh should be dismissed.

**E.    The alleged slanderous remarks were never published.**

Plaintiff seemingly claims the alleged slanderous remarks were made by defendant Ladesh to supervisors in the Jackson County Office of State Public Defender and to a contract attorney working for the Office of State Public Defender. (See footnote 1.) In these circumstances, the alleged slanderous remarks are deemed not published and, therefore, a claim for slander cannot be made.

"A publication is simply the communication of defamatory matter to a third person". *Rice v. Hodapp*, 919 S.W.2d 240, 243 (Mo. banc. 1996) (quoting *Nazeri*, 860 S.W.2d at 313). However, "communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons." *Rice*, at 243 (quoting *Hellesen v. Knaus Truck Lines*, 370 S.W.2d 341, 344 (Mo. 1963)). Clearly, the communications between defendant Ladesh and the Jackson County Office of State Public Defender and the office of a contract attorney working for the Office of State Public Defender were not legally published and, therefore, do not lay the basis for a cause of action for slander. Thus, defendant Ladesh should be dismissed.

9

001344  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

**F.    The alleged slanderous remarks are qualifiedly privileged.**

Any statements made by defendant Ladesh to employees or contract attorneys of the Office of State Public Defender are qualifiedly privileged as an intra-corporate communication. "A communication is held to be qualifiedly privileged when it is made in good faith upon any subject-matter in which the person making the communication has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty, although it contains matter which, without such privilege, would be actionable." *Rice*, 919 S.W.2d at 244 (quoting *Carter v. Willert Home Products, Inc.*, 714 S.W.2d 506, 513 (Mo. banc. 1986)). "The applicability of the defense of qualified privilege is a matter of law to be decided by the trial court." *Id.*

The statements allegedly made by defendant Ladesh were intra-corporate communications within this qualified privilege. Defendant Ladesh had an interest in the subject-matter allegedly discussed. "Communications between the corporation and its personnel are the only means whereby a corporation can inform itself concerning the performances and conduct of employees in the due and regular course of the corporate business. A corporation has an interest to see that business runs efficiently." *Rice*, at 244 (quoting *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 685 (Mo. App. 1992)). Likewise, the employees receiving the alleged information had an interest in the subject-matter communicated. Employees working for the Office of State Public Defender who make hiring decisions have a legitimate interest in knowing the qualifications and work

10

WP003122
001545 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

habits of prospective employees. Thus, defendant Ladesh should be dismissed as any remarks made by her are qualifiedly privileged.

## COUNT III

Plaintiff claims defendant Kate Ladesh tortiously interfered with his contract of employment with the Office of State Public Defender. He has filed suit against her in both her official and individual capacities.

**A.    Defendant Ladesh is entitled to sovereign immunity for acts committed in her official capacity.**

For those reasons previously stated at pages 2, 4 and 5 of this motion, plaintiff's claim for tortious interference against defendant Kate Ladesh in her official capacity should be dismissed as it is barred by sovereign immunity. *Coleman v. McNary*, 549 S.W.2d 568, 570 (Mo. App. 1977) (sovereign immunity bars action for tortious interference brought against individual state employees).

**B.    Defendant Ladesh is entitled to official immunity for acts committed in her individual capacity.**

For those reasons previously stated at pages 5, 6 and 7 of this motion, plaintiff's claim for tortious interference against defendant Kate Ladesh in her individual capacity should be dismissed as it is barred by official immunity. The basis for plaintiff's tortious interference claim is that defendant Ladesh dismissed him from employment with the Liberty Office of State Public Defender. It is clear that this act was discretionary and, thus, falls within the protection of official immunity.

11

WP003123
001346 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

> [H]iring is a discretionary function, and [ ] there should be no right of action against a public official for alleged negligence in the hiring process. Decisions regarding firing are of the same character as hiring. Where hiring decisions are found to be a discretionary function and protected by official immunity it follows that discharging or firing is also protected.

*Gavan v. Madison Memorial Hosp.*, 700 S.W.2d 124, 128 (Mo. App. 1985) (citing *Sherrill v. Wilson*, 653 S.W.2d 661, 669 (Mo. banc 1983)).

**C.     Defendant Ladesh is protected by the Public Duty Doctrine.**

For the reasons previously stated at pages 7 and 8 of this motion, plaintiff's claim for tortius interference against defendant Ladesh should be dismissed as it is barred by the Public Duty Doctrine. The duty owed by defendant Ladesh in this instance was not to plaintiff individually, but to the public generally. Her duty is to offer the residents of the State of Missouri high quality legal services, including the services of an investigator. Her duty is not to provide plaintiff with employment.

**D.     Wrongful discharge is not a viable cause of action in Missouri.**

For the reasons previously stated at pages 2-4 of this motion, plaintiff's claim for wrongful discharge against defendant Kate Ladesh should be dismissed. Although plaintiff alleges Count III is one for tortious interference, it is actually one for wrongful discharge. Plaintiff's only allegation in Count III is that defendant Ladesh "tortiously interfered" with his contract of employment by "discharging" him. Plaintiff is obviously trying to skirt the at will employment doctrine by claiming his discharge amounted to

12

WP903124
0013847 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

tortious interference. This artful pleading does not change the true basis and spirit of plaintiff's cause of action; one for wrongful discharge.

**E.    Plaintiff has failed to plead a cause of action for tortious interference.**

Tortious interference requires proof of: (1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages. *Nazeri*, 860 S.W.2d at 316 (citing *Community Title v. Roosevelt Federal Savings and Loan*, 796 S.W.2d 369, 372 (Mo. banc. 1990)). Plaintiff has failed to sufficiently plead these requirements. Specifically, plaintiff has failed to make an allegation of lack of justification. It is plaintiff's burden to produce:

> substantial evidence to establish a lack of justification. If the defendant has a legitimate interest, economic or otherwise, in the contract or expectancy sought to be protected, then the plaintiff must show that the defendant employed *improper means* in seeking to further only his *own interests*. In the context of this tort, improper means are those that are *independently wrongful*, such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law. Conversely no liability arises if the defendant had an unqualified legal right to do the act complained of.

*Nazeri*, at 316-17 (citing *Community Title*, 796 S.W.2d at 372-73) (emphasis added). An allegation that plaintiff acted "without justification or excuse" is a "[m]ere conclusion of the pleader, not supported by factual allegations [and] cannot be taken as true and must be disregarded in determining whether a petition states a claim on which relief can be granted." *Friedman v. Edward L. Bakewell, Inc.*, 654 S.W.2d 367, 369 (Mo. App. 1983)

13

WP003125
001348 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

(quoting *Tolliver v. Standard Oil Company*, 431 S.W.2d 159, 162 (Mo. 1968)). "[I]n order to state a cause of action, it is necessary that facts be alleged from which it could be found that the interference was not justified." *Friedman*, at 369 (quoting *Cady v. Hartford Accident and Indemnity Company*, 439 S.W.2d 483, 485 (Mo. 1969)).

Without question, defendant Ladesh, in her capacity as plaintiff's superior, had a legitimate interest in plaintiff's performance of his job. As his superior, defendant Ladesh had an "absolute right" to discharge plaintiff when his job performance was deemed inadequate. *Friedman*, at 369. Accordingly, plaintiff is "required to plead facts tending to show that [defendant Ladesh] committed some independently wrongful act in the process of protecting [her] legitimate interest in [his] job performance as it affected [the Office of State Public Defender], and of exercising [her] constitutionally protected right to criticize [his] work," and to dismiss plaintiff from employment. *Nazeri*, at 317 (See *New York Times v. Sullivan*, 376 U.S. 254, 273, 84 S.Ct. 710, 722, 11 L.Ed.2d 686 (1964)). Absent any "evidence of impropriety," plaintiff's complaint is not actionable as tortious interference. *Nazeri*, at 317. Thus, given the deficiencies in plaintiff's pleading, defendant Ladesh should be dismissed.

## COUNT IV

Plaintiff claims defendant Ladesh and defendant Barbara Hoppe tortiously interfered with his right to contract. He has filed suit against them in both their official and individual capacities.

14

WP903126

0013449 by Clay County Microfilm Department on May 18, 2015 at 12:50



**A.**  **Defendants Ladesh and Hoppe are entitled to sovereign immunity for acts committed in their official capacities.**

For the reasons stated previously at pages 2, 4, 5 and 11 of this motion, plaintiff's claim for tortious interference against defendants Ladesh and Hoppe in their official capacities should be dismissed as it is barred by sovereign immunity. *Coleman*, 549 S.W.2d at 570.

**B.**  **Defendants Ladesh and Hoppe are entitled to official immunity for acts committed in their individual capacities.**

For the reasons previously stated at pages 5-7, 11 and 12 of this motion, plaintiff's claim for tortious interference against defendants Ladesh and Hoppe in their individual capacities should be dismissed as it is barred by official immunity. The basis for plaintiff's tortious interference claim is that defendant Hoppe notified a contract attorney working for the Office of State Public Defender that he could no longer utilize plaintiff as an investigator on Office of State Public Defender files. This act of limiting the use of an employee who had been discharged from the office was clearly discretionary and, thus, falls within the protection of official immunity.[3] *Heart of America Grain Inspection Services, Inc. v. Missouri Department of Agriculture,* 1997 W.L. 519364, p. 5 (8th Cir.

---

[3]It should be noted that plaintiff fails to plead any act committed by defendant Ladesh tortiously interfered with any contract he had with the contract attorney. He states only that due to the "actions of the individual defendant's (sic) acting in concert or separately" that defendant Hoppe notified the contract attorney. *See Petition*, paragraph 47. Since plaintiff has failed to plead what it was that defendant Ladesh did, she should be dismissed.

15

WP003127
001350 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

(Mo.)) (sending letter was discretionary act entitling defendant to official immunity); see also *Slotten*, 999 F.2d at 337.

**C.    Defendants Ladesh and Hoppe are protected by the Public Duty Doctrine.**

For the reasons previously stated at pages 7, 8 and 12 of this motion, plaintiff's claim for tortious interference against defendants Ladesh and Hoppe should be dismissed as it is barred by the Public Duty Doctrine. The duty owed by defendants Ladesh and Hoppe in this instance was not to plaintiff individually, but to the public generally. Their duty is to offer the residents of the State of Missouri high quality legal services, including the services of a competent investigator. Their duty is not to ensure that plaintiff is employed after being discharged from the Office of State Public Defender. Notifying a contract attorney to limit the use of a previously discharged employee protects the public from inadequate representation.

**D.    Plaintiff has failed to plead a cause of action for tortious interference.**

For the reasons previously stated at pages 13 and 14 of this motion, defendants Ladesh and Hoppe should be dismissed from this case because plaintiff has failed to state a claim for tortious interference. Plaintiff has not and cannot allege lack of justification. Defendants here had an "absolute right" to limit the use of a previously discharged employee by a contract attorney working for the Office of the State Public Defender. Defendants were fully justified in their attempt to protect clients from sub-par representation which, in their opinion, would likely occur if plaintiff was used as an investigator.

16

001351 WP003128 by Clay County Microfilm Department on May 18, 2015 at 12:50



WHEREFORE, for the foregoing reasons, defendants request this Court dismiss plaintiff's claims against them and for costs to be assessed against plaintiff.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

JOHN E. JACKSON
Assistant Attorney General
Missouri Bar No. 36626
Penntower Office Building
3100 Broadway, Suite 609
Kansas City, MO 64111
(816) 889-5000
Fax No. (816) 889-5006
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed, postage prepaid, by U.S. First Class Mail, this 14 day of October, 1997, to:

Glen D. Mannis
Attorney at Law
8416 N.E. Boone Avenue, #104
Kansas City, MO 64155
Attorney for Plaintiff

John E. Jackson
Assistant Attorney General

17

WP003120
001352 Filed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
LIBERTY, MISSOURI

FILED

OCT 14 1997

TIME:

Clay County Circuit Court

MICHAEL L. ARMSTRONG,                          )
                                               )
            Plaintiff,                         )
                                               )
                                               )          6492
    v.                                         )     Case No. CV197-6429CC
                                               )
OFFICE OF STATE PUBLIC DEFENDER                )
MARTY ROBINSON, DIRECTOR, et al.,              )
                                               )
            Defendants.                        )

**OFFICE OF STATE PUBLIC DEFENDER'S ANSWER TO
PLAINTIFF'S PETITION FOR AGE AND SEX DISCRIMINATION**

Comes now defendant Office of State Public Defender, by and through counsel, and

answers plaintiff's Petition for Age and Sex Discrimination[1] as follows:

1.      Defendant is without sufficient knowledge to admit whether plaintiff's date

of birth is ███████████ or whether plaintiff is a resident of Liberty, Clay County,

Missouri and therefore denies the same.

2.      Defendant Office of State Public Defender is an independent department of

the judicial branch of Missouri State government with a local office in Liberty, Clay

County, Missouri and an office in Columbia, Boone County, Missouri. Defendant denies

the remaining allegations contained in paragraph 2.

---

[1]Contemporaneously filed with this answer is defendants' motion to dismiss
on the pleadings. That pleading requests this Court dismiss all of plaintiff's claims
contained in his petition filed on September 5, 1997 except the claims for sex and
age discrimination against the Office of State Public Defender. Accordingly, this
answer responds only to those remaining claims.

WP903120
0015333 by Clay County Microfilm Department on May 18, 2015 at 12:50

3.    Kate Ladesh is presently and was on September 5, 1995 a District Public Defender employed by the Office of State Public Defender.    Defendant denies the remaining allegations contained in paragraph 3.

4.    Barbara Hoppe is presently and was in November 1995 a transfer attorney employed by the Office of State Public Defender.    Defendant denies the remaining allegations contained in paragraph 4.

5.    Defendant admits plaintiff was dismissed by the Office of State Public Defender on September 5, 1995.    Plaintiff's remaining allegations contained in paragraph 5 are somewhat confusing, thus, defendant denies those remaining allegations.

6.    Defendant Office of State Public Defender was created by § 600.019(1) RSMo 1978, and its duties are enumerated in Chapter 600.    The remaining contents of paragraph 6 regard service of process, to which defendant does not believe it is necessary to reply.

7.    Defendant denies the allegations contained in paragraph 7.

8.    This paragraph is a reiteration of paragraphs 1-7, and as such defendants need not reply again.

9.    Defendant admits § 600.021, RSMo 1986 states that certain employees of the Office of State Public Defender "shall serve at the pleasure of the employee Public Defender." Defendant further admits that plaintiff was an employee at will and could be terminated at any time with or without cause.    Defendant denies the remaining allegations contained in paragraph 9.

2

WP003124
001354 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. There is not sufficient information to determine whether the allegations contained in paragraph 12 are true, thus, defendant denies the allegations contained therein.

13. There is not sufficient information to determine whether the allegations contained in paragraph 13 are true, thus, defendant denies the allegations contained therein.

14. There is not sufficient information to determine whether the allegations contained in paragraph 14 are true, thus, defendant denies the allegations contained therein.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant Office of State Public Defender admits Kate Ladesh complied with policies and procedures of defendant when she discharged plaintiff. Defendant denies the remaining allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

3

WP903122
001355 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

23.   Defendant denies the allegations contained in paragraph 23.

24.   Defendant denies the allegations contained in paragraph 24.

25.   Defendant denies the allegations contained in paragraph 25.

26.   Defendant denies the dismissal of plaintiff violated § 213.055.  Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 26, thus, defendant denies these allegations.

27.   Defendant denies the allegations contained in paragraph 27.

28.   Defendant denies plaintiff is entitled to any of the relief requested.

29.   All allegations contained in the complaint are denied unless specifically admitted herein.

Further answering, defendant affirmatively states as follows:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.  Rule 55.27(6).

## SECOND DEFENSE

Any and all employment decisions made concerning plaintiff were based on legitimate, non-discriminatory business reasons and defendant acted in good faith at all times.

## THIRD DEFENSE

Defendant asserts plaintiff caused, contributed to, or was relatively responsible for the injuries about which he complains.

4

WP003123
001356  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## FOURTH DEFENSE

Plaintiff fails to allege sexual discrimination in his EEOC Charge of Discrimination and his Amended Charge of Discrimination, thus, this Court lacks jurisdiction to hear this claim.

## FIFTH DEFENSE

Defendant is protected from liability and suit by the Doctrine of Qualified Immunity.

## SIXTH DEFENSE

Defendant is protect from liability and suit by the Public Duty Doctrine.

## SEVENTH DEFENSE

Defendant acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

## EIGHTH DEFENSE

The alleged conduct was, in whole or in part, properly within the discretionary authority committed to the defendant to perform defendant's official functions.

## NINTH DEFENSE

Defendant asserts that plaintiff was dismissed for legitimate reasons.

## TENTH DEFENSE

Defendant asserts plaintiff has failed to mitigate his damages.

5

WP003124
001557    Filmed by Clay County Microfilm Department on May 18, 2015 at 12:50



## ELEVENTH DEFENSE

In further defense, defendant incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Defendant specifically reserves the right to amend his answer to include affirmative defenses at the time they are discovered.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

JOHN E. JACKSON
Assistant Attorney General
Missouri Bar No. 36626
Penntower Office Building
3100 Broadway, Suite 609
Kansas City, MO 64111
(816) 889-5000
Fax No. (816) 889-5006
Attorneys for Defendant

6

WP003125
001358 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed, postage prepaid, by U.S. First Class Mail, this __14__ day of October, 1997, to:

Glen D. Mannis
Attorney at Law
8416 N.E. Boone Avenue, #104
Kansas City, MO 64155
Attorney for Plaintiff

John E. Jackson
Assistant Attorney General

7

WP003136
001359 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

Office of the Presiding Judge
Seventh Judicial Circuit

Marilyn L. Dunn, Executive Secretary

Clay County Courthouse
Liberty, Missouri 64068                                    Tel. No. 792-7674

Glenn D. Manis, Esq.
8416 N.E. Boone Avenue #104
Kansas City, Missouri  64155


Marty Robinson, Director
Office of State Public Defender
231 East Capital
Jefferson City, Missouri  65101

Barbara Hoppe
Transfer Attorney
Office of State Public Defender
3402 Buttonwood
Columbia, Missouri  65201

Kate Ladesh, Public Defender
234 W. Shrader
Liberty, Missouri  64068


Re:   Michael L. Armstrong      V. State Public Defender, et al No. CV197-6492CC

You are hereby notified the XXXXXXXX Presiding Judge made the following entry in
the above mentioned cause on    September 26, 1997        , to wit:

Sep 26  1997    Cause transferred to Div. 3, Honorable James E. Welsh.  Clerk to
                notify parties. LDH,PJ/kji


                                          Yours very truly,

                                          K. Inpenari

enclosure
 (docket sheet)

                                          Marilyn L. Dunn,
                                          Executive Secretary to Presiding Judge

WP903137
001360 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

```
*********************************
* CIVIL PROCESS BILLING STATEMENT *
*********************************
```

BOONE COUNTY SHERIFFS DEPARTMENT
2121 COUNTY DRIVE
COLUMBIA, MO  65202
(573) 875-1111


CLAY COUNTY CIRCUIT CLERK
COURTHOUSE
P.O. BOX 218
LIBERTY MO 64068


```
  PROCESS FEE -    20.00
MILEAGE COSTS -
                 --------
    AMOUNT DUE -    20.00
```

**PAID**

FILE NUMBER - 97009229

CASE NUMBER - CV1976492CC

CASE TITLE - MICHAEL L ARMSTRONG VS STATE PUBLIC DEFE

RECEIVED DATE -  9/12/97

NAME - HOPPE, BARBARA

PAPER TYPE - SUMMONS- CIRCUIT COURT

ASSIGNED TO -   43

SERVED BY -   43

SERVED DATE -  9/18/97

SERVICE TYPE - IN PERSON


```
***************
* NET 30 DAYS *
***************
```

WP903138
001361 by Clay County Microfilm Department on May 18, 2015 at 12:50

# CIRCUIT COURT FOR THE COUNTY OF CLAY

### STATE OF MISSOURI

### SEVENTH JUDICIAL CIRCUIT

MICHAEL L. ARMSTRONG

                    Plaintiff            Division No.            2

and

STATE PUBLIC DEFENDER, ETAL

                    Defendant           Case No.        CV197-6492 CC

## SUMMONS

The State of Missouri to Defendant

BARBARA HOPPE, INDIVIDUALLY
AND AS REPRESENTATIVE OF OFFICE
OF STATE PUBLIC DEFENDER
3402 BUTTONWOOD DR
COLUMBIA, MO 65201

You are hereby summoned to appear before the above-named court and to file your pleading to the petition, copy of which is attached hereto, and to serve a copy of your pleading upon Attorney —

For Plaintiff — to wit: GLEN D. MANIS
8416 NE BOONE AVE #104
KANSAS CITY, MO 64155

RECEIVED
SEP 1 2 1997

all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

(Seal of Circuit Court)                      RITA FULLER, Circuit Clerk

By _____
                                         Deputy Clerk

Dated    SEPTEMBER 9            , 19 97

Form # 126

WP903139
001362 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## RETURN OF SERVICE OF SUMMONS

### I hereby certify that I have served the attached summons:

(1)  By delivering, on the _18_ day of _SEPTEMBER_ , 19_97_ a copy of the summons and a copy of the petition to the following named defendant(s) _BARBARA HOFFE @ 1335 HRS_

at _3402 BUTTONWOOD DR COLUMBIA MO_

(2)  By leaving, on the ____ day of _____, 19___, for the following named defendant(s)_____

a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of said defendant(s) at _____

with _____, a person of his or her family over the age of 15 years;

(3)  By

**FILED**

TIME: SEP 2 5 1997

_Rita Fuller_

Clay County Circuit C---

Sheriff's Fees:
Summons     $ _20.00_
Non Est     $ _____
Mileage     $ _____
Total       $ _20.00_

_T P Barr_
Sheriff of _____ County, Missouri

By_____  _5093_
Deputy Sheriff

Return5   6/90

WP903140
**001363**  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

```
*************************************
* CIVIL PROCESS BILLING STATEMENT *
*************************************
```

BOONE COUNTY SHERIFFS DEPARTMENT
2121 COUNTY DRIVE
COLUMBIA, MO  65202
(573) 875-1111


CLAY COUNTY CIRCUIT CLERK
COURTHOUSE
P.O. BOX 218
LIBERTY MO 64068



```
  PROCESS FEE -   20.00
MILEAGE COSTS -
                --------
  AMOUNT DUE -    20.00
```

**PAID**
9/19/97 OK 2384

FILE NUMBER - 97009228

CASE NUMBER - CV1976492CC

CASE TITLE - MICHAEL L ARMSTRONG VS STATE PUBLIC DEFE

RECEIVED DATE - 9/12/97

NAME - STATE PUBLIC DEFENDER

PAPER TYPE - SUMMONS- CIRCUIT COURT

ASSIGNED TO -   43

SERVED BY -   43

SERVED DATE -   9/18/97

SERVICE TYPE - NON-EST


```
***************
* NET 30 DAYS *
***************
```

WP003141
001364 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

# CIRCUIT COURT FOR THE COUNTY OF CLAY

## STATE OF MISSOURI

### SEVENTH JUDICIAL CIRCUIT

MAKE RETURN ON REVERSE SIDE AND
RETURN THIS WRIT TO CLAY COUNTY

MICHAEL L. ARMSTRONG

Plaintiff                 Division No.          2

and

STATE PUBLIC DEFENDER, ETAL

Defendant                 Case No.     CV197-6492 CC

## SUMMONS

The State of Missouri to Defendant
OFFICE OF STATE PUBLIC DEFENDER
MARTY ROBINSON, DIRECTOR
~~3402 BUTTONWOOD DRIVE~~
~~COLUMBIA, MO  65201~~
231 EAST CAPITAL
JEFFERSON CITY

BARBARA HOPPE, INDIVIDUALLY
AND AS REPRESENTATIVE OF OFFICE
OF STATE PUBLIC DEFENDER
3402 BUTTONWOOD DR
COLUMBIA, MO  65201

You are hereby summoned to appear before the above-named court and to file your pleading to the petition, copy
of which is attached hereto, and to serve a copy of your pleading upon Attorney —

For Plaintiff — to wit:
GLEN D. MANIS
8416 NE BOONE AVE #104
KANSAS CITY, MO  64155

RECEIVED
SEP 1 2 1997
BOONE COUNTY
SHERIFF'S DEPT

all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the petition.

(Seal of Circuit Court)

RITA FULLER, Circuit Clerk

By _____
                                    Deputy Clerk

Dated     SEPTEMBER 9           , 19 97

Form # 126

001565    Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## RETURN OF SERVICE OF SUMMONS

### I hereby certify that I have served the attached summons:

(1)  By delivering, on the _____ day of _____, 19___ a copy
of the summons and a copy of the petition to the following named
defendant(s)_____

**FILED**

_____    SEP 2 5 1997

at_____    TIME:

_Rita Fuller_

Clay County Circuit

(2)  By leaving, on the _____ day of _____, 19___, for the
following named defendant(s)_____

a copy of the summons and a copy of the petition at the respective

dwelling place or usual place of abode of said defendant(s) at _____

_____

with _____, a person of his or her family
over the age of 15 years;

(3)  By NON-EST MARY ROBINSON IS LOCATED IN JEFFERSON CITY
OFFICE AT 231 E CAPITOL 9/18/97

Sheriff's Fees:

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ |
| Total | $_____ |

_T.P. Boll_
Sheriff of _____ County, Missouri

By _____    5095
Deputy Sheriff

Return5  6/90

WP903143
**001366** Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



# CIRCUIT COURT FOR THE COUNTY OF CLAY

STATE OF MISSOURI

SEVENTH JUDICIAL CIRCUIT

MICHAEL L. ARMSTRONG

                                    Plaintiff              Division No.              2

                and

STATE PUBLIC DEFENDER, ETAL

                                    Defendant              Case No.        CV197-6492 CC

# SUMMONS

The State of Missouri to Defendant
        OFFICE OF STATE PUBLIC DEFENDER
        MARTY ROBINSON, DIRECTOR
        3402 BUTTONWOOD DRIVE
        COLUMBIA, MO  65201

        You are hereby summoned to appear before the above-named court and to file your pleading to the petition, copy of which is attached hereto, and to serve a copy of your pleading upon Attorney —

For Plaintiff — to wit:  .          GLEN D. MANIS
                                    8416 NE BOONE AVE #104
                                    KANSAS CITY, MO  64155

all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

        (Seal of Circuit Court)                           RITA FULLER, Circuit Clerk

                                          By _____
                                                                        Deputy Clerk

Dated       SEPTEMBER 9                 , 19 97

Form # 126

WP003144
001367 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
LIBERTY, MISSOURI

MICHAEL L. ARMSTRONG,                          )
846 York Place                                 )
Liberty, Clay County, Missouri,                )
         Plaintiff, .                 )
                                    )
                                    )   Case No.
vs.                                            )
                                    )
OFFICE OF STATE PUBLIC DEFENDER )   Division No.
MARTY ROBINSON, DIRECTOR                       )
3402 Buttonwood Drive                          )
Columbia, Missouri 65201                       )
         Defendant.                   )
KATHERINE "KATE" E. LADESH,                     )
INDIVIDUALLY AND AS                            )
REPRESENTATIVE OF OFFICE OF                     )
STATE PUBLIC DEFENDER,                          )
234 Schrader                                   )
Liberty, Missouri 64068                        )
         Defendant,                   )
BARBARA HOPPE,                                 )
INDIVIDUALLY AND AS                            )
REPRESENTATIVE OF OFFICE                        )
OF STATE PUBLIC DEFENDER,                       )
3402 Buttonwood Drive                          )
Columbia, Missouri 65201                       )
         Defendant.                   )

CV197 6492 CC

**TWO**

**FILED**

TIME:  **SEP 05 1997**

*Rita Fuller*
Clay County Circuit Court

FIRST AMENDED PETITION FOR
WRONGFUL TERMINATION OF EMPLOYMENT, AGE DISCRIMINATION, SEX
DISCRIMINATION, SLANDER, TORTIOUS INTERFERENCE WITH A
CONTRACT,

COMES NOW, the Plaintiff, Michael L. Armstrong and for his petition states as
follows:

1.    The Plaintiff, Michael L. Armstrong, ███████████████ is a
resident of Liberty, Clay County, Missouri at the above address in the caption.

2.      The Defendant Office of State Public Defender, also known as the Missouri State Public Defender System, is a public entity of the State of Missouri with local office at 234 Schrader, Liberty, Clay County, Missouri and with its statewide headquarters at 3402 Buttonwood Drive, Columbia, Boone County, Missouri.

3.      Defendant Kate Ladesh is and has been an employee of and works as attorney for the Office of State Public Defender and managed its office in Liberty, Clay County, Missouri, on September 5, 1995.

4.      Defendant Barbara Hoppe is and has been an employee of the Office of State Public Defender and works in the office in Columbia, Missouri, during November, 1995.

5.      On or about September 5, 1995, and for twelve years before that time, the Plaintiff had been employed by the Office of State Public Defender either as a contract investigator and then as a full time employee, since May 1985, of the Missouri Public Defender System as an investigator in which capacity he was serving on September 5, 1995, when he was fired by Kate Ladesh in the parking lot of the Clay County Courthouse at 11 South Water Street, Liberty, Missouri.

6.      The Office of State Public Defender is created by the legislature of the State of Missouri and is charged with representing indigent persons in criminal actions in the Courts of the State of Missouri pursuant to Chapter 600 R.S. Mo.; service may be obtained on the defendant by serving Marty Robinson, Director of the Office of the State Public Defender at the Columbia Missouri address stated above in the caption; in addition, the plaintiff is requesting service be made on the Office of State Public Defender by serving the Attorney General of the State of Missouri in Jefferson City, Cole County, Missouri.

7.      The Plaintiff prior to September 5, 1995, had an unblemished employment record with the Office of State Public Defender with no letters of reprimand or negative

2

WP003146
001369 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

job evaluations in his record. Further, the plaintiff had satisfactorily performed his assigned job duties.

COUNT ONE

COMES NOW the Plaintiff, Michael L. Armstrong, and for his cause of action for wrongful termination for retaliation, age and sex discrimination against the Defendant Office of State Public Defender, states as follows:

8. Paragraph 1 through 7 are included herein by reference as if fully set forth herein.

9. Section 600.021 R.S.Mo.1986 provides that employees of the public defender system serves at the pleasure of the employing public defender. The hiring authority may discharge an employee at any time with or without cause.

10. Plaintiff was employed by Fred Duchardt as Public Defender and has dedicated plaintiff's life to the defense of the clients of the Missouri State Public Defender System based on the representations of Mr. Duchardt that Plaintiff should give up his business and come to work for the System and Plaintiff could retire from the System and enjoy the various benefits of the System and would not be fired but for cause and that the system was set up to resolve disputes between personnel as the System recognizes the investment in its employees and desires to keep those employees.

11. The Missouri State Public Defender System Employee Handbook recognizes and confirms the oral agreement made to hire the Plaintiff and thereby limits the statutory authority to fire an employee at the whim of the Public Defender.

12. The Missouri State Public Defender System Employee Handbook states as part of the Fundamental Principals of Missouri Defenders paragraph "4. As Missouri Defenders, we share a spirit of camaraderie and support for one another..." paragraph "3. We are committed to making each Missouri Defender a competent and successful member of the defense team."

3

WP003147
0013370 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



13.    The Missouri State Public Defender System Employee Handbook states as part of the Principles of Communication. "Missouri Defenders (all employees) have the right: ... To be told about issues affecting the Missouri Defender System, their jobs and responsibilites  To ongoing communication-not just in times of crises or need.  To information before, not after, important events.  To give feedback on issues through an open line of communication to anybody in the system."

14.    The Missouri State Public Defender System Employee Handbook states, "It is the policy of the Missouri State Public Defender System to ensure that all applicants, employees and contractors are treated equally regardless of race, color, creed, national origin, citizenship, sex, age, religious affiliation, ancestry, sexual orientation, veteran or handicap status."

15.    Plaintiff entered into a valid business relationship with the Missouri State Public Defender System with the expectancy that he would be an employee of the Missouri State Public Defender System and to be able to work until retirement and retire on the compensation and benefits afforded to him through the inducements offered to employees of the Missouri Public Defender System, as set out in the Employment Handbook, and that if there were problems with his performance he would be given an opportunity to correct any problems in the employment relationship and, if needed, participate in the State employee assistance system "to assist the employees in solving problems", included but not limited to "deteriorating job performance" or "behavioral problems that interfere with job performance", transfer or otherwise work out a problem within the system.

16.    Kate Ladesh did not employ Plaintiff and was not the hiring authority of Plaintiff.

17.    Kate Ladesh, as an administrative and supervisory personnel for Defendant Office of State Public Defender, was charged with responsibility to ensure compliance with the policies and procedures of the Missouri Public Defender System.

4

WP903148
001371 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



18.    Kate Ladesh, as an administrative and supervisory personnel for Defendant Office of State Public Defender. sexually discriminated against the Plaintiff in the workplace by outlining duties as male or female and utilized Plaintiff to serve subpoenas and go to the jail to sit with the attorneys for protection from the inmates as part of his duties as a male investigator that she did not require the female investigators to do.

19.    The defendant Kate Ladesh accused Mr. Armstrong of not doing the work in a case being handled by attorney Allen Reynolds in a timely manner, even though the time had not expired and work had been performed and made comments that plaintiff was too old and could not do the work because of his age and on September 5, 1995, while plaintiff was on sick leave, Defendant Ladesh summoned plaintiff to the office but she was not there when he arrived and then later that morning in the parking lot of the Clay County Courthouse told him he was too old and fired him (plaintiff was involuntarily severed from his employment).

20.    Kate Ladesh made numerous references to plaintiff's age. then 49, including derogatory remarks about plaintiff's age in front of witnesses, including but not limited to, "At least your not as old as Mic," in reference to plaintiff, and another time she said to plaintiff, "You're getting older, so we won't have you running around so much."

21.    Kate Ladesh fired plaintiff because of his age and not because he could not do the work nor because there was more work than one investigator could handle. even though she ultimately hired a younger man, in his thirties. to take his place and she also hired a second investigator to cover the work load that the Plaintiff had been handling.

22.    Kate Ladesh would bring her children to the workplace and have the plaintiff baby-sit her children and stepchildren. pick up feminine napkins and other personal hygiene products for her even though she knew this embarrassed the plaintiff and that such conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance or created an intimidating. hostile. or offensive working environment.

5

001372 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

23.    Kate Ladesh moved plaintiff's office next to hers with a large glass window between their offices and then would put on her pantyhose and do other actions within the view of plaintiff to offend the sensibilities of the plaintiff and such conduct had the purpose or effect of unreasonably interfering with his work performance or creating an intimidating, hostile, or offensive working environment.

24.    Kate Ladesh desired to remove the plaintiff because he was old; but the timing was in retaliation against plaintiff not only for age and sex discrimination, but also in retaliation against plaintiff for engaging in protected activities and exercising his right to free speech and for reporting violations of the law and to embarrass and harm the plaintiff for his calling the Liberty, Missouri police department on August 21, 1995, where plaintiff reported that 3 males in a vehicle harassed and threatened the plaintiff, as he entered the local Public Defender office in Liberty, to give a message to Kate regarding the money her husband owed them for drugs. Kate Ladesh reported to the police officer that she was, "not concerned about the message because she thinks her husband has stopped using drugs and indicated she did not need a police report regarding the incident."

25.    Such retaliation firing by Kate Ladesh of the plaintiff was done after the plaintiff objected on numerous occasions prior to September 5, 1995, of his objections to a hostile, offensive work environment and Defendant Ladesh illegal use of his age in the consideration of his performance and his firing came as a proximate and direct result of his engaging in the protected activities, including his right to free speech under the Constitution of the United States and the State of Missouri and his right to speak out against such illegal activity on the part of Kate Ladesh or for making a police report to try to apprehend the people threatening his safety and others in the Office of State Public Defender. Further, Kate Ladesh violated the express contract stated by Fred Duchardt as Public Defender when plaintiff was hired and the express stated public policies of the Office of the State Public Defender and the State of Missouri, for firing the plaintiff

6

001373  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50
WP903150

without utilizing the available resources to try to resolve the differences as perceived by the plaintiff or as perceived by Kate Ladesh.

26.    Further, such retaliation firing of the plaintiff violated Section 213.055 R.S.Mo. and a complaint was filed with the Human Resources Commission within 180 day of the last day of continuing sexual and age discrimination and the Commission has on August 25, 1997, issued to plaintiff its Notice of Right to Sue in this matter and this filing is being made within 90 days of the Notice Letter under Section 213.111R.S.Mo.

27.    That as a direct and proximate result of defendant employees wrongful discrimination in termination of Plaintiff's contract of employment with the State of Missouri and the Office of State Public Defender, the plaintiff was greatly injured in his reputation and credit, lost his means of employment and back and future wages and benefits and lost the profitable business venture and endeavor his labors would have created for the ten years that he was a full time employee of the State of Missouri rather than contract work for the State and developing other business as an ongoing private investigator and he lost respect and ability to complete the transfer Plaintiff had been working on within the system to avoid the hostile work environment he was currently under with Kate Ladesh, all in an amount to exceed Twenty Five Thousand Dollars ($25,000.00)

WHEREFORE, the plaintiff prays that the Court find that the termination of plaintiff violated the contract of employment he had with Defendant Office of State Public Defender when he was hired by Fred Duchardt, Public Defender, and established by the public policy of the State of Missouri and that the termination of his employment was due to the illegal discriminatory conduct on the part of Kate Ladesh or due to retaliation for protected activity and plaintiff prays to have his employment reinstated with the State of Missouri as a criminal investigator for the Office of State Public Defender, enjoin Kate Ladesh from sexual and age discrimination practices, pay him his lost wages and benefits and for his attorney fees and costs of this action as provided by Chapter 213 R.S. Mo. and

7

WP003154
001374
Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

for such further relief as the Courts might find are legally or equitably due the Plaintiff during the trial of the issues of this case or as may be discovered during discovery, all in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

<u>COUNT TWO</u>

COMES NOW the Plaintiff and for his cause of action against the Defendant, Kate Ladesh, states as follows:

28.     Plaintiff incorporates paragraph 1 through 27 inclusive as if fully set forth herein.

29.     Kate Ladesh wrongfully terminated the defendant's employment with the State of Missouri Office of State Public Defender because of his age in contravention to the stated policy of the Office of State Public Defender and Chapter 213 R.S.Mo.

30.     As a direct and proximate result of Kate Ladesh wrongful termination of Plaintiff from his position as criminal investigator the Plaintiff has suffered emotional distress, lack of sleep, worry and has lost his wages past and future including his benefits and retirement accounts and will not be able to look forward to retirement from the Office of State Public Defender, all in excess of Twenty-Five Thousand Dollars ($25,000.00).

31.     As a result of Kate Ladesh wrongful termination, she has slandered the Plaintiff by alleging that he cannot investigate and does not investigate files assigned to him or do the work that he has been assigned to perform knowing that he has performed the work requested but stating that he was assigned other work when that was not the case and as a direct and proximate result of her slander she has turned employees of the Office of State Public Defender against him and in particular to deny him work within or for the Office of State Public Defender in Jackson County or by contract labor with attorneys working for the Office of State Public Defender, all in excess of Twenty-five thousand dollars ($25,000.00).

32.     Defendant Kate Ladesh in retaliation for Plaintiff reporting a serious threat to him and potential harm to others in the office as well as Kate Ladesh over the incident

8


WP903152
0013375 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

in the office parking lot on August 21, 1995, as set forth in paragraph 24. Kate Ladesh set out to discredit and demean Plaintiff and to deprive plaintiff of his means of support and livelihood and to remove him from the office as she saw his reporting of the incident more of a threat than the incident itself and used the first excuse she could to remove him from his position as criminal investigator for the Office of State Public Defender for the State of Missouri as a direct and proximate result of Defendant Ladesh tortuous conduct as set forth herein the plaintiff has sustained and will continue to sustain damages in the future in excess of Twenty-Five Thousand Dollars ($25,000.00)

WHEREFORE, Plaintiff respectfully requests that the Court enjoin the Defendant Kate Ladesh from slandering plaintiff's reputation, award to plaintiff damages in excess of Twenty-Five Thousand Dollars ($25,000.00) for his pain, suffering and humiliation and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, his attorney fees and costs of this action pursuant to Chapter 213 R.S. Mo. and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process.

COUNT THREE

COMES NOW the Plaintiff and for his cause of action against Defendant Kate Ladesh for the tortious interference with Plaintiff's Contract of employment with the Office of State Public Defender and with the former Public Defender Fred Duchardt states as follows:

33.     The Plaintiff incorporates all the allegations of paragraph 1 through 32 inclusively as if set forth herein.

9

001376 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

34.    The Plaintiff had a contract to work as the criminal investigator for the Office of State Public Defender in the Liberty, Missouri office and if he did not have a contract he had a valid business relationship or expectancy in existence on September 5, 1995 and for more than ten years prior thereto the plaintiff had been working on the basis that he had a expectancy that he would be able to retire on the benefits he earned from the business relationship he had established with the Office of State Public Defender.

35.    The Plaintiff relied on the public policy statements of the Office of State Public Defender and the previous Public Defender Fred Duchardt that the Missouri State Public Defender System tries to work with its employees to resolve problems and wants to keep its employees.

36.    The Defendant Kate Ladesh knew of the policies and attempted a cover-up of the policy by preparing a letter she claimed was to be delivered to the Plaintiff the day she fired him talking about working on record keeping and reporting activities with him, over the next month, which was never delivered to the plaintiff but was prepared after the fact to give an appearance that the Defendant Kate Ladesh was attempting to follow office procedures.

37.    The Defendant Kate Ladesh knew of the Plaintiff's contract with the Office of State Public Defender or knew that he had a valid business relationship with the Office of State Public Defender or knew of Plaintiff's business expectancy in existence that the plaintiff loved his work for the Missouri State Public Defender System and intended to work with it until his retirement even if it meant he had to move to the other side of the State to avoid Ms. Ladesh.

38.    Defendant Ladesh knew the Plaintiff was trying to switch his job to an opening in Jackson County, Missouri to avoid having to be around her.

39.    Defendant Ladesh intentionally interfered with plaintiff's contract of employment, or his business relationship or his expectancy in existence to be able to work for the Office of the State Public Defender and her actions were done maliciously to harm

10

WP003154
Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

the Plaintiff and to keep him from benefiting from his long standing working relationship with the State of Missouri and to keep him from transferring out of the Liberty office.

40.    Defendant Ladesh's intentional interference with the plaintiff's right to work for the Office of State Public Defender was without justification or excuse but contrived out of spite, malice and illwill toward the Plaintiff in retaliation for his age as she was looking for a reason to fire plaintiff as she perceived him as being to old for the job and in retaliation for his calling the police to report the incident of August 21, 1995 involving her husband and money allegedly owed to the three men for drugs he had obtained from them.

41.    Defendant Ladesh concern was not for the safety of the employees but that no report be made of the August 21, 1995 incident; when plaintiff made a report to the police Defendant Ladesh reported to the officer that it was of no concern because she believed her husband had stopped using drugs. The plaintiff did not force the Defendant to volunteer that information to the police, a copy of the police report is attached hereto and included herein by reference.

42.    As a direct and proximate result of Defendant Ladesh intentional interference with the contract of employment or the valid business relationship of the Office of State Public Defender and Plaintiff or the expectancy in existence the plaintiff was not allowed to continue his employment with the Office of State Public Defender and his employment benefits including wage and other benefits including sick leave, health insurance, retirement benefits and other general damages and special damages of the relationship that derived from the employment as set out in the Missouri State Public Defender Employee Handbook were terminated to the detriment and loss of Plaintiff; further the Defendant's actions have embarrassed the Plaintiff and caused him to loose sleep and become moody, suspicious and distrustful of attorneys which affects his relationship with people in the business that he has to be involved in the field of criminal

11

WP903155
001378 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

investigation, all to the damage of Plaintiff in excess of Twenty-Five Thousand Dollars ($25,000.00)

43.     Plaintiff is entitled to punitive damages against Defendant Ladesh as Defendant Ladesh conduct was outrageous with evil motive or reckless indifference to the rights of plaintiff and as such to serve to punish defendant Ladesh and to deter defendant and others from like conduct, all in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff respectfully requests that the Court find Defendant Kate Ladesh liable for tortiously intentionally interfering with plaintiff's contract of employment with the Office of State Public Defender or the valid business relationship between the Office of State Public Defender and Plaintiff or Plaintiff's expectancy in existence at the time Plaintiff was hired and at the time Defendant Ladesh unceremoniously fired him and award to plaintiff damages for his pain, suffering and humiliation, loss of sleep, embarrassment and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, punitive damages for Defendant's outrageous conduct toward the plaintiff, costs of this action and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process, all in an amount greater than Twenty-Five Thousand Dollars ($25,000.00).

COUNT FOUR

COMES NOW the Plaintiff and for his cause of action against Defendant Ladesh and Defendant Barbara Hoppe for tortious interference with plaintiff's right to contract states as follows:

44.     Plaintiff incorporates herein paragraph 1 through 43 as if fully set forth herein.

12

WP003156
001579  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

45.    The Defendant Ladesh was not content to remove the plaintiff from the Liberty office of the Missouri Public Defender System; but conspired to have the Plaintiff terminated from work the Plaintiff had a right to be considered for in the future, had been doing and was going to be doing in the future and was doing as private investigation work for Fred Duchardt who had gone into private practice of law and was doing contract work for the Office of State Public Defender and Fred Duchardt was told that if he wanted to keep doing contract work for the Office of State Public Defender that he would have to stop using plaintiff as an investigator on any of his cases and Mr. Duchardt obtained a letter from the State from Defendant Barbara Hoppe saying that he was to no longer to use plaintiff as a criminal investigator and plaintiff therefore was involuntarily severed from his employment with Fred Duchardt.

46.    Both individual Defendants' acting within their capacity as employees of the Office of State Public Defender had knowledge: that the plaintiff had a express contract with Fred Duchardt for work as a criminal investigator for him at $30.00 per hour which was in excess of what he was earning as a State employee; that Fred Duchardt who had been the Regional Public Defender was still satisfied that the plaintiff was competent to handle criminal investigations; that the plaintiff had a valid business relationship in existence with Fred Duchardt; both conspired, or acted separately but in concert, to prevent the plaintiff from having any business relationship with Fred Duchardt; both acted without justification or excuse to deprive the plaintiff of his right to contract with Fred Duchardt as the Office of State Public Defender does not control who the outside counsel hires or does not hire as the case may be.

47.    As a direct and proximate result of the actions of the individual defendant's acting in concert or separately Defendant Hoppe notified Fred Duchardt by letter dated November 21, 1995, a copy of which is attached hereto and incorporated herein by reference, directing that he was to cease using plaintiff's services as a criminal investigator, not because plaintiff was not qualified; but merely because it would be

13

WP903157
001380 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

inappropriate to pay an investigator who had been terminated by the Office of State Public Defender and the plaintiff was thereby damaged in an amount greater than Twenty-Five Thousand Dollars ($25,000.00)

WHEREFORE, Plaintiff respectfully requests that the Court find Defendant Kate Ladesh and Defendant Barbara Hoppe acted separately and jointly and conspired to deprive the plaintiff of his right to work for Fred Duchardt and of his right to be considered for work in the future from Fred Duchardt and each of them individually and jointly are liable for tortiously, intentionally interfering with plaintiff's contract of employment with Fred Duchardt or the valid business relationship between Fred Duchardt and Plaintiff or Plaintiff's business expectancy in existence at the time Plaintiff was hired and at the time Defendant Hoppe required the plaintiff be fired and award to plaintiff damages for his pain, suffering and humiliation, loss of sleep, embarrassment and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, punitive damages for Defendant's outrageous conduct toward the plaintiff, costs of this action and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process, all in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

MICHAEL L. ARMSTRONG

GLENN D. MANIS, ATTORNEY #24729
ATTORNEY FOR PLAINTIFF
8416 N.E. BOONE AVE. #104,
KANSAS CITY, MISSOURI 64155
816-426-7294

<u>AFFIDAVIT</u>

STATE OF MISSOURI        )

Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

COUNTY OF  ᏩᏝᎪᎩ

MICHAEL L. ARMSTRONG, of lawful age, being duly sworn on his oath, states that he is the Plaintiff named in the Petition for Wrongful Termination, Age Discrimination, etc above and he has read the Petition and that the facts stated therein are true according to his best knowledge and belief.

_____
MICHAEL L. ARMSTRONG

Subscribed and sworn to before me, the undersigned Notary Public, this ___ day of September, 1997.

_____
Notary Public

My Commission expires: 3·10·2001

15

001382  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
LIBERTY, MISSOURI

MICHAEL L. ARMSTRONG,                     )
846 York Place                            )
Liberty, Clay County, Missouri,           )
                              Plaintiff,   )
                                          )        Case No. CV197 6492 CC
vs.                                       )
                                          )        Division No.        TWO
OFFICE OF STATE PUBLIC DEFENDER )
MARTY ROBINSON, DIRECTOR                  )
3402 Buttonwood Drive                     )
Columbia, Missouri 65201                  )
                              Defendant,   )
KATHERINE "KATE" E. LADESH,               )
INDIVIDUALLY AND AS                       )
REPRESENTATIVE OF OFFICE OF               )
STATE PUBLIC DEFENDER,                    )
234 Schrader                              )
Liberty, Missouri 64068                   )
                              Defendant,   )
BARBARA HOPPE,                            )
INDIVIDUALLY AND AS                       )        **FILED**
REPRESENTATIVE OF OFFICE                  )
OF STATE PUBLIC DEFENDER,                 )        TIME:    SEP 04 1997
3402 Buttonwood Drive                     )
Columbia, Missouri 65201                  )                *Rita Fuller*
                              Defendant.   )        Clay County Circuit Court

PETITION FOR
WRONGFUL TERMINATION OF EMPLOYMENT, AGE DISCRIMINATION, SEX
DISCRIMINATION, SLANDER, TORTIOUS INTERFERENCE WITH A
CONTRACT,

COMES NOW, the Plaintiff, Michael L. Armstrong and for his petition states as follows:

1.    The Plaintiff, Michael L. Armstrong, date of birth ▮▮▮▮▮ is a resident of Liberty, Clay County, Missouri at the above address in the caption.

1

WP903160   001583   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

2. The Defendant Office of State Public Defender, also known as the Missouri State Public Defender System, is a public entity of the State of Missouri with local office at 234 Schrader, Liberty, Clay County, Missouri and with its statewide headquarters at 3402 Buttonwood Drive, Columbia, Boone County, Missouri.

3. Defendant Kate Ladesh is and has been an employee of and works as attorney for the Office of State Public Defender and managed its office in Liberty, Clay County, Missouri, on September 5, 1995.

4. Defendant Barbara Hoppe is and has been an employee of the Office of State Public Defender and works in the office in Columbia, Missouri, during November, 1995.

5. On or about September 5, 1995, and for twelve years before that time, the Plaintiff had been employed by the Office of State Public Defender either as a contract investigator and then as a full time employee, since May 1985, of the Missouri Public Defender System as an investigator in which capacity he was serving on September 5, 1995, when he was fired by Kate Ladesh in the parking lot of the office at 234 Schrader, Liberty, Missouri.

6. The Office of State Public Defender is created by the legislature of the State of Missouri and is charged with representing indigent persons in criminal actions in the Courts of the State of Missouri pursuant to Chapter 600 R.S. Mo.; service may be obtained on the defendant by serving Marty Robinson, Director of the Office of the State Public Defender at the Columbia Missouri address stated above in the caption; in addition, the plaintiff is requesting service be made on the Office of State Public Defender by serving the Attorney General of the State of Missouri in Jefferson City, Cole County, Missouri.

7. The Plaintiff prior to September 5, 1995, had an unblemished employment record with the Office of State Public Defender with no letters of reprimand or negative

2

WP003161
001384 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

job evaluations in his record. Further, the plaintiff had satisfactorily performed his assigned job duties.

## COUNT ONE

COMES NOW the Plaintiff, Michael L. Armstrong, and for his cause of action for wrongful termination for retaliation, age and sex discrimination against the Defendant Office of State Public Defender, states as follows:

8.      Paragraph 1 through 7 are included herein by reference as if fully set forth herein.

9.      Section 600.021 R.S.Mo.1986 provides that employees of the public defender system serves at the pleasure of the employing public defender. The hiring authority may discharge an employee at any time with or without cause.

10.     Plaintiff was employed by Fred Duchardt as Public Defender and has dedicated plaintiff's life to the defense of the clients of the Missouri State Public Defender System based on the representations of Mr. Duchardt that Plaintiff should give up his business and come to work for the System and Plaintiff could retire from the System and enjoy the various benefits of the System and would not be fired but for cause and that the system was set up to resolve disputes between personnel as the System recognizes the investment in its employees and desires to keep those employees.

11.     The Missouri State Public Defender System Employee Handbook recognizes and confirms the oral agreement made to hire the Plaintiff and thereby limits the statutory authority to fire an employee at the whim of the Public Defender.

12.     The Missouri State Public Defender System Employee Handbook states as part of the Fundamental Principals of Missouri Defenders paragraph "4. As Missouri Defenders, we share a spirit of camaraderie and support for one another..." paragraph "3. We are committed to making each Missouri Defender a competent and successful member of the defense team."

3

001585 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

13.    The Missouri State Public Defender System Employee Handbook states as part of the Principles of Communication, "Missouri Defenders (all employees) have the right: ... To be told about issues affecting the Missouri Defender System, their jobs and responsibilites  To ongoing communication-not just in times of crises or need.  To information before, not after, important events.  To give feedback on issues through an open line of communication to anybody in the system."

14.    The Missouri State Public Defender System Employee Handbook states, "It is the policy of the Missouri State Public Defender System to ensure that all applicants, employees and contractors are treated equally regardless of race, color, creed, national origin, citizenship, sex, age, religious affiliation, ancestry, sexual orientation, veteran or handicap status."

15.    Plaintiff entered into a valid business relationship with the Missouri State Public Defender System with the expectancy that he would be an employee of the Missouri State Public Defender System and to be able to work until retirement and retire on the compensation and benefits afforded to him through the inducements offered to employees of the Missouri Public Defender System, as set out in the Employment Handbook,  and that if there were problems with his performance he would be given an opportunity to correct any problems in the employment relationship and, if needed, participate in the State employee assistance system "to assist the employees in solving problems", included but not limited to "deteriorating job performance" or "behavioral problems that interfere with job performance", transfer or otherwise work out a problem within the system.

16.    Kate Ladesh did not employ Plaintiff and was not the hiring authority of Plaintiff.

17.    Kate Ladesh, as an administrative and supervisory personnel for Defendant Office of State Public Defender, was charged with responsibility to ensure compliance with the policies and procedures of the Missouri Public Defender System.

4

WP903163
001386 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

18.    Kate Ladesh, as an administrative and supervisory personnel for Defendant Office of State Public Defender, sexually discriminated against the Plaintiff in the workplace by outlining duties as male or female and utilized Plaintiff to serve subpoenas and go to the jail to sit with the attorneys for protection from the inmates as part of his duties as a male investigator that she did not require the female investigators to do.

19.    The defendant Kate Ladesh accused Mr. Armstrong of not doing the work in a case being handled by attorney Allen Reynolds in a timely manner, even though the time had not expired and work had been performed and made comments that plaintiff was too old and could not do the work because of his age and on September 5, 1995, while plaintiff was on sick leave, summoned plaintiff to the office and in the parking lot told him he was too old and fired him (plaintiff was involuntarily severed from his employment).

20.    Kate Ladesh made numerous references to plaintiff's age, then 49, including derogatory remarks about plaintiff's age in front of witnesses, including but not limited to, "At least your not as old as Mic," in reference to plaintiff, and another time she said to plaintiff, "You're getting older, so we won't have you running around so much."

21.    Kate Ladesh fired plaintiff because of his age and not because he could not do the work nor because there was more work than one investigator could handle, even though she ultimately hired a younger man, in his thirties, to take his place and she also hired a second investigator to cover the work load that the Plaintiff had been handling.

22.    Kate Ladesh would bring her children to the workplace and have the plaintiff baby-sit her children and stepchildren, pick up feminine napkins and other personal hygiene products for her even though she knew this embarrassed the plaintiff and that such conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

23.    Kate Ladesh moved plaintiff's office next to hers with a large glass window between their offices and then would put on her pantyhose and do other actions within the view of plaintiff to offend the sensibilities of the plaintiff and such conduct had the purpose

5

WP903164
001587  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

or effect of unreasonably interfering with his work performance or creating an intimidating, hostile, or offensive working environment.

24.    Kate Ladesh desired to remove the plaintiff because he was old; but the timing was in retaliation against plaintiff not only for age and sex discrimination, but also in retaliation against plaintiff for engaging in protected activities and exercising his right to free speech and for reporting violations of the law and to embarrass and harm the plaintiff for his calling the Liberty, Missouri police department on August 21, 1995, where plaintiff reported that 3 males in a vehicle harassed and threatened the plaintiff, as he entered the local Public Defender office in Liberty, to give a message to Kate regarding the money her husband owed them for drugs. Kate Ladesh reported to the police officer that she was, "not concerned about the message because she thinks her husband has stopped using drugs and indicated she did not need a police report regarding the incident."

25.    Such retaliation firing by Kate Ladesh of the plaintiff was done after the plaintiff objected on numerous occasions prior to September 5, 1995, of his objections to a hostile, offensive work environment and Defendant Ladesh illegal use of his age in the consideration of his performance and his firing came as a proximate and direct result of his engaging in the protected activities, including his right to free speech under the Constitution of the United States and the State of Missouri and his right to speak out against such illegal activity on the part of Kate Ladesh or for making a police report to try to apprehend the people threatening his safety and others in the Office of State Public Defender. Further, Kate Ladesh violated the express contract stated by Fred Duchardt as Public Defender when plaintiff was hired and the express stated public policies of the Office of the State Public Defender and the State of Missouri, for firing the plaintiff without utilizing the available resources to try to resolve the differences as perceived by the plaintiff or as perceived by Kate Ladesh.

26.    Further, such retaliation firing of the plaintiff violated Section 213.055 R.S.Mo. and a complaint was filed with the Human Resources Commission within180 day

6


WP903165
001388 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

of the last day of continuing sexual and age discrimination and the Commission has on August 25, 1997, issued to plaintiff its Notice of Right to Sue in this matter and this filing is being made within 90 days of the Notice Letter under Section 213.111R.S.Mo.

27.    That as a direct and proximate result of defendant employees wrongful discrimination in termination of Plaintiff's contract of employment with the State of Missouri and the Office of State Public Defender, the plaintiff was greatly injured in his reputation and credit, lost his means of employment and back and future wages and benefits and lost the profitable business venture and endeavor his labors would have created for the ten years that he was a full time employee of the State of Missouri rather than contract work for the State and developing other business as an ongoing private investigator and he lost respect and ability to complete the transfer Plaintiff had been working on within the system to avoid the hostile work environment he was currently under with Kate Ladesh.

WHEREFORE, the plaintiff prays that the Court find that the termination of plaintiff violated the contract of employment he had with Defendant Office of State Public Defender when he was hired by Fred Duchardt, Public Defender, and established by the public policy of the State of Missouri and that the termination of his employment was due to the illegal discriminatory conduct on the part of Kate Ladesh or due to retaliation for protected activity and plaintiff prays to have his employment reinstated with the State of Missouri as a criminal investigator for the Office of State Public Defender, enjoin Kate Ladesh from sexual and age discrimination practices,  pay him his lost wages and benefits and for his attorney fees and costs of this action as provided by Chapter 213 R.S. Mo. and for such further relief as the Courts might find are legally or equitably due the Plaintiff during the trial of the issues of this case or as may be discovered during discovery.

<u>COUNT TWO</u>

COMES NOW the Plaintiff and for his cause of action against the Defendant, Kate Ladesh, states as follows:

7

001589  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

28. Plaintiff incorporates paragraph 1 through 27 inclusive as if fully set forth herein.

29. Kate Ladesh wrongfully terminated the defendant's employment with the State of Missouri Office of State Public Defender because of his age in contravention to the stated policy of the Office of State Public Defender and Chapter 213 R.S.Mo.

30. As a direct result of Kate Ladesh wrongful termination of Plaintiff from his position as criminal investigator the Plaintiff has suffered emotional distress, lack of sleep, worry and has lost his wages past and future including his benefits and retirement accounts and will not be able to look forward to retirement from the Office of State Public Defender.

31. As a result of Kate Ladesh wrongful termination, she has slandered the Plaintiff by alleging that he cannot investigate and does not investigate files assigned to him or do the work that he has been assigned to perform knowing that he has performed the work requested but stating that he was assigned other work when that was not the case and to turn the employees of the Office of State Public Defender against him and in particular to deny him work within or for the Office of State Public Defender in Jackson County or by contract labor with attorneys working for the Office of State Public Defender.

32. Defendant Kate Ladesh in retaliation for Plaintiff reporting a serious threat to him and potential harm to others in the office as well as Kate Ladesh over the incident in the parking lot on August 21, 1995, as set forth in paragraph 24, Kate Ladesh set out to discredit and demean Plaintiff and to deprive plaintiff of his means of support and livelihood and to remove him from the office as she saw his reporting of the incident more of a threat than the incident itself and used the first excuse she could to remove him from his position as criminal investigator for the Office of State Public Defender for the State of Missouri.

8

WP903167
001390 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

WHEREFORE, Plaintiff respectfully requests that the Court enjoin the Defendant Kate Ladesh from slandering plaintiff's reputation, award to plaintiff damages for his pain, suffering and humiliation and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, his attorney fees and costs of this action pursuant to Chapter 213 R.S. Mo. and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process.

.

## COUNT THREE

COMES NOW the Plaintiff and for his cause of action against Defendant Kate Ladesh for the tortious interference with Plaintiff's Contract of employment with the Office of State Public Defender and with the former Public Defender Fred Duchardt states as follows:

33.    The Plaintiff incorporates all the allegations of paragraph 1 through 32 inclusively as if set forth herein.

34.    The Plaintiff had a contract to work as the criminal investigator for the Office of State Public Defender in the Liberty, Missouri office and if he did not have a contract he had a valid business relationship or expectancy in existence on September 5, 1995 and for more than ten years prior thereto the plaintiff had been working on the basis that he had a expectancy that he would be able to retire on the benefits he earned from the business relationship he had established with the Office of State Public Defender.

35.    The Plaintiff relied on the public policy statements of the Office of State Public Defender and the previous Public Defender Fred Duchardt that the Missouri State Public Defender System tries to work with its employees to resolve problems and wants to keep its employees.

9

001591    WP902168    by Clay County Microfilm Department on May 18, 2015 at 12:50

36.   The Defendant Kate Ladesh knew of the policies and attempted a cover-up of the policy by preparing a letter she claimed was to be delivered to the Plaintiff the day she fired him talking about working on record keeping and reporting activities with him, over the next month, which was never delivered to the plaintiff but was prepared after the fact to give an appearance that the Defendant Kate Ladesh was attempting to follow office procedures.

37.   The Defendant Kate Ladesh knew of the Plaintiff's contract with the Office of State Public Defender or knew that he had a valid business relationship with the Office of State Public Defender or knew of Plaintiff's business expectancy in existence that the plaintiff loved his work for the Missouri State Public Defender System and intended to work with it until his retirement even if it meant he had to move to the other side of the State to avoid Ms. Ladesh.

38.   Defendant Ladesh knew the Plaintiff was trying to switch his job to an opening in Jackson County, Missouri to avoid having to be around her.

39.   Defendant Ladesh intentionally interfered with plaintiff's contract of employment, or his business relationship or his expectancy in existence to be able to work for the Office of the State Public Defender and her actions were done maliciously to harm the Plaintiff and to keep him from benefiting from his long standing working relationship with the State of Missouri and to keep him from transferring out of the Liberty office.

40.   Defendant Ladesh's intentional interference with the plaintiff's right to work for the Office of State Public Defender was without justification or excuse but contrived out of spite, malice and illwill toward the Plaintiff in retaliation for his age as she was looking for a reason to fire plaintiff as she perceived him as being to old for the job and in retaliation for his calling the police to report the incident of August 21, 1995 involving her husband and money allegedly owed to the three men for drugs he had obtained from them.

10

WP003169
001392  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

41.     Defendant Ladesh concern was not for the safety of the employees but that no report be made of the August 21, 1995 incident; when plaintiff made a report to the police Defendant Ladesh reported to the officer that it was of no concern because she believed her husband had stopped using drugs.  The plaintiff did not force the Defendant to volunteer that information to the police, a copy of the police report is attached hereto and included herein by reference.

42.     As a direct and proximate result of Defendant Ladesh intentional interference with the contract of employment or the valid business relationship of the Office of State Public Defender and Plaintiff or the expectancy in existence the plaintiff was not allowed to continue his employment with the Office of State Public Defender and his employment benefits including wage and other benefits including sick leave, health insurance, retirement benefits and other general damages and special damages of the relationship that derived from the employment as set out in the Missouri State Public Defender Employee Handbook were terminated to the detriment and loss of Plaintiff; further the Defendant's actions have embarrassed the Plaintiff and caused him to loose sleep and become moody, suspicious and distrustful of attorneys which affects his relationship with people in the business that he has to be involved in the field of criminal investigation.

43.     Plaintiff is entitled to punitive damages against Defendant Ladesh as Defendant Ladesh conduct was outrageous with evil motive or reckless indifference to the rights of plaintiff and as such to serve to punish defendant Ladesh and to deter defendant and others from like conduct.

WHEREFORE, Plaintiff respectfully requests that the Court find Defendant Kate Ladesh liable for tortiously intentionally interfering with plaintiff's contract of employment with the Office of State Public Defender or the valid business relationship between the Office of State Public Defender and Plaintiff or Plaintiff's expectancy in existence at the time Plaintiff was hired and at the time Defendant Ladesh unceremoniously fired him and award

11

001593    WP903170
Filmed by Clay County Microfilm Department on May 18, 2015 at 12:50

to plaintiff damages for his pain, suffering and humiliation, loss of sleep, embarrassment and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, punitive damages for Defendant's outrageous conduct toward the plaintiff, costs of this action and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process.

COUNT FOUR

COMES NOW the Plaintiff and for his cause of action against Defendant Ladesh and Defendant Barbara Hoppe for tortious interference with plaintiff's right to contract states as follows:

44.    Plaintiff incorporates herein paragraph 1 through 43 as if fully set forth herein.

45.    The Defendant Ladesh was not content to remove the plaintiff from the Liberty office of the Missouri Public Defender System; but conspired to have the Plaintiff terminated from work the Plaintiff had a right to be considered for in the future, had been doing and was going to be doing in the future and was doing as private investigation work for Fred Duchardt who had gone into private practice of law and was doing contract work for the Office of State Public Defender and Fred Duchardt was told that if he wanted to keep doing contract work for the Office of State Public Defender that he would have to stop using plaintiff as an investigator on any of his cases and Mr. Duchardt obtained a letter from the State from Defendant Barbara Hoppe saying that he was to no longer to use plaintiff as a criminal investigator and plaintiff therefore was involuntarily severed from his employment with Fred Duchardt.

46.    Both individual Defendants' acting within their capacity as employees of the Office of State Public Defender had knowledge: that the plaintiff had a express contract with Fred Duchardt for work as a criminal investigator for him at $50.00 per hour

12

001394    Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

which was in excess of what he was earning as a State employee: that Fred Duchardt who had been the Regional Public Defender was still satisfied that the plaintiff was competent to handle criminal investigations: that the plaintiff had a valid business relationship in existence with Fred Duchardt; both conspired, or acted separately but in concert, to prevent the plaintiff from having any business relationship with Fred Duchardt: both acted without justification or excuse to deprive the plaintiff of his right to contract with Fred Duchardt as the Office of State Public Defender does not control who the outside counsel hires or does not hire as the case may be.

47.     As a direct and proximate result of the actions of the individual defendant's acting in concert or separately Defendant Hoppe notified Fred Duchardt by letter dated November 21, 1995, a copy of which is attached hereto and incorporated herein by reference, directing that he was to cease using plaintiff's services as a criminal investigator, not because plaintiff was not qualified; but merely because it would be inappropriate to pay an investigator who had been terminated by the Office of State Public Defender.

WHEREFORE, Plaintiff respectfully requests that the Court find Defendant Kate Ladesh and Defendant Barbara Hoppe acted separately and jointly and conspired to deprive the plaintiff of his right to work for Fred Duchardt and of his right to be considered for work in the future from Fred Duchardt and each of them individually and jointly are liable for tortiously, intentionally interfering with plaintiff's contract of employment with Fred Duchardt or the valid business relationship between Fred Duchardt and Plaintiff or Plaintiff's business expectancy in existence at the time Plaintiff was hired and at the time Defendant Hoppe required the plaintiff be fired and award to plaintiff damages for his pain, suffering and humiliation, loss of sleep, embarrassment and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, punitive damages for Defendant's outrageous conduct toward the plaintiff, costs of this action and

13


001595 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process.

MICHAEL L. ARMSTRONG

GLENN D. MANIS, ATTORNEY #24729
ATTORNEY FOR PLAINTIFF
8416 N.E. BOONE AVE. #104,
KANSAS CITY, MISSOURI 64155
816-426-7294

## AFFIDAVIT

STATE OF MISSOURI      )
                       )
COUNTY OF Clay         )

MICHAEL L. ARMSTRONG, of lawful age, being duly sworn on his oath, states that he is the Plaintiff named in the Petition for Wrongful Termination, Age Discrimination, etc above and he has read the Petition and that the facts stated therein are true according to his best knowledge and belief.

MICHAEL L. ARMSTRONG

Subscribed and sworn to before me, the undersigned Notary Public, this ___ day of September, 1997.

_____
Notary Public

My Commission expires:

NANCY GAIL TEER
NOTARY PUBLIC — NOTARY SEAL
STATE OF MISSOURI
CLAY COUNTY
MY COMMISSION EXP. APR. 11, 1998

14

WP003173
001396 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

Case 2:19-cv-00414-JPH-DLP   Document 23-36   Filed 09/12/19   Page 232 of 274
PageID #: 4837



# MISSOURI STATE PUBLIC DEFENDER SYSTEM

OFFICE OF STATE PUBLIC DEFENDER
3402 BUTTONWOOD
COLUMBIA, MISSOURI 65201-3722
(314) 882-9855

November 21, 1995

Mr. Fred Duchardt
Attorney at Law
P. O. Box 349,
131 East Washington
Kearney, MO 64060

      RE:  Investigation regarding Smalley, Phillips and
            Watts cases, etc.

Dear Fred:

On November 21, 1995 I was informed by you that you were employing the services of Nick Armstrong, a former Public Defender Investigator, for the investigation in the above cases. As I mentioned Mr. Armstrong's employment with the Public Defender System was terminated by the Public Defender System, it would be inappropriate for us to pay an investigator to work on a public defender case. We would pay Mr. Armstrong for the services already provided and for the one case which was going to trial next week, since he needed to finish the investigation on that because it would be to the client's detriment to try to get a new investigator on that case on short notice.

You indicated that you would seek a new investigator immediately for the other cases. Thanks.

Sincerely,

Barbara Hoppe
Transfer Attorney

BH/jb

c:  Kathy Jones, Comptroller

WP003174
001397   Filmed by Clay County Microfilm Department on May 18, 2015 at 12:50

POLICE DEPARTMENT
LIBERTY, MISSOURI 64068

Report No:95-03111          CRIME AND INCIDENT REPORT          Date Prepared: 08/21/95

============================================================================
Date Reported: 08/21/95          Reporting Officer: GARTNER, JEFFREY P.
                                 APPROVED BY:        MOORE, WILLIAM T
Offense....:  INFORMATION REPORT          Date Occurred:  08/21/95  Time: 09:
Location:    204 W SHRADER ST
DISTRICT: 1PX  Beat:  216     REPORT DISPOSITION:
============================================================================

_____BUSINESS SECTION_____

THERE ARE NO BUSINESS FOR THIS REPORT


_____PERSONS SECTION_____

Involvement: REPORTING PERSON
Name: ARMSTRONG, MICHAEL L.             DOB:11/05/49        Sex:  M  Race: W
Height: 5'.06" Weight: 150 Hair Color: BRO Eye Color:
Address: 646 YORK PLACE                 LIBERTY                  MO  64068
Home Telephone: 816-781-8515            Work Telephone: 816-792-7643
Employer: MISSOURI PUBLIC DEFENDERS




_____PROPERTY SECTION_____

THERE IS NO PROPERTY ASSOCIATED TO THIS REPORT
                                         TOTAL $
_____VEHICLE SECTION_____


THERE ARE NO VEHICLES FOR THIS REPORT


_____ARREST SECTION_____

***********THERE ARE NO ARRESTS FOR THIS REPORT***************


_____NARRATIVE SECTION_____

    ON 8-21-95 AT 0915 HRS. I, P.O. J. GARTNER #232, WAS DISPATCHED TO 204 W
SHRADER ON AN ASSIST CITIZEN.

    UPON ARRIVAL CONTACT WAS MADE WITH THE REPORTING PARTY, MICHAEL ARMSTRONG,
WHO STATED THAT 3 MALES IN A VEHICLE HARASSED AND THREATENED HIM.  MR.
ARMSTRONG STATED THAT HE ARRIVED AT WORK ON 8-21-95 AT ABOUT 9:10 A.M. AND A
MALE FROM A VEHICLE IN THE PARKING LOT YELLED AT HIM TO GIVE "FATE" A MESSAGE.
MR.  ARMSTRONG TOLD ME HE RESPONDED TO THE PARTY THAT HE WAS NOT A FUCKING
MESSENGER BOY.  THE PARTY TOLD HIM TO TELL "FATE" THEY WANTED THE MONEY HER
HUSBAND OWED THEM FOR THE DRUGS.  MR.  ARMSTRONG RESPONDED BY SAYING FUCK YOU,

WP903175
001398    Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

GIVE HER YOUR OWN FUCKING MESSAGE. THE PARTY THEN TOLD MR. ARMSTRONG THAT IF HE KNEW WHAT WAS GOOD FOR HIM HE WOULD GET HIS ASS INSIDE. MR. ARMSTRONG STATED HE THEN ENTERED THE BUILDING AND CALLED THE POLICE. MR. ARMSTRONG STATED THE VEHICLE WAS A BLUE PASSENGER VEHICLE, POSSIBLY A LINCOLN WITH KANSAS LICENSE PLATES.

MY INVESTIGATION REVEALED THAT "KATIE" IS KATIE LADESH WHO IS THE SUPERVISOR OF THE PUBLIC DEFENDERS OFFICE IN LIBERTY. I MADE CONTACT WITH MS. LADESH WHO STATED THAT SHE WAS NOT CONCERNED ABOUT THE MESSAGE BECAUSE SHE THINKS HER HUSBAND HAS STOPPED USING DRUGS AND INDICATED THAT SHE DID NOT NEED A POLICE REPORT REGARDING THE INCIDENT.

I CHECKED THE AREA FOR THE SUSPECT VEHICLE BUT MET WITH NEGATIVE RESULTS.

Date Printed: 12/14/95    Time Printed: 12:03:    By: CARTER, JANICE KAY

WP003176
001599 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS





Mel Carnahan
Governor

Steven A. Skolnick
Commission Acting Executive Director

Karla M. McLucas
Department Director

**Commissioners**

Gerald P. Greiman
*Chairperson*

Geraldine W. Johnson
*1st District*

Glenda W. Bryant
*2nd District*

Vacant
*3rd District*

Susan Lee Penslin
*4 District*

Susan C. Powell
*5th District*

Jack D. McCall
*6th District*

M. Elise Crain
*7th District*

Lawrence C. George
*8th District*

Nancy J. Reynolds
*9th District*

Sterling Adams
*At-Large*

Mr. Michael L. Armstrong
P. O. Box 453
Liberty, MO 64068

### NOTICE OF RIGHT TO SUE

    RE:    Armstrong v. Missouri State Public Defenders System

▮▮▮▮▮▮▮▮▮▮▮▮

Dear Mr. Armstrong:

This is your NOTICE OF RIGHT TO SUE pursuant to Section 213.111 RSMo.

If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice, the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating their <u>right to bring a civil action within 90 days of such notice</u> against the respondent named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but <u>no later than two years after the alleged cause occurred</u> or its reasonable discovery by the alleged injured party (emphasis added).

The above-referenced complaint was filed on March 1, 1996; thus more than 180 days have elapsed since the filing and the Missouri Commission on Human Rights has not completed its administrative processing. Further, as you have duly requested in writing, you are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue.

On behalf of the Commission,

*Steven A. Skolnick*

Steven A. Skolnick
Acting Executive Director

8-25-97

Date

**CERTIFIED MAIL**

c:    Ms. Jane Frew, Personnel Officer
    MO State Public Defender System
    3402 Buttonwood
    Columbia, MO 65201-9855

■3315 W. Truman Blvd.
P.O. Box 1129
Jefferson City, MO 65102-1129
Phone: 573/751-3325
FAX: 573/751-2905

□906 Olive
Suite 320
St. Louis, MO 63101
Phone: 314/340-7590
FAX: 314/340-7238

□4049 Pennsylvania Ave.
Suite 150
Kansas City, MO 64111
Phone: 816/889-5100
FAX: 816/889-5107
TDD: 314/340-7590

□108 West Center
Sikeston, MO 63801-4110
Phone: 573/472-5320
FAX: 573/472-5321

Relay Missouri: 1-800-735-2466 (Voice) 1-800-735-2966 (TDD)

WP903177

000140O    Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

# CIRCUIT COURT FOR THE COUNTY OF CLAY

STATE OF MISSOURI

SEVENTH JUDICIAL CIRCUIT

MAKE RETURN ON REVERSE SIDE AND
RETURN THIS WRIT TO CLAY COUNTY

MICHAEL L. ARMSTRONG

Plaintiff

and

STATE PUBLIC DEFENDER,   ETAL

Defendant

Division No.

RECEIVED
SEP 11 1997
COLE COUNTY
SHERIFF'S OFFICE

Case No.        CV197-6492 CC

## SUMMONS

The State of Missouri to Defendant

HONORABLE· JEREMIAH NIXON, ATTORNEY GENERAL FOR STATE OF MISSOURI
SUPREME COURT BUILDING
JEFFERSON CITY, MO

You are hereby summoned to appear before the above-named court and to file your pleading to the petition, copy of which is attached hereto, and to serve a copy of your pleading upon Attorney —

For Plaintiff — to wit:  .        GLEN D. MANIS
8416 NE BOONE AVE #104
KANSAS CITY, MO   64155

all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

(Seal of Circuit Court)                         RITA FULLER, Circuit Clerk

By _____
                                                              Deputy Clerk

Dated        SEPTEMBER 9              , 19 97

Form # 126

WP903178
001401        ... by Clay County Microfilm Department on May 18, 2015 at 12:50

## RETURN OF SERVICE OF SUMMONS

**I hereby certify that I have served the attached summons:**

(1) By delivering, on the _12_ day of _Sept._ , 19_97_ a copy of the summons and a copy of the petition to the following named defendant(s) _Attorney General by Serving Scott Skinner designee 3:10 pm._ at _Supreme Court Building_

(2) By leaving, on the ____ day of _____, 19___, for the following named defendant(s)_____ a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of said defendant(s) at _____ _____ with _____, a person of his or her family over the age of 15 years;

(3) By

FILED

SEP 22 1997

TIME:

Clay County Circuit Court

Sheriff's Fees:
Summons      $ _20_
Non Est      $
Mileage      $
Total        $ _20_

Sheriff of _Clay_ County, Missouri
By _____
                    Deputy Sheriff

Return5   6/90

001402   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

**GLENN D. MANIS**
**ATTORNEY AT LAW**

8416 N. E. BOONE AVE. #104
KANSAS CITY, MISSOURI 64155

Phone 816-436-7294

September 4, 1997

*CV197- 6492CC*

Ms. Rita Fuller
Clay County Circuit Clerk
Clay County Courthouse
11 South Water St.
Liberty, Missouri 64068

Re: Issuance of Summons in Michael L. Armstrong v. Office of State Public Defender,
Katherine E. Ladesh and Barbara Hoppe

Dear Clerk:

Enclosed is my check directed to the Cole County Sheriff's Office in the amount of $20.00 for service of a summons and petition on the Honorable Jeremiah Nixon, Attorney General for the State of Missouri, at the Supreme Court Building in Jefferson City, Missouri. Please issue a summons to the Cole County Sheriff's Office, P.O. Box 426 Jefferson City, Mo. 65102. Since the Office of State Public Defender is a public entity of the State of Missouri, I am notifying the Attorney General of this action by having service made upon him.

Also enclosed is a check for $40.00 made payable to the Boone County Sheriff's Office for service of a summons and petition on Marty Robinson, as Director of the Office of State Public Defender giving the Missouri Public Defender System notice of this suit against it and for service of a summons and petition on Barbara Hoppe, individually and as an employee of the Office of State Public Defender. Both of them should be able to be served at the statewide office of the Office of Public Defender located at 3402 Buttonwood Drive, Columbia, Missouri. Please issue summons for both of these parties to the Boone County Sheriff's Office at 2121 County Drive, Columbia, Missouri 65202.

Finally, as I spoke with the Clerk at the time of filing, please prepare the summons on Kate Ladesh for service by private process server here in Clay County. Please call when it is ready to be picked up.

I noticed several typographical errors and fact errors, Mic brought to my attention while signing at the Courthouse, therefore, I have prepared a First Amended Petition and I am filing it with this request for service. Please have the first amended petition served with the original summons and petition. Thank you.

Sincerely,

GLENN D. MANIS

WP003180
001403 by Clay County Microfilm Department on May 18, 2015 at 12:50

**GLENN D. MANIS**
**ATTORNEY AT LAW**

8416 N. E. BOONE AVE. #104
KANSAS CITY, MISSOURI 64155

Phone 816-436-7294

September 4, 1997

Ms. Rita Fuller
Clay County Circuit Clerk
Clay County Courthouse
11 South Water St.
Liberty, Missouri 64068

Re: Issuance of Summons in Michael L. Armstrong v. Office of State Public Defender,
Katherine E. Ladesh and Barbara Hoppe

Dear Clerk:

Enclosed is my check directed to the Cole County Sheriff's Office in the amount of $20.00 for service of a summons and petition on the Honorable Jeremiah Nixon, Attorney General for the State of Missouri, at the Supreme Court Building in Jefferson City, Missouri. Please issue a summons to the Cole County Sheriff's Office, P.O. Box 426 Jefferson City, Mo. 65102. Since the Office of State Public Defender is a public entity of the State of Missouri, I am notifying the Attorney General of this action by having service made upon him.

Also enclosed is a check for $40.00 made payable to the Boone County Sheriff's Office for service of a summons and petition on Marty Robinson, as Director of the Office of State Public Defender giving the Missouri Public Defender System notice of this suit against it and for service of a summons and petition on Barbara Hoppe, individually and as an employee of the Office of State Public Defender. Both of them should be able to be served at the statewide office of the Office of Public Defender located at 3402 Buttonwood Drive, Columbia, Missouri. Please issue summons for both of these parties to the Boone County Sheriff's Office at 2121 County Drive, Columbia, Missouri 65202.

Finally, as I spoke with the Clerk at the time of filing, please prepare the summons on Kate Ladesh for service by private process server here in Clay County. Please call when it is ready to be picked up.

I noticed several typographical errors and fact errors, Mic brought to my attention while signing at the Courthouse, therefore, I have prepared a First Amended Petition and I am filing it with this request for service. Please have the first amended petition served with the original summons and petition. Thank you.

Sincerely,

GLENN D. MANIS

RECEIVED
SEP 0 5 1997
TIME
RITA FULLER,
Clay County Circuit Court

WP903181
001404 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
### SEVENTH JUDICIAL CIRCUIT
### LIBERTY, MISSOURI

MICHAEL L. ARMSTRONG.                       )
846 York Place                              )
Liberty, Clay County, Missouri,             )
        Plaintiff.                 )
                                         )    Case No.    **CV197 6492 CC**
vs.                                         )
                                         )
OFFICE OF STATE PUBLIC DEFENDER )            Division No.    **TWO**
MARTY ROBINSON, DIRECTOR                     )
3402 Buttonwood Drive                        )
Columbia, Missouri  65201                    )
        Defendant.                 )
KATHERINE "KATE" E. LADESH,                  )
INDIVIDUALLY AND AS                          )
REPRESENTATIVE OF OFFICE OF                  )
STATE PUBLIC DEFENDER,                       )
234 Schrader                                 )
Liberty, Missouri  64068                     )
        Defendant.                 )
BARBARA HOPPE,                               )
INDIVIDUALLY AND AS                          )
REPRESENTATIVE OF OFFICE                     )
OF STATE PUBLIC DEFENDER,                    )
3402 Buttonwood Drive                        )
Columbia. Missouri  65201                    )
        Defendant.                 )

**FILED**

TIME:   SEP 05 1997

*Rita Fuller*
Clay County Circuit Court

### FIRST AMENDED PETITION FOR
### WRONGFUL TERMINATION OF EMPLOYMENT, AGE DISCRIMINATION, SEX
### DISCRIMINATION, SLANDER, TORTIOUS INTERFERENCE WITH A
### CONTRACT.

COMES NOW, the Plaintiff, Michael L. Armstrong and for his petition states as follows:

1.    The Plaintiff, Michael L. Armstrong, date of birth ▮▮▮▮▮▮ is a resident of Liberty, Clay County, Missouri at the above address in the caption.

WP903182    001405    by Clay County Microfilm Department on May 18, 2015 at 12:50



2.      The Defendant Office of State Public Defender, also known as the Missouri State Public Defender System, is a public entity of the State of Missouri with local office at 234 Schrader, Liberty, Clay County, Missouri and with its statewide headquarters at 3402 Buttonwood Drive, Columbia, Boone County, Missouri.

3.      Defendant Kate Ladesh is and has been an employee of and works as attorney for the Office of State Public Defender and managed its office in Liberty, Clay County, Missouri, on September 5, 1995.

4.      Defendant Barbara Hoppe is and has been an employee of the Office of State Public Defender and works in the office in Columbia, Missouri, during November, 1995.

5.      On or about September 5, 1995, and for twelve years before that time, the Plaintiff had been employed by the Office of State Public Defender either as a contract investigator and then as a full time employee, since May 1985, of the Missouri Public Defender System as an investigator in which capacity he was serving on September 5, 1995, when he was fired by Kate Ladesh in the parking lot of the Clay County Courthouse at 11 South Water Street, Liberty, Missouri.

6.      The Office of State Public Defender is created by the legislature of the State of Missouri and is charged with representing indigent persons in criminal actions in the Courts of the State of Missouri pursuant to Chapter 600 R.S. Mo.: service may be obtained on the defendant by serving Marty Robinson, Director of the Office of the State Public Defender at the Columbia Missouri address stated above in the caption; in addition, the plaintiff is requesting service be made on the Office of State Public Defender by serving the Attorney General of the State of Missouri in Jefferson City, Cole County, Missouri.

7.      The Plaintiff prior to September 5, 1995, had an unblemished employment record with the Office of State Public Defender with no letters of reprimand or negative

2

WP903183
001406 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

job evaluations in his record. Further, the plaintiff had satisfactorily performed his assigned job duties.

COUNT ONE

COMES NOW the Plaintiff, Michael L. Armstrong, and for his cause of action for wrongful termination for retaliation, age and sex discrimination against the Defendant Office of State Public Defender, states as follows:

8.     Paragraph 1 through 7 are included herein by reference as if fully set forth herein.

9.     Section 600.021 R.S.Mo.1986 provides that employees of the public defender system serves at the pleasure of the employing public defender. The hiring authority may discharge an employee at any time with or without cause.

10.     Plaintiff was employed by Fred Duchardt as Public Defender and has dedicated plaintiff's life to the defense of the clients of the Missouri State Public Defender System based on the representations of Mr. Duchardt that Plaintiff should give up his business and come to work for the System and Plaintiff could retire from the System and enjoy the various benefits of the System and would not be fired but for cause and that the system was set up to resolve disputes between personnel as the System recognizes the investment in its employees and desires to keep those employees.

11.     The Missouri State Public Defender System Employee Handbook recognizes and confirms the oral agreement made to hire the Plaintiff and thereby limits the statutory authority to fire an employee at the whim of the Public Defender.

12.     The Missouri State Public Defender System Employee Handbook states as part of the Fundamental Principals of Missouri Defenders paragraph "4. As Missouri Defenders, we share a spirit of camaraderie and support for one another..." paragraph "3. We are committed to making each Missouri Defender a competent and successful member of the defense team."

3

 001407 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

13.     The Missouri State Public Defender System Employee Handbook states as part of the Principles of Communication, "Missouri Defenders (all employees) have the right: ... To be told about issues affecting the Missouri Defender System, their jobs and responsibilites  To ongoing communication-not just in times of crises or need.  To information before, not after, important events.  To give feedback on issues through an open line of communication to anybody in the system."

14.     The Missouri State Public Defender System Employee Handbook states, "It is the policy of the Missouri State Public Defender System to ensure that all applicants, employees and contractors are treated equally regardless of race, color, creed, national origin, citizenship, sex, age, religious affiliation, ancestry, sexual orientation, veteran or handicap status."

15.     Plaintiff entered into a valid business relationship with the Missouri State Public Defender System with the expectancy that he would be an employee of the Missouri State Public Defender System and to be able to work until retirement and retire on the compensation and benefits afforded to him through the inducements offered to employees of the Missouri Public Defender System, as set out in the Employment Handbook, and that if there were problems with his performance he would be given an opportunity to correct any problems in the employment relationship and, if needed, participate in the State employee assistance system "to assist the employees in solving problems", included but not limited to "deteriorating job performance" or "behavioral problems that interfere with job performance", transfer or otherwise work out a problem within the system.

16.     Kate Ladesh did not employ Plaintiff and was not the hiring authority of Plaintiff.

17.     Kate Ladesh, as an administrative and supervisory personnel for Defendant Office of State Public Defender, was charged with responsibility to ensure compliance with the policies and procedures of the Missouri Public Defender System.

4

WP003185
001408  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

18.  Kate Ladesh, as an administrative and supervisory personnel for Defendant Office of State Public Defender, sexually discriminated against the Plaintiff in the workplace by outlining duties as male or female and utilized Plaintiff to serve subpoenas and go to the jail to sit with the attorneys for protection from the inmates as part of his duties as a male investigator that she did not require the female investigators to do.

19.  The defendant Kate Ladesh accused Mr. Armstrong of not doing the work in a case being handled by attorney Allen Reynolds in a timely manner, even though the time had not expired and work had been performed and made comments that plaintiff was too old and could not do the work because of his age and on September 5, 1995, while plaintiff was on sick leave, Defendant Ladesh summoned plaintiff to the office but she was not there when he arrived and then later that morning in the parking lot of the Clay County Courthouse told him he was too old and fired him (plaintiff was involuntarily severed from his employment).

20.  Kate Ladesh made numerous references to plaintiff's age, then 49, including derogatory remarks about plaintiff's age in front of witnesses, including but not limited to, "At least your not as old as Mic," in reference to plaintiff, and another time she said to plaintiff, "You're getting older, so we won't have you running around so much."

21.  Kate Ladesh fired plaintiff because of his age and not because he could not do the work nor because there was more work than one investigator could handle, even though she ultimately hired a younger man, in his thirties, to take his place and she also hired a second investigator to cover the work load that the Plaintiff had been handling.

22.  Kate Ladesh would bring her children to the workplace and have the plaintiff baby-sit her children and stepchildren, pick up feminine napkins and other personal hygiene products for her even though she knew this embarrassed the plaintiff and that such conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

5

WP903186 by Clay County Microfilm Department on May 18, 2015 at 12:50

23.    Kate Ladesh moved plaintiff's office next to hers with a large glass window between their offices and then would put on her pantyhose and do other actions within the view of plaintiff to offend the sensibilities of the plaintiff and such conduct had the purpose or effect of unreasonably interfering with his work performance or creating an intimidating, hostile, or offensive working environment.

24.    Kate Ladesh desired to remove the plaintiff because he was old; but the timing was in retaliation against plaintiff not only for age and sex discrimination, but also in retaliation against plaintiff for engaging in protected activities and exercising his right to free speech and for reporting violations of the law and to embarrass and harm the plaintiff for his calling the Liberty, Missouri police department on August 21, 1995, where plaintiff reported that 3 males in a vehicle harassed and threatened the plaintiff, as he entered the local Public Defender office in Liberty, to give a message to Kate regarding the money her husband owed them for drugs. Kate Ladesh reported to the police officer that she was, "not concerned about the message because she thinks her husband has stopped using drugs and indicated she did not need a police report regarding the incident."

25.    Such retaliation firing by Kate Ladesh of the plaintiff was done after the plaintiff objected on numerous occasions prior to September 5, 1995, of his objections to a hostile, offensive work environment and Defendant Ladesh illegal use of his age in the consideration of his performance and his firing came as a proximate and direct result of his engaging in the protected activities, including his right to free speech under the Constitution of the United States and the State of Missouri and his right to speak out against such illegal activity on the part of Kate Ladesh or for making a police report to try to apprehend the people threatening his safety and others in the Office of State Public Defender. Further, Kate Ladesh violated the express contract stated by Fred Duchardt as Public Defender when plaintiff was hired and the express stated public policies of the Office of the State Public Defender and the State of Missouri, for firing the plaintiff

6

WP003187
001410 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



without utilizing the available resources to try to resolve the differences as perceived by the plaintiff or as perceived by Kate Ladesh.

26.     Further, such retaliation firing of the plaintiff violated Section 213.055 R.S.Mo. and a complaint was filed with the Human Resources Commission within180 day of the last day of continuing sexual and age discrimination and the Commission has on August 25, 1997, issued to plaintiff its Notice of Right to Sue in this matter and this filing is being made within 90 days of the Notice Letter under Section 213.111R.S.Mo.

27.     That as a direct and proximate result of defendant employees wrongful discrimination in termination of Plaintiff's contract of employment with the State of Missouri and the Office of State Public Defender, the plaintiff was greatly injured in his reputation and credit, lost his means of employment and back and future wages and benefits and lost the profitable business venture and endeavor his labors would have created for the ten years that he was a full time employee of the State of Missouri rather than contract work for the State and developing other business as an ongoing private investigator and he lost respect and ability to complete the transfer Plaintiff had been working on within the system to avoid the hostile work environment he was currently under with Kate Ladesh, all in an amount to exceed Twenty Five Thousand Dollars ($25,000.00)

WHEREFORE, the plaintiff prays that the Court find that the termination of plaintiff violated the contract of employment he had with Defendant Office of State Public Defender when he was hired by Fred Duchardt, Public Defender, and established by the public policy of the State of Missouri and that the termination of his employment was due to the illegal discriminatory conduct on the part of Kate Ladesh or due to retaliation for protected activity and plaintiff prays to have his employment reinstated with the State of Missouri as a criminal investigator for the Office of State Public Defender, enjoin Kate Ladesh from sexual and age discrimination practices, pay him his lost wages and benefits and for his attorney fees and costs of this action as provided by Chapter 213 R.S. Mo. and

7

WP003188
001411   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



for such further relief as the Courts might find are legally or equitably due the Plaintiff during the trial of the issues of this case or as may be discovered during discovery, all in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

COUNT TWO

COMES NOW the Plaintiff and for his cause of action against the Defendant, Kate Ladesh, states as follows:

28.     Plaintiff incorporates paragraph 1 through 27 inclusive as if fully set forth herein.

29.     Kate Ladesh wrongfully terminated the defendant's employment with the State of Missouri Office of State Public Defender because of his age in contravention to the stated policy of the Office of State Public Defender and Chapter 213 R.S.Mo.

30.     As a direct and proximate result of Kate Ladesh wrongful termination of Plaintiff from his position as criminal investigator the Plaintiff has suffered emotional distress, lack of sleep, worry and has lost his wages past and future including his benefits and retirement accounts and will not be able to look forward to retirement from the Office of State Public Defender, all in excess of Twenty-Five Thousand Dollars ($25,000.00).

31.     As a result of Kate Ladesh wrongful termination, she has slandered the Plaintiff by alleging that he cannot investigate and does not investigate files assigned to him or do the work that he has been assigned to perform knowing that he has performed the work requested but stating that he was assigned other work when that was not the case and as a direct and proximate result of her slander she has turned employees of the Office of State Public Defender against him and in particular to deny him work within or for the Office of State Public Defender in Jackson County or by contract labor with attorneys working for the Office of State Public Defender, all in excess of Twenty-five thousand dollars ($25,000.00).

32.     Defendant Kate Ladesh in retaliation for Plaintiff reporting a serious threat to him and potential harm to others in the office as well as Kate Ladesh over the incident

8

001412  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

in the office parking lot on August 21, 1995, as set forth in paragraph 24, Kate Ladesh set out to discredit and demean Plaintiff and to deprive plaintiff of his means of support and livelihood and to remove him from the office as she saw his reporting of the incident more of a threat than the incident itself and used the first excuse she could to remove him from his position as criminal investigator for the Office of State Public Defender for the State of Missouri as a direct and proximate result of Defendant Ladesh tortuous conduct as set forth herein the plaintiff has sustained and will continue to sustain damages in the future in excess of Twenty-Five Thousand Dollars ($25,000.00)

WHEREFORE, Plaintiff respectfully requests that the Court enjoin the Defendant Kate Ladesh from slandering plaintiff's reputation, award to plaintiff damages in excess of Twenty-Five Thousand Dollars ($25,000.00) for his pain, suffering and humiliation and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, his attorney fees and costs of this action pursuant to Chapter 213 R.S. Mo. and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process.

.

## COUNT THREE

COMES NOW the Plaintiff and for his cause of action against Defendant Kate Ladesh for the tortious interference with Plaintiff's Contract of employment with the Office of State Public Defender and with the former Public Defender Fred Duchardt states as follows:

33.    The Plaintiff incorporates all the allegations of paragraph 1 through 32 inclusively as if set forth herein.

9


WP003190
001413    Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

34.     The Plaintiff had a contract to work as the criminal investigator for the Office of State Public Defender in the Liberty, Missouri office and if he did not have a contract he had a valid business relationship or expectancy in existence on September 5, 1995 and for more than ten years prior thereto the plaintiff had been working on the basis that he had a expectancy that he would be able to retire on the benefits he earned from the business relationship he had established with the Office of State Public Defender.

35.     The Plaintiff relied on the public policy statements of the Office of State Public Defender and the previous Public Defender Fred Duchardt that the Missouri State Public Defender System tries to work with its employees to resolve problems and wants to keep its employees.

36.     The Defendant Kate Ladesh knew of the policies and attempted a cover-up of the policy by preparing a letter she claimed was to be delivered to the Plaintiff the day she fired him talking about working on record keeping and reporting activities with him over the next month, which was never delivered to the plaintiff but was prepared after the fact to give an appearance that the Defendant Kate Ladesh was attempting to follow office procedures.

37.     The Defendant Kate Ladesh knew of the Plaintiff's contract with the Office of State Public Defender or knew that he had a valid business relationship with the Office of State Public Defender or knew of Plaintiff's business expectancy in existence that the plaintiff loved his work for the Missouri State Public Defender System and intended to work with it until his retirement even if it meant he had to move to the other side of the State to avoid Ms. Ladesh.

38.     Defendant Ladesh knew the Plaintiff was trying to switch his job to an opening in Jackson County, Missouri to avoid having to be around her.

39.     Defendant Ladesh intentionally interfered with plaintiff's contract of employment, or his business relationship or his expectancy in existence to be able to work for the Office of the State Public Defender and her actions were done maliciously to harm

10

Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

WP003191

001414



the Plaintiff and to keep him from benefiting from his long standing working relationship with the State of Missouri and to keep him from transferring out of the Liberty office.

40.     Defendant Ladesh's intentional interference with the plaintiff's right to work for the Office of State Public Defender was without justification or excuse but contrived out of spite, malice and illwill toward the Plaintiff in retaliation for his age as she was looking for a reason to fire plaintiff as she perceived him as being to old for the job and in retaliation for his calling the police to report the incident of August 21, 1995 involving her husband and money allegedly owed to the three men for drugs he had obtained from them.

41.     Defendant Ladesh concern was not for the safety of the employees but that no report be made of the August 21, 1995 incident; when plaintiff made a report to the police Defendant Ladesh reported to the officer that it was of no concern because she believed her husband had stopped using drugs. The plaintiff did not force the Defendant to volunteer that information to the police, a copy of the police report is attached hereto and included herein by reference.

42.     As a direct and proximate result of Defendant Ladesh intentional interference with the contract of employment or the valid business relationship of the Office of State Public Defender and Plaintiff or the expectancy in existence the plaintiff was not allowed to continue his employment with the Office of State Public Defender and his employment benefits including wage and other benefits including sick leave, health insurance, retirement benefits and other general damages and special damages of the relationship that derived from the employment as set out in the Missouri State Public Defender Employee Handbook were terminated to the detriment and loss of Plaintiff; further the Defendant's actions have embarrassed the Plaintiff and caused him to loose sleep and become moody, suspicious and distrustful of attorneys which affects his relationship with people in the business that he has to be involved in the field of criminal

11

001415  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

investigation, all to the damage of Plaintiff in excess of Twenty-Five Thousand Dollars ($25.000.00)

43. Plaintiff is entitled to punitive damages against Defendant Ladesh as Defendant Ladesh conduct was outrageous with evil motive or reckless indifference to the rights of plaintiff and as such to serve to punish defendant Ladesh and to deter defendant and others from like conduct, all in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff respectfully requests that the Court find Defendant Kate Ladesh liable for tortiously intentionally interfering with plaintiff's contract of employment with the Office of State Public Defender or the valid business relationship between the Office of State Public Defender and Plaintiff or Plaintiff's expectancy in existence at the time Plaintiff was hired and at the time Defendant Ladesh unceremoniously fired him and award to plaintiff damages for his pain, suffering and humiliation, loss of sleep, embarrassment and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, punitive damages for Defendant's outrageous conduct toward the plaintiff, costs of this action and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process, all in an amount greater than Twenty-Five Thousand Dollars ($25,000.00).

## COUNT FOUR

COMES NOW the Plaintiff and for his cause of action against Defendant Ladesh and Defendant Barbara Hoppe for tortious interference with plaintiff's right to contract states as follows:

44. Plaintiff incorporates herein paragraph 1 through 43 as if fully set forth herein.

12

Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

WP003193

**001416**



45.    The Defendant Ladesh was not content to remove the plaintiff from the Liberty office of the Missouri Public Defender System: but conspired to have the Plaintiff terminated from work the Plaintiff had a right to be considered for in the future. had been doing and was going to be doing in the future and was doing as private investigation work for Fred Duchardt who had gone into private practice of law and was doing contract work for the Office of State Public Defender and Fred Duchardt was told that if he wanted to keep doing contract work for the Office of State Public Defender that he would have to stop using plaintiff as an investigator on any of his cases and Mr. Duchardt obtained a letter from the State from Defendant Barbara Hoppe saying that he was to no longer to use plaintiff as a criminal investigator and plaintiff therefore was involuntarily severed from his employment with Fred Duchardt.

46.    Both individual Defendants' acting within their capacity as employees of the Office of State Public Defender had knowledge: that the plaintiff had a express contract with Fred Duchardt for work as a criminal investigator for him at $30.00 per hour which was in excess of what he was earning as a State employee: that Fred Duchardt who had been the Regional Public Defender was still satisfied that the plaintiff was competent to handle criminal investigations; that the plaintiff had a valid business relationship in existence with Fred Duchardt: both conspired. or acted separately but in concert. to prevent the plaintiff from having any business relationship with Fred Duchardt; both acted without justification or excuse to deprive the plaintiff of his right to contract with Fred Duchardt as the Office of State Public Defender does not control who the outside counsel hires or does not hire as the case may be.

47.    As a direct and proximate result of the actions of the individual defendant's acting in concert or separately Defendant Hoppe notified Fred Duchardt by letter dated November 21. 1995. a copy of which is attached hereto and incorporated herein by reference. directing that he was to cease using plaintiff's services as a criminal investigator, not because plaintiff was not qualified; but merely because it would be

13

--

WP903194
001417 Filmed by Clay County Microfilm Department on May 18, 2015 at 12:50

inappropriate to pay an investigator who had been terminated by the Office of State Public Defender and the plaintiff was thereby damaged in an amount greater than Twenty-Five Thousand Dollars ($25,000.00)

WHEREFORE, Plaintiff respectfully requests that the Court find Defendant Kate Ladesh and Defendant Barbara Hoppe acted separately and jointly and conspired to deprive the plaintiff of his right to work for Fred Duchardt and of his right to be considered for work in the future from Fred Duchardt and each of them individually and jointly are liable for tortiously, intentionally interfering with plaintiff's contract of employment with Fred Duchardt or the valid business relationship between Fred Duchardt and Plaintiff or Plaintiff's business expectancy in existence at the time Plaintiff was hired and at the time Defendant Hoppe required the plaintiff be fired and award to plaintiff damages for his pain, suffering and humiliation, loss of sleep, embarrassment and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, punitive damages for Defendant's outrageous conduct toward the plaintiff, costs of this action and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process, all in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

MICHAEL L. ARMSTRONG

GLENN D. MANIS, ATTORNEY #24729
ATTORNEY FOR PLAINTIFF
8416 N.E. BOONE AVE. #104,
KANSAS CITY, MISSOURI 64155
816-426-7294

AFFIDAVIT

STATE OF MISSOURI        )

Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

WP003195
001418

COUNTY OF    C L A K )
                     )

MICHAEL L. ARMSTRONG, of lawful age, being duly sworn on his oath, states that he is the Plaintiff named in the Petition for Wrongful Termination, Age Discrimination, etc above and he has read the Petition and that the facts stated therein are true according to his best knowledge and belief.

_____
MICHAEL L. ARMSTRONG

        Subscribed and sworn to before me, the undersigned Notary Public, this /5 th day of September, 1997.

_____
Notary Public

My Commission expires:
            3-/0·2 0 0 /

15

001419 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50
WP903196

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
SEVENTH JUDICIAL CIRCUIT
LIBERTY, MISSOURI

MICHAEL L. ARMSTRONG,  )
846 York Place  )
Liberty, Clay County, Missouri,  )
               Plaintiff,  )
                              )  Case No.

vs.  )
                              )

OFFICE OF STATE PUBLIC DEFENDER )  Division No.
MARTY ROBINSON, DIRECTOR  )
3402 Buttonwood Drive  )
Columbia, Missouri 65201  )
               Defendant,  )
KATHERINE "KATE" E. LADESH,  )
INDIVIDUALLY AND AS  )
REPRESENTATIVE OF OFFICE OF  )
STATE PUBLIC DEFENDER,  )
234 Schrader  )
Liberty, Missouri 64068  )
               Defendant,  )
BARBARA HOPPE,  )
INDIVIDUALLY AND AS  )
REPRESENTATIVE OF OFFICE  )
OF STATE PUBLIC DEFENDER,  )
3402 Buttonwood Drive  )
Columbia, Missouri 65201  )
               Defendant.  )

**FILED**

**SEP 04 1997**

TIME:

*Rita Fuller*

Clay County Circuit Court

## PETITION FOR WRONGFUL TERMINATION OF EMPLOYMENT, AGE DISCRIMINATION, SEX DISCRIMINATION, SLANDER, TORTIOUS INTERFERENCE WITH A CONTRACT.

COMES NOW, the Plaintiff, Michael L. Armstrong and for his petition states as follows:

1. The Plaintiff, Michael L. Armstrong, date of birth ▮▮▮▮▮▮▮ a resident of Liberty, Clay County, Missouri at the above address in the caption.

1

Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

WP903197

**001420**

2.      The Defendant Office of State Public Defender, also known as the Missouri State Public Defender System, is a public entity of the State of Missouri with local office at 234 Schrader, Liberty, Clay County, Missouri and with its statewide headquarters at 3402 Buttonwood Drive, Columbia, Boone County, Missouri.

3.      Defendant Kate Ladesh is and has been an employee of and works as attorney for the Office of State Public Defender and managed its office in Liberty, Clay County, Missouri, on September 5, 1995.

4.      Defendant Barbara Hoppe is and has been an employee of the Office of State Public Defender and works in the office in Columbia, Missouri, during November, 1995.

5.      On or about September 5, 1995, and for twelve years before that time, the Plaintiff had been employed by the Office of State Public Defender either as a contract investigator and then as a full time employee, since May 1985, of the Missouri Public Defender System as an investigator in which capacity he was serving on September 5, 1995, when he was fired by Kate Ladesh in the parking lot of the office at 234 Schrader, Liberty, Missouri.

6.      The Office of State Public Defender is created by the legislature of the State of Missouri and is charged with representing indigent persons in criminal actions in the Courts of the State of Missouri pursuant to Chapter 600 R.S. Mo.; service may be obtained on the defendant by serving Marty Robinson, Director of the Office of the State Public Defender at the Columbia Missouri address stated above in the caption; in addition, the plaintiff is requesting service be made on the Office of State Public Defender by serving the Attorney General of the State of Missouri in Jefferson City, Cole County, Missouri.

7.      The Plaintiff prior to September 5, 1995, had an unblemished employment record with the Office of State Public Defender with no letters of reprimand or negative

2

WP903198
001421  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

job evaluations in his record.   Further, the plaintiff had satisfactorily performed his assigned job duties.

## COUNT ONE

COMES NOW the Plaintiff, Michael L. Armstrong, and for his cause of action for wrongful termination for retaliation, age and sex discrimination against the Defendant Office of State Public Defender, states as follows:

8.      Paragraph 1 through 7 are included herein by reference as if fully set forth herein.

9.      Section 600.021 R.S.Mo.1986 provides that employees of the public defender system serves at the pleasure of the employing public defender.  The hiring authority may discharge an employee at any time with or without cause.

10.      Plaintiff was employed by Fred Duchardt as Public Defender and has dedicated plaintiff's life to the defense of the clients of the Missouri State Public Defender System based on the representations of Mr. Duchardt that Plaintiff should give up his business and come to work for the System and Plaintiff could retire from the System and enjoy the various benefits of the System and would not be fired but for cause and that the system was set up to resolve disputes between personnel as the System recognizes the investment in its employees and desires to keep those employees.

11.      The Missouri State Public Defender System Employee Handbook recognizes and confirms the oral agreement made to hire the Plaintiff and thereby limits the statutory authority to fire an employee at the whim of the Public Defender.

12.      The Missouri State Public Defender System Employee Handbook states as part of the Fundamental Principals of Missouri Defenders paragraph "4.  As Missouri Defenders, we share a spirit of camaraderie and support for one another..." paragraph "3. We are committed to making each Missouri Defender a competent and successful member of the defense team."

3

Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

WP003199

001422



13.    The Missouri State Public Defender System Employee Handbook states as part of the Principles of Communication, "Missouri Defenders (all employees) have the right: ... To be told about issues affecting the Missouri Defender System, their jobs and responsibilites  To ongoing communication-not just in times of crises or need.  To information before, not after, important events.  To give feedback on issues through an open line of communication to anybody in the system."

14.    The Missouri State Public Defender System Employee Handbook states, "It is the policy of the Missouri State Public Defender System to ensure that all applicants, employees and contractors are treated equally regardless of race, color, creed, national origin, citizenship, sex, age, religious affiliation, ancestry, sexual orientation, veteran or handicap status."

15.    Plaintiff entered into a valid business relationship with the Missouri State Public Defender System with the expectancy that he would be an employee of the Missouri State Public Defender System and to be able to work until retirement and retire on the compensation and benefits afforded to him through the inducements offered to employees of the Missouri Public Defender System, as set out in the Employment Handbook,  and that if there were problems with his performance he would be given an opportunity to correct any problems in the employment relationship and, if needed, participate in the State employee assistance system "to assist the employees in solving problems", included but not limited to "deteriorating job performance" or "behavioral problems that interfere with job performance", transfer or otherwise work out a problem within the system.

16.    Kate Ladesh did not employ Plaintiff and was not the hiring authority of Plaintiff.

17.    Kate Ladesh, as an administrative and supervisory personnel for Defendant Office of State Public Defender, was charged with responsibility to ensure compliance with the policies and procedures of the Missouri Public Defender System.

4

WP9032900
001423 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

18.     Kate Ladesh, as an administrative and supervisory personnel for Defendant Office of State Public Defender, sexually discriminated against the Plaintiff in the workplace by outlining duties as male or female and utilized Plaintiff to serve subpoenas and go to the jail to sit with the attorneys for protection from the inmates as part of his duties as a male investigator that she did not require the female investigators to do.

19.     The defendant Kate Ladesh accused Mr. Armstrong of not doing the work in a case being handled by attorney Allen Reynolds in a timely manner, even though the time had not expired and work had been performed and made comments that plaintiff was too old and could not do the work because of his age and on September 5, 1995, while plaintiff was on sick leave, summoned plaintiff to the office and in the parking lot told him he was too old and fired him (plaintiff was involuntarily severed from his employment).

20.     Kate Ladesh made numerous references to plaintiff's age, then 49, including derogatory remarks about plaintiff's age in front of witnesses, including but not limited to, "At least your not as old as Mic," in reference to plaintiff, and another time she said to plaintiff, "You're getting older, so we won't have you running around so much."

21.     Kate Ladesh fired plaintiff because of his age and not because he could not do the work nor because there was more work than one investigator could handle, even though she ultimately hired a younger man, in his thirties, to take his place and she also hired a second investigator to cover the work load that the Plaintiff had been handling.

22.     Kate Ladesh would bring her children to the workplace and have the plaintiff baby-sit her children and stepchildren, pick up feminine napkins and other personal hygiene products for her even though she knew this embarrassed the plaintiff and that such conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

23.     Kate Ladesh moved plaintiff's office next to hers with a large glass window between their offices and then would put on her pantyhose and do other actions within the view of plaintiff to offend the sensibilities of the plaintiff and such conduct had the purpose

5

WP003291
001424 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

or effect of unreasonably interfering with his work performance or creating an intimidating, hostile, or offensive working environment.

24.    Kate Ladesh desired to remove the plaintiff because he was old; but the timing was in retaliation against plaintiff not only for age and sex discrimination, but also in retaliation against plaintiff for engaging in protected activities and exercising his right to free speech and for reporting violations of the law and to embarrass and harm the plaintiff for his calling the Liberty, Missouri police department on August 21, 1995, where plaintiff reported that 3 males in a vehicle harassed and threatened the plaintiff, as he entered the local Public Defender office in Liberty, to give a message to Kate regarding the money her husband owed them for drugs. Kate Ladesh reported to the police officer that she was, "not concerned about the message because she thinks her husband has stopped using drugs and indicated she did not need a police report regarding the incident."

25.    Such retaliation firing by Kate Ladesh of the plaintiff was done after the plaintiff objected on numerous occasions prior to September 5, 1995, of his objections to a hostile, offensive work environment and Defendant Ladesh illegal use of his age in the consideration of his performance and his firing came as a proximate and direct result of his engaging in the protected activities, including his right to free speech under the Constitution of the United States and the State of Missouri and his right to speak out against such illegal activity on the part of Kate Ladesh or for making a police report to try to apprehend the people threatening his safety and others in the Office of State Public Defender. Further, Kate Ladesh violated the express contract stated by Fred Duchardt as Public Defender when plaintiff was hired and the express stated public policies of the Office of the State Public Defender and the State of Missouri, for firing the plaintiff without utilizing the available resources to try to resolve the differences as perceived by the plaintiff or as perceived by Kate Ladesh.

26.    Further, such retaliation firing of the plaintiff violated Section 213.055 R.S.Mo. and a complaint was filed with the Human Resources Commission within180 day

6

001425 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50
WP003292

of the last day of continuing sexual and age discrimination and the Commission has on August 25, 1997, issued to plaintiff its Notice of Right to Sue in this matter and this filing is being made within 90 days of the Notice Letter under Section 213.111R.S.Mo.

27.     That as a direct and proximate result of defendant employees wrongful discrimination in termination of Plaintiff's contract of employment with the State of Missouri and the Office of State Public Defender, the plaintiff was greatly injured in his reputation and credit, lost his means of employment and back and future wages and benefits and lost the profitable business venture and endeavor his labors would have created for the ten years that he was a full time employee of the State of Missouri rather than contract work for the State and developing other business as an ongoing private investigator and he lost respect and ability to complete the transfer Plaintiff had been working on within the system to avoid the hostile work environment he was currently under with Kate Ladesh.

WHEREFORE, the plaintiff prays that the Court find that the termination of plaintiff violated the contract of employment he had with Defendant Office of State Public Defender when he was hired by Fred Duchardt, Public Defender, and established by the public policy of the State of Missouri and that the termination of his employment was due to the illegal discriminatory conduct on the part of Kate Ladesh or due to retaliation for protected activity and plaintiff prays to have his employment reinstated with the State of Missouri as a criminal investigator for the Office of State Public Defender, enjoin Kate Ladesh from sexual and age discrimination practices, pay him his lost wages and benefits and for his attorney fees and costs of this action as provided by Chapter 213 R.S. Mo. and for such further relief as the Courts might find are legally or equitably due the Plaintiff during the trial of the issues of this case or as may be discovered during discovery.

COUNT TWO

COMES NOW the Plaintiff and for his cause of action against the Defendant, Kate Ladesh, states as follows:

7

WP903293
001426 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

28.     Plaintiff incorporates paragraph 1 through 27 inclusive as if fully set forth herein.

29.     Kate Ladesh wrongfully terminated the defendant's employment with the State of Missouri Office of State Public Defender because of his age in contravention to the stated policy of the Office of State Public Defender and Chapter 213 R.S.Mo.

30.     As a direct result of Kate Ladesh wrongful termination of Plaintiff from his position as criminal investigator the Plaintiff has suffered emotional distress, lack of sleep, worry and has lost his wages past and future including his benefits and retirement accounts and will not be able to look forward to retirement from the Office of State Public Defender.

31.     As a result of Kate Ladesh wrongful termination, she has slandered the Plaintiff by alleging that he cannot investigate and does not investigate files assigned to him or do the work that he has been assigned to perform knowing that he has performed the work requested but stating that he was assigned other work when that was not the case and to turn the employees of the Office of State Public Defender against him and in particular to deny him work within or for the Office of State Public Defender in Jackson County or by contract labor with attorneys working for the Office of State Public Defender.

32.     Defendant Kate Ladesh in retaliation for Plaintiff reporting a serious threat to him and potential harm to others in the office as well as Kate Ladesh over the incident in the parking lot on August 21, 1995, as set forth in paragraph 24. Kate Ladesh set out to discredit and demean Plaintiff and to deprive plaintiff of his means of support and livelihood and to remove him from the office as she saw his reporting of the incident more of a threat than the incident itself and used the first excuse she could to remove him from his position as criminal investigator for the Office of State Public Defender for the State of Missouri.

8

WP003294
0014247 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

WHEREFORE, Plaintiff respectfully requests that the Court enjoin the Defendant Kate Ladesh from slandering plaintiff's reputation, award to plaintiff damages for his pain, suffering and humiliation and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, his attorney fees and costs of this action pursuant to Chapter 213 R.S. Mo. and for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process.

## COUNT THREE

COMES NOW the Plaintiff and for his cause of action against Defendant Kate Ladesh for the tortious interference with Plaintiff's Contract of employment with the Office of State Public Defender and with the former Public Defender Fred Duchardt states as follows:

33.    The Plaintiff incorporates all the allegations of paragraph 1 through 32 inclusively as if set forth herein.

34.    The Plaintiff had a contract to work as the criminal investigator for the Office of State Public Defender in the Liberty, Missouri office and if he did not have a contract he had a valid business relationship or expectancy in existence on September 5, 1995 and for more than ten years prior thereto the plaintiff had been working on the basis that he had a expectancy that he would be able to retire on the benefits he earned from the business relationship he had established with the Office of State Public Defender.

35.    The Plaintiff relied on the public policy statements of the Office of State Public Defender and the previous Public Defender Fred Duchardt that the Missouri State Public Defender System tries to work with its employees to resolve problems and wants to keep its employees.

9

001428    Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

36.     The Defendant Kate Ladesh knew of the policies and attempted a cover-up of the policy by preparing a letter she claimed was to be delivered to the Plaintiff the day she fired him talking about working on record keeping and reporting activities with him, over the next month, which was never delivered to the plaintiff but was prepared after the fact to give an appearance that the Defendant Kate Ladesh was attempting to follow office procedures.

37.     The Defendant Kate Ladesh knew of the Plaintiff's contract with the Office of State Public Defender or knew that he had a valid business relationship with the Office of State Public Defender or knew of Plaintiff's business expectancy in existence that the plaintiff loved his work for the Missouri State Public Defender System and intended to work with it until his retirement even if it meant he had to move to the other side of the State to avoid Ms. Ladesh.

38.     Defendant Ladesh knew the Plaintiff was trying to switch his job to an opening in Jackson County, Missouri to avoid having to be around her.

39.     Defendant Ladesh intentionally interfered with plaintiff's contract of employment, or his business relationship or his expectancy in existence to be able to work for the Office of the State Public Defender and her actions were done maliciously to harm the Plaintiff and to keep him from benefiting from his long standing working relationship with the State of Missouri and to keep him from transferring out of the Liberty office.

40.     Defendant Ladesh's intentional interference with the plaintiff's right to work for the Office of State Public Defender was without justification or excuse but contrived out of spite, malice and illwill toward the Plaintiff in retaliation for his age as she was looking for a reason to fire plaintiff as she perceived him as being to old for the job and in retaliation for his calling the police to report the incident of August 21, 1995 involving her husband and money allegedly owed to the three men for drugs he had obtained from them.

10

WP003296
0014429  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

41.    Defendant Ladesh concern was not for the safety of the employees but that no report be made of the August 21, 1995 incident; when plaintiff made a report to the police Defendant Ladesh reported to the officer that it was of no concern because she believed her husband had stopped using drugs. The plaintiff did not force the Defendant to volunteer that information to the police. a copy of the police report is attached hereto and included herein by reference.

42.    As a direct and proximate result of Defendant Ladesh intentional interference with the contract of employment or the valid business relationship of the Office of State Public Defender and Plaintiff or the expectancy in existence the plaintiff was not allowed to continue his employment with the Office of State Public Defender and his employment benefits including wage and other benefits including sick leave, health insurance, retirement benefits and other general damages and special damages of the relationship that derived from the employment as set out in the Missouri State Public Defender Employee Handbook were terminated to the detriment and loss of Plaintiff; further the Defendant's actions have embarrassed the Plaintiff and caused him to loose sleep and become moody, suspicious and distrustful of attorneys which affects his relationship with people in the business that he has to be involved in the field of criminal investigation.

43.    Plaintiff is entitled to punitive damages against Defendant Ladesh as Defendant Ladesh conduct was outrageous with evil motive or reckless indifference to the rights of plaintiff and as such to serve to punish defendant Ladesh and to deter defendant and others from like conduct.

WHEREFORE, Plaintiff respectfully requests that the Court find Defendant Kate Ladesh liable for tortiously intentionally interfering with plaintiff's contract of employment with the Office of State Public Defender or the valid business relationship between the Office of State Public Defender and Plaintiff or Plaintiff's expectancy in existence at the time Plaintiff was hired and at the time Defendant Ladesh unceremoniously fired him and award

11

WP003297
001430 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

to plaintiff damages for his pain, suffering and humiliation, loss of sleep, embarrassment and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, punitive damages for Defendant's outrageous conduct toward the plaintiff, costs of this action and for such further relief as the Court may find the plaintiff, to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process.

COUNT FOUR

COMES NOW the Plaintiff and for his cause of action against Defendant Ladesh and Defendant Barbara Hoppe for tortious interference with plaintiff's right to contract states as follows:

44.    Plaintiff incorporates herein paragraph 1 through 43 as if fully set forth herein.

45.    The Defendant Ladesh was not content to remove the plaintiff from the Liberty office of the Missouri Public Defender System; but conspired to have the Plaintiff terminated from work the Plaintiff had a right to be considered for in the future, had been doing and was going to be doing in the future and was doing as private investigation work for Fred Duchardt who had gone into private practice of law and was doing contract work for the Office of State Public Defender and Fred Duchardt was told that if he wanted to keep doing contract work for the Office of State Public Defender that he would have to stop using plaintiff as an investigator on any of his cases and Mr. Duchardt obtained a letter from the State from Defendant Barbara Hoppe saying that he was to no longer to use plaintiff as a criminal investigator and plaintiff therefore was involuntarily severed from his employment with Fred Duchardt.

46.    Both individual Defendants' acting within their capacity as employees of the Office of State Public Defender had knowledge: that the plaintiff had a express contract with Fred Duchardt for work as a criminal investigator for him at $50.00 per hour

12

WP003298
001431 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



which was in excess of what he was earning as a State employee; that Fred Duchardt who had been the Regional Public Defender was still satisfied that the plaintiff was competent to handle criminal investigations; that the plaintiff had a valid business relationship in existence with Fred Duchardt; both conspired, or acted separately but in concert, to prevent the plaintiff from having any business relationship with Fred Duchardt; both acted without justification or excuse to deprive the plaintiff of his right to contract with Fred Duchardt as the Office of State Public Defender does not control who the outside counsel hires or does not hire as the case may be.

47.    As a direct and proximate result of the actions of the individual defendant's acting in concert or separately Defendant Hoppe notified Fred Duchardt by letter dated November 21, 1995, a copy of which is attached hereto and incorporated herein by reference, directing that he was to cease using plaintiff's services as a criminal investigator, not because plaintiff was not qualified; but merely because it would be inappropriate to pay an investigator who had been terminated by the Office of State Public Defender.

WHEREFORE, Plaintiff respectfully requests that the Court find Defendant Kate Ladesh and Defendant Barbara Hoppe acted separately and jointly and conspired to deprive the plaintiff of his right to work for Fred Duchardt and of his right to be considered for work in the future from Fred Duchardt and each of them individually and jointly are liable for tortiously, intentionally interfering with plaintiff's contract of employment with Fred Duchardt or the valid business relationship between Fred Duchardt and Plaintiff or Plaintiff's business expectancy in existence at the time Plaintiff was hired and at the time Defendant Hoppe required the plaintiff be fired and award to plaintiff damages for his pain, suffering and humiliation, loss of sleep, embarrassment and award to plaintiff his general and special damages as may be determined upon the trial of the issues which includes but is not limited to his lost wages and benefits since September 5, 1995, punitive damages for Defendant's outrageous conduct toward the plaintiff, costs of this action and

13

001432 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

for such further relief as the Court may find the plaintiff to be legally or equitably entitled to upon a trial of the issues in this case or as may be discovered through discovery process.

MICHAEL L. ARMSTRONG

GLENN D. MANIS. ATTORNEY #24729
ATTORNEY FOR PLAINTIFF
8416 N.E. BOONE AVE. #104.
KANSAS CITY, MISSOURI 64155
816-426-7294

## AFFIDAVIT

STATE OF MISSOURI   )
                       )
COUNTY OF Clay   )

MICHAEL L. ARMSTRONG, of lawful age, being duly sworn on his oath, states that he is the Plaintiff named in the Petition for Wrongful Termination, Age Discrimination, etc above and he has read the Petition and that the facts stated therein are true according to his best knowledge and belief.

MICHAEL L. ARMSTRONG

Subscribed and sworn to before me, the undersigned Notary Public, this 4th day of September, 1997.

Notary Public

My Commission expires:

NANCY GAIL THER
NOTARY PUBLIC — NOTARY SE..
STATE OF MISSOURI
CLAY COUNTY
MY COMMISSION EXP APR 1

14

WP003210
001413 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



# MISSOURI STATE PUBLIC DEFENDER SYSTEM

OFFICE OF STATE PUBLIC DEFENDER
3402 BUTTONWOOD
COLUMBIA, MISSOURI 65201-3722
(314) 882-9855

November 21, 1995

Mr. Fred Duchardt
Attorney at Law
P. O. Box 349,
131 East Washington
Kearney, MO 64060

   RE: Investigation regarding Smalley, Phillips and
     Watts cases, etc.

Dear Fred:

  On November 21, 1995 I was informed by you that you were
employing the services of Nick Armstrong, a former Public
Defender Investigator, for the investigation in the above cases.
As I mentioned Mr. Armstrong's employment with the Public
Defender System was terminated by the Public Defender System, it
would be inappropriate for us to pay an investigator to work on a
public defender case. We would pay Mr. Armstrong for the
services already provided and for the one case which was going to
trial next week, since he needed to finish the investigation on
that because it would be to the client's detriment to try to get
a new investigator on that case on short notice.

  You indicated that you would seek a new investigator
immediately for the other cases. Thanks.

       Sincerely,

       Barbara Hoppe
       Transfer Attorney

BH/jh

c: Kathy Jones, Comptroller

WP903211
001434 Clay County Microfilm Department on May 18, 2015 at 12:50

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

Mel Carnahan
Governor

Steven A. Skolnick
Commission Acting Executive Director

Karla M. McLucas
Department Director



**Commissioners**

Gerald P. Greiman
*Chairperson*

Geraldine W. Johnson
*1st District*

Glenda W. Bryant
*2nd District*

Vacant
*3rd District*

Joan Lee Pentlin
*4th District*

Susan C. Powell
*5th District*

Jack D. McCall
*6th District*

M. Elisa Crain
*7th District*

Lawrence C. George
*8th District*

Nancy J. Reynolds
*9th District*

Sterling Adams
*At-Large*

Mr. Michael L. Armstrong
P. O. Box 453
Liberty, MO 64068

## NOTICE OF RIGHT TO SUE

RE:    Armstrong v. Missouri State Public Defenders System

Dear Mr. Armstrong:

This is your NOTICE OF RIGHT TO SUE pursuant to Section 213.111 RSMo.

If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice, the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating their <u>right to bring a civil action within 90 days of such notice</u> against the respondent named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but <u>no later than two years after the alleged cause occurred</u> or its reasonable discovery by the alleged injured party (emphasis added).

The above-referenced complaint was filed on March 1, 1996; thus more than 180 days have elapsed since the filing and the Missouri Commission on Human Rights has not completed its administrative processing. Further, as you have duly requested in writing, you are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue.

On behalf of the Commission,

Steven A. Skolnick
Acting Executive Director

8-25-97
Date

**CERTIFIED MAIL**
c:    Ms. Jane Frew, Personnel Officer
MO State Public Defender System
3402 Buttonwood
Columbia, MO 65201-9855

■3315 W. Truman Blvd.
P.O. Box 1129
Jefferson City, MO 65102-1129
Phone: 573/751-3325
FAX: 573/751-2905

☐906 Olive
Suite 330
St. Louis, MO 63101
Phone: 314/340-7590
FAX: 314/340-7258

☐4049 Pennsylvania Ave.
Suite 150
Kansas City, MO 64111
Phone: 816/889-5100
FAX: 816/889-5107
TDD: 314/340-7590
Relay Missouri: 1-800-735-2466 (Voice) 1-800-735-2966 (TDD)

☐108 West Center
Sikeston, MO 63801-4110
Phone: 573/472-5320
FAX: 573/472-5321

WP003242   Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

001455

POLICE DEPARTMENT
LIBERTY, MISSOURI 64068

Report No: 95-03111        CRIME AND INCIDENT REPORT        Date Prepared: 08-21-95

====================================================================
Date Reported: 08/21/95            Reporting Officer: GARTNER, JEFFREY P.
                                   APPROVED BY:       MOORE, WILLIAM T
Offense....: INFORMATION REPORT         Date Occurred: 08/21/95  Time: 09:1
Location:   204 W SHRADER ST
DISTRICT: LFI  Beat: A16     REPORT DISPOSITION:
====================================================================

_____BUSINESS SECTION_____

THERE ARE NO BUSINESS FOR THIS REPORT

_____PERSONS SECTION_____

Involvement: REPORTING PERSON
Name: ARMSTRONG, MICHAEL L.              DOB:11/05/45       Sex:  M  Race: W
Height: 5 .06" Weight: 150 Hair Color: BRO Eye Color:
Address: 846 YORK PLACE                  LIBERTY                MO  64068
Home Telephone: 816-781-9015             Work Telephone: 816-792-7643
Employer: MISSOURI PUBLIC DEFENDERS

_____PROPERTY SECTION_____

THERE IS NO PROPERTY ASSOCIATED TO THIS REPORT
                                        TOTAL $
_____VEHICLE SECTION_____

THERE ARE NO VEHICLES FOR THIS REPORT

_____ARREST SECTION_____

***********THERE ARE NO ARRESTS FOR THIS REPORT***************

_____NARRATIVE SECTION_____

    ON 8-21-95 AT 0915 HRS. I, P.O. J. GARTNER #232, WAS DISPATCHED TO 204 W
SHRADER ON AN ASSIST CITIZEN.

    UPON ARRIVAL CONTACT WAS MADE WITH THE REPORTING PARTY, MICHAEL ARMSTRONG,
WHO STATED THAT 3 MALES IN A VEHICLE HARASSED AND THREATENED HIM.  MR.
ARMSTRONG STATED THAT HE ARRIVED AT WORK ON 8-21-95 AT ABOUT 9:10 A.M. AND A
MALE FROM A VEHICLE IN THE PARKING LOT YELLED A. HIM TO GIVE "FATE" A MESSAGE.
MR. ARMSTRONG TOLD ME HE RESPONDED TO THE PARTY THAT HE WAS NOT A FUCKING
MESSENGER BOY.  THE PARTY TOLD HIM TO TELL "FATE" THEY WANTED THE MONEY HER
HUSBAND OWED THEM FOR THE DRUGS.  MR. ARMSTRONG RESPONDED BY SAYING FUCK YOU.

WP903213
001436 Printed by Clay County Microfilm Department on May 18, 2015 at 12:50

GIVE HER YOUR OWN FUCKING MESSAGE. THE PARTY THEN TOLD MR. ARMSTRONG THAT IF HE KNEW WHAT WAS GOOD FOR HIM HE WOULD GET HIS ASS INSIDE. MR. ARMSTRONG STATES HE THEN ENTERED THE BUILDING AND CALLED THE POLICE. MR. ARMSTRONG STATED THE VEHICLE WAS A BLUE PASSENGER VEHICLE, POSSIBLY A LINCOLN WITH KANSAS LICENSE PLATES.

MY INVESTIGATION REVEALED THAT "KATE" IS KATE LADESH WHO IS THE SUPERVISOR OF THE PUBLIC DEFENDERS OFFICE IN LIBERTY. I MADE CONTACT WITH MS. LADESH WHO STATED THAT SHE WAS NOT CONCERNED ABOUT THE MESSAGE BECAUSE SHE THINKS HER HUSBAND HAS STOPPED USING DRUGS AND INDICATED THAT SHE DID NOT NEED A POLICE REPORT REGARDING THE INCIDENT.

I CHECKED THE AREA FOR THE SUSPECT VEHICLE BUT MET WITH NEGATIVE RESULTS.

Date Printed: 12/14/95   Time Printed: 12:03:   By: CARTER, JANICE KAY

001457  Printed by Clay County Microfilm Department on May 18, 2015 at 12:50



Jeremiah W. (Jay) Nixon
Governor
State of Missouri

Kathleen (Katie) Steele Danner, Division Director
DIVISION OF PROFESSIONAL REGISTRATION

Department of Insurance
Financial Institutions
and Professional Registration
John M. Huff, Director

MISSOURI BOARD OF PRIVATE INVESTIGATOR AND PRIVATE FIRE INVESTIGATOR EXAMINERS    Pamela Groose
3605 Missouri Boulevard                                                              Executive Director
P.O. Box 1335
Jefferson City, MO 65102-1335
573-522-7744
573-526-0661 FAX
800-735-2966 TTY
800-735-2466 Voice Relay Missouri
pi@pr.mo.gov
http://www.pr.mo.gov/pi

May 2, 2016

John Fox, MSW
310 S East Avenue
Baltimore MD 21224

Dear Mr. Fox:

In response to your Sunshine Law request, received by the Board of Private Investigator and Private Fire Investigator Examiners (Board) on April 26, 2016, the Board is able to provide the following open information:

Michael Armstrong, DO NOT LOCATE ANYONE LICENSED UNDER THIS NAME AS A PRIVATE INVESTIGATOR IN MISSOURI

Armstrong Investigative Services, DO NOT LOCATE AN AGENCY LICENSED UNDER THAT NAME IN MISSOURI

The Board considers this a complete response to your April 26, 2016 request.

Sincerely,

Pamela Groose
Executive Director

/pg

WP926081
001438

Case 2:19-cv-00414-JPH-DLP    Document 23-36    Filed 09/12/19    Page 274 of 274
PageID #: 4879



# MISSOURI STATE PUBLIC DEFENDER SYSTEM

OFFICE OF STATE PUBLIC DEFENDER
3402 BUTTONWOOD
COLUMBIA, MISSOURI 65201-3722
(314) 882-9855

November 21, 1995

Mr. Fred Duchardt
Attorney at Law
P. O. Box 349,
131 East Washington
Kearney, MO 64060

       RE:   Investigation regarding Smalley, Phillips and
            Watts cases, etc.

Dear Fred:

On November 21, 1995 I was informed by you that you were employing the services of Nick Armstrong, a former Public Defender Investigator, for the investigation in the above cases. As I mentioned Mr. Armstrong's employment with the Public Defender System was terminated by the Public Defender System, it would be inappropriate for us to pay an investigator to work on a public defender case. We would pay Mr. Armstrong for the services already provided and for the one case which was going to trial next week, since he needed to finish the investigation on that because it would be to the client's detriment to try to get a new investigator on that case on short notice.

You indicated that you would seek a new investigator immediately for the other cases. Thanks.

                  Sincerely,

                  Barbara Hoppe
                  Transfer Attorney

BH/jh

c:  Kathy Jones, Comptroller

001439 Filed by Clay County Microfilm Department on May 18, 2015 at 12:50