# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| WESLEY IRA PURKEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 06-8001-CV-W-FJG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is petitioner's Motion to Alter or Amend the Judgment (Doc. # 91) and Motion to Withdraw Habeas Proceedings (Doc. # 99).

## I. BACKGROUND

On September 29, 2009, this Court entered an order denying Purkey's Motion to Vacate, Set Aside or Correct His Sentence (Doc. # 89). Purkey has now filed a Motion Seeking to Alter or Amend that Judgment.

## II. STANDARD

> A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. . . . It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment. . . . District courts have broad discretion when deciding whether or not to grant a motion to amend judgment.

In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444, 446 (E.D.Mo. 1997), aff'd sub nom. Briehl v. General Motors Corp., 172 F.3d 623 (8th Cir. 1999)(citations and internal quotations omitted).  See also, Peters v. General

**Exhibit 10**

Service Bureau, Inc., 277 F.3d 1051,1057 (8th Cir. 2002)("Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion.").

28 U.S.C. § 2255 states in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Baranski v. U.S., No. 4:05CV657 CAS, 2006 WL 472451, *3 (E.D.Mo. Feb. 27, 2006), aff'd, 515 F.3d 857 (8th Cir. 2008)(internal citations and quotations omitted).

### III.  DISCUSSION

Purkey argues first that the Court misapplied the law and should vacate the judgment and strike the affidavit provided by trial counsel, Fred Duchardt.  Purkey states that the attorney-client privilege was waived, but not to the extent of Mr. Duchardt's disclosures.  Secondly, Purkey argues that the Court misapplied the law and should vacate the judgment and receive testimony as to the allegations in the Motion to Vacate.  Purkey argues that there are disputed facts contained in the affidavits that he presented and Mr. Duchardt's affidavit, which cannot be resolved without a hearing.

The Government argues that there was nothing improper in Mr. Duchardt's affidavit and that he did not inappropriately breach the attorney-client relationship and

**Exhibit 10**

instead revealed only that information that was necessary in order to respond to the numerous allegations of ineffective assistance of counsel.  Additionally, the Government argues that Court correctly determined that there was no need for a evidentiary hearing because the trial record, the affidavit of Mr. Duchardt and the affidavits submitted by Purkey were sufficient for the Court to determine that a hearing was not necessary.

With regard to the affidavit of Mr. Duchardt, the Court finds that there is no reason to strike this affidavit.  As stated in the Order directing Mr. Duchardt to file the Affidavit, because Purkey argued that Mr. Duchardt was ineffective, he waived his attorney-client privilege.  Post-conviction counsel argue that Mr. Duchardt's affidavit goes too far and reveals too much.  However, simply because they do not like what was said in the Affidavit is no reason to strike the affidavit.  Purkey makes numerous and detailed claims of ineffectiveness against Mr. Duchardt. The revelations in the affidavit were necessary in order to rebut those allegations.

Counsel for Purkey also argues that this Court should hold an Evidentiary Hearing.  However, as stated in the Order denying Purkey's Motion to Vacate, Set Aside or Correct His Sentence, "[a] district court does not err in dismissing a movant's § 2255 Motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. United States, 447 F.3d 1130,1132 (8th Cir. 2006) (citing Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199, 124 S.Ct. 1460, 158 L.Ed.2d 116 (2004)).  Purkey argues that this Court must weigh the mitigation evidence that was presented against the mitigation evidence that

3

**Exhibit 10**

*could* have been presented and that the Court must allow the development of facts outside the record.  Purkey cites to <u>Williams. v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and <u>Nelson v. United States</u>, 297 Fed.Appx. 563 (8th Cir. Oct. 27, 2008)[1] in support of this proposition.  In <u>Williams</u>, the attorney failed to introduce five different categories of mitigating evidence.  In this case, there is no claim that Mr. Duchardt failed to introduce entire categories of evidence, post-conviction counsel simply claim that he should have introduced *more* mitigation witnesses.  Mr. Duchardt submitted twenty-seven mitigating factors  to the jury and called eighteen mitigation witnesses who testified concerning the sexual, physical and psychological abuse that petitioner suffered during his childhood and adolescence.  In spite of this substantial amount of mitigation testimony, not one juror voted for a single mitigating factor.  So, even if petitioner's counsel had called different or additional witnesses or introduced more or additional mental health or abuse evidence, there is not a "reasonable probability" that the result would have been different.  In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Court stated, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id</u>. at 694.  In the instant case, even considering the additional mitigation evidence that Duchardt could have presented, the Court finds that it does not "undermine confidence in the outcome."  This conclusion

---

[1] The Court finds <u>Nelson v. United States</u>, 297 Fed.Appx. 563 (8th Cir. Oct. 27, 2008), distinguishable because in that case, both sides agreed that an evidentiary hearing was necessary.  In this case, the Government does not concede that a hearing is necessary.

**Exhibit 10**

is supported by the jury's actions in failing to find a single mitigating factor. Accordingly, the Court finds that no hearing is necessary, because even if Purkey's allegations are true, he would not be entitled to relief.

### IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Purkey's Motion to Alter or Amend the Judgment (Doc. # 91).

Purkey had also filed a Pro Se Motion to Withdraw Habeas Proceedings and to Set an Expeditious Execution Date Set (Doc. # 99). However, shortly after he filed this Motion, Purkey's counsel filed a Motion asking that Purkey's pro se motion be withdrawn stating that he had spoken with Purkey and he requested that his counsel notify the Court that he did not wish to dismiss this action or have an execution date set. Accordingly, the Motion to Withdraw is hereby **GRANTED** (Doc. # 100) and Purkey's Pro Se Motion (Doc. # 99) is hereby **WITHDRAWN**.


Date:  12/22/09

Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**

Fernando J. Gaitan, Jr.
Chief United States District Judge

5

**Exhibit 10**