# APPENDIX

[1] In *Davenport*, the United States Supreme definitively ruled that the conduct for which the petitioner was convicted and imprisoned was not an offense under the relevant statute, and the remedy under § 2255 was "inadequate or ineffective" to test the legality of the petitioner's detention in light of the new Supreme Court ruling. *Davenport*, 147 F.3d at 610; *see also Webster*, 784 F.3d at 1138 (recognizing the import of the intervening decision addressed in *Davenport*). In *Garza*, the Inter-American Commission on Human Rights ruled that the introduction of evidence of uncharged murders in Mexico violated the petitioner's rights under the American Declaration of the Rights and Duties of Man, and the remedy under § 2255 was "inadequate or ineffective" to test the legality of the petitioner's detention in light of the Commission's ruling. *Garza v. Lappin*, 253 F.3d 918, 920, 923 (7th Cir. 2001); *see also Webster*, 784 F.3d at 1136-37 (analyzing *Garza*). In *Webster*, the United States Supreme Court recognized categorical bans on the execution of petitioners who satisfy the criteria for intellectual disability or who were below the age of 18 when they committed the crime, and the remedy under § 2255 was "inadequate or ineffective" to test the legality of the petitioner's detention in light of the new Supreme Court rulings. *Webster*, 784 F.3d at 1136-40 (recognizing the import of the intervening decisions applicable to Webster's case).